IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of LUCAS RIBEIRO, an infant, | ) ) ) ) ) | CASE NO. 8:12cv204 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** (Place of Trial: Omaha, Nebraska) |
| BABY TREND, INC., | ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) | |

COME NOW Franco Ribeiro and Deanna Ribeiro, as individuals and biological parents and next friends of Lucas Ribeiro, an infant minor child, Plaintiffs herein, who state and allege as follows:

PARTIES, JURISDICTION AND VENUE

1.     Plaintiffs Franco and Deanna Ribeiro are husband and wife and the biological parents of Lucas Ribeiro, an infant born on October 1, 2010, (collectively "Ribeiro Family"), and are residents of the State of Nebraska.

2.     Defendant Baby Trend, Inc. ("Defendant") is a California corporation who conducts business throughout the United States.   All acts and omissions of the Defendant as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of its respective agencies, services, employments and/or ownership.

3.     Defendant marketed, sold and distributed its Baby Trend FLEX-LOC, Infant Car Seat Model No. 6325 ("Car Seat") product to retail stores and other distributors in the State of Nebraska for the purpose of said car seats being sold in the State of Nebraska.   Having systematically and purposefully directed its product to the

State of Nebraska giving rise to Plaintiffs' causes of actions herein, Defendant is subject to the personal jurisdiction of this Court.

4.      Franco Ribeiro, Deanna Ribeiro, and Lucas Ribeiro have each suffered damages in excess of $75,000.00.  Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

5.      A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the State of Nebraska.

6.      Pursuant to 28 U.S.C. § 1391, venue is proper in the District of Nebraska.

<u>FACTUAL BACKGROUND</u>

7.      Franco and Deanna Ribeiro purchased the Car Seat in Kearney, Nebraska, to safely hold and transport their twin infant sons, Lucas and Alex, which is the use for which the Car Seat was designed, marketed, and sold.

8.      Defendant designed, manufactured, labeled, marketed, sold and distributed the Car Seat giving rise to the Ribeiro Family's causes of action herein.

9.      On May 27, 2011, Deanna Ribeiro used the Car Seat to hold and carry Lucas Ribeiro.  Despite Deanna Ribeiro's use of the Car Seat in the manner intended by the Defendant and reasonably foreseeable by the Defendant, the Car Seat's restraint system strangled and asphyxiated Lucas Ribeiro causing him to suffer catastrophic permanent brain and related neurological injuries.  Lucas Ribeiro has experienced and will continue to suffer on an ongoing basis significant mental and physical pain and suffering, catastrophic permanent injury, corrective surgery, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost earning capacity, and other damages.  As a result of the Ribeiro Family's use of the Car Seat in the manner intended by the Defendant and reasonably foreseeable by the Defendant,

Franco and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro currently estimated at more than $477,213.94, and suffered the loss of parental consortium in the form of the loss of the loving benefits of Lucas Ribeiro's companionship, including comfort, society, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the Ribeiro home and Ribeiro family.

<u>CAUSES OF ACTION</u>

<u>COUNT I:  NEGLIGENCE</u>

10.     The Ribeiro Family incorporates by reference paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11.     Defendant had a duty to individuals, including the Ribeiro Family, to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and selling the Car Seat.

12.     Defendant was negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Car Seat.

13.     Defendant was negligent in failing to use reasonable care to see that the Car Seat was safe for its intended use.

14.     Defendant failed to warn reasonably foreseeable users that the Car Seat was dangerous when put to the use for which it was made.

15.     Defendant knew or had reason to know that the Car Seat was dangerous when put to the use for which it was made.

16.     Defendant knew or had reason to know that those for whose use the Car Seat was made would not realize the danger.

17.     As a direct and proximate cause of Defendant's negligence, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe

3

personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages.  As a direct and proximate result of Defendant's negligence, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

<u>COUNT II:  STRICT LIABILITY – DESIGN DEFECT</u>

18.     The Ribeiro Family incorporates by reference paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.     At the time the Car Seat left the Defendant's possession, the Car Seat was defective and unreasonably dangerous for its intended use, for any reasonably foreseeable use, and that it created a risk of harm that would not be contemplated by any foreseeable user.

20.     As a direct and proximate result of the Car Seat's design defects, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages.  As a direct and proximate result of the Car Seat's design defects, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the

4

loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

21.    Defendant is strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective Car Seat.

<u>COUNT III:  STRICT LIABILITY – FAILURE TO WARN</u>

22.    Plaintiffs incorporate by reference paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.    The Car Seat was not accompanied by sufficient warnings to inform users, such as the Ribeiro Family, of risks of harm not readily recognizable while using the Car Seat in a reasonably foreseeable manner.

24.    As a direct and proximate result of the Car Seat's defects, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages.  As a direct and proximate result of the Car Seat's defects, Franco and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

25.    Defendant is strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective Car Seat.

COUNT IV:  BREACH OF EXPRESS WARRANTY

26.     Plaintiffs incorporate by reference paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Defendant made assurances to the general public, retailers, and other sellers that the Product was safe and reasonably fit for its intended purpose to hold and carry infants.

28.     Franco Ribeiro and Deanna Ribeiro chose the Product based upon Defendant's warranties and representations regarding the safety and fitness of the Product.

29.     Franco Ribeiro and Deanna Ribeiro reasonably relied upon Defendant's express warranties and guarantees that the Product was safe, merchantable, and reasonably fit for its intended purpose.

30.     Defendant breached these express warranties because the Car Seat was unreasonably dangerous and defective and not as Defendant warranted it to be.

31.     Defendant's breaches of the express warranties resulted in the Ribeiro Family's use of the Car Seat and placing Lucas Ribeiro's health and safety in jeopardy.

32.     Within a reasonable time after the Ribeiro Family discovered the breach, they gave the Defendant written notice of said breach of warranties.

33.     As a direct and proximate result of Defendant's breaches of the aforementioned express warranties, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages.   As a direct and proximate result of Defendant's breach of the

6

aforementioned express warranties, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

<u>COUNT V:  BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY</u>

34.    Plaintiffs incorporate by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.    At the time of manufacture and sale of the Car Seat, Defendant was a merchant with respect to car seats.

36.    When the Ribeiro Family used the Car Seat to hold and carry Lucas Ribeiro, the Car Seat was being used for the ordinary purpose for which it was intended.

37.    The Ribeiro Family relied upon Defendant's implied warranty of merchantability in deciding to use the Car Seat for the ordinary purpose for which it was intended.

38.    Defendant breached this implied warranty of merchantability because at the time the Ribeiro Family purchased the Car Seat it was neither merchantable nor suited for its intended use as warranted.

39.    Within a reasonable time after the Ribeiro Family discovered the breach, they gave the Defendant written notice of said breach of warranty.

40.    Defendant's breach of its implied warranty resulted in the use of an unreasonably dangerous and defective Car Seat that placed Lucas Ribeiro's health and safety in jeopardy.

7

41.     As a direct and proximate result of Defendant's breaches of the aforementioned implied warranty of merchantability, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages.  As a direct and proximate result of Defendant's breach of the aforementioned implied warranties, Franco and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

COUNT VI:  BREACH OF IMPLIED WARRANTY PARTICULAR PURPOSE

42.     Plaintiffs incorporate by reference paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     Defendant impliedly warranted that the Car Seat was fit for a particular purpose, namely to safely hold and carry an infant such as Lucas Ribeiro.

44.     When the Car Seat was manufactured and sold by Defendant, Defendant knew or had reason to know the Car Seat would be purchased for holding and carrying infants such as Lucas Ribeiro, and would be used for that particular purpose.

45.     When the Ribeiro Family purchased the Car Seat, they were relying on the superior skill and judgment of the Defendant to select and furnish material suitable for that purpose and Defendant had reason to know of this reliance.

46.     The Ribeiro Family relied upon Defendant's implied warranty for a particular purpose in deciding to use the Car Seat for the particular purpose for which it was to be used.

47.     Defendant breached this implied warranty of merchantability because the Car Seat was not fit for its intended purpose.

48.     Within a reasonable time after the Ribeiro Family discovered the breach, they gave the Defendant written notice of its breach of the implied warranty of fitness for a particular purpose.

49.     Defendant's breach of its implied warranty resulted in the use of an unreasonably dangerous and defective Car Seat that placed Lucas Ribeiro's health and safety in jeopardy.

50.     As a direct and proximate result of Defendant's breaches of the aforementioned implied warranty, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages.  As a direct and proximate result of Defendant's breach of the aforementioned implied warranties, Franco and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

## COUNT VII:  MAGNUSON MOSS ACT

51.     Plaintiffs incorporate by reference Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52.     The breach of expressed warranties and implies warranties by Defendant are in violation of the Magnuson Moss Act as set forth at 15 U.S.C. § 2301, *et seq*.

53.     Defendant failed to comply with its obligations under its implied warranties.

54.     Within a reasonable time after the Ribeiro Family discovered the breach, they gave the Defendant written notice of its breach of express and implied warranties.

55.     The Ribeiro Family suffered damages as a direct and proximate result of Defendant's violation of the Magnuson Moss Act.

WHEREFORE, Plaintiffs Franco Ribeiro and Deanna Ribeiro, as individuals and as the biological parents and next friends of Lucas Ribeiro, each demand a trial by jury, and judgment against the Defendant for the following relief:

1)     Medical expenses incurred to date but updated at time of trial, presently estimated at $477,213.94;

2)     Medical, nursing, therapy, medication, housing, and other similar life care expenses reasonably certain to be incurred in the future;

3)     The reasonable value of the physical pain and mental suffering incurred to the date of trial;

4)     The reasonable value of the physical pain and mental suffering to be incurred in the future;

5)     The value of the loss of the total ability to ever work in any type of meaningful employment;

6)     The monetary value of the loss of enjoyment of an entire life;

7)     The monetary value of the inconvenience suffered by Plaintiff to date of trial and into the future;

8)     The monetary value of the humiliation suffered by Plaintiff to date of trial and into the future; and

9)     Taxable court costs, interest, attorney fees, provided by statute, and any other relief, monetary or equitable, this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiffs respectfully demand a jury trial on all issues presented herein at the United States District Courthouse in Omaha, Nebraska.

FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and biological parents and next friends of LUCAS RIBEIRO, an infant, Plaintiffs,

By:   /s/ Michael F. Coyle
Michael F. Coyle #18299
Ryan M. Sewell #22476
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
402-341-6000

and

Greg Garland  #16248
GARLAND LAW PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154
(402) 330-7000

ATTORNEYS FOR PLAINTIFFS

#635918

11