IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of LUCAS RIBEIRO, an infant,<br><br>Plaintiffs,<br><br>vs.<br><br>BABY TREND, INC., HOLMBERGS CHILDSAFETY CO., LTD., f/k/a KENDRON SAFETY FUNCTIONS, CO., LTD., MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING, INC.; and LERADO GROUP CO., LTD.,<br><br>Defendants, | Case No. 8:12cv204 |

## DEFENDANT INDIANA MILLS AND MANUFACTURING, INC.'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Indiana Mills and Manufacturing, Inc. ("IMMI"), for its Answer to the Second Amended Complaint (the "Complaint") filed by Plaintiffs, states as follows:

## PARTIES, JURISDICTION AND VENUE

1.   IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 1.

2.   IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 2.

3.   IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 3.

4.   IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 4.

5. IMMI admits it is an Indiana corporation that conducts business throughout the United States. IMMI denies all remaining allegations in paragraph 5.

6. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 6.

7. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 7.

8. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 8.

9. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 9.

10. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 10.

**FACTUAL BACKGROUND**

11. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 11.

12. IMMI denies the allegations in paragraph 12 as to IMMI, but IMMI is without sufficient knowledge or information to admit or deny all remaining allegations in paragraph 12.

13. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 13.

**INITIAL FACTUAL ALLEGATIONS REGARDING DEFENDANTS' LIABILITY**

14. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 14.

15. IMMI denies the allegations in paragraph 15.

16. IMMI denies the allegations in paragraph 16.

**CAUSES OF ACTION**
**COUNT I: NEGLIGENCE**

17. IMMI incorporates by reference its answers to paragraphs 1-16 of its Answer as if fully set forth herein.

18. IMMI denies the allegations in paragraph 18.

19. IMMI denies the allegations in paragraph 19.

20. IMMI denies the allegations in paragraph 20.

21. IMMI denies the allegations in paragraph 21.

22. IMMI denies the allegations in paragraph 22.

23. IMMI denies the allegations in paragraph 23.

24. IMMI denies the allegations in paragraph 24.

**COUNT II: STRICT LIABILITY – DESIGN DEFECT**

25. IMMI incorporates by reference its answers to paragraphs 1-24 of its Answer as if fully set forth herein.

26. IMMI denies the allegations in paragraph 26.

27. IMMI denies the allegations in paragraph 27.

28. IMMI denies the allegations in paragraph 28.

**COUNT III: STRICT LIABILITY – FAILURE TO WARN**

29. IMMI incorporates by reference its answers to paragraphs 1-28 of its Answer as if fully set forth herein.

30. IMMI denies the allegations in paragraph 30.

31. IMMI denies the allegations in paragraph 31.

32. IMMI denies the allegations in paragraph 32.

## COUNT IV: STRICT LIABILITY – FAILURE TO WARN

33. IMMI incorporates by reference its answers to paragraphs 1-32 of its Answer as if fully set forth herein.

34. IMMI denies the allegations in paragraph 34.

35. IMMI denies the allegations in paragraph 35.

36. IMMI denies the allegations in paragraph 36.

37. IMMI denies the allegations in paragraph 37.

38. IMMI denies the allegations in paragraph 38.

39. IMMI denies the allegations in paragraph 39.

40. IMMI denies the allegations in paragraph 40.

## COUNT V: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

41. IMMI incorporates by reference its answers to paragraphs 1-40 of its Answer as if fully set forth herein.

42. IMMI denies the allegations in paragraph 42.

43. IMMI is without sufficient knowledge or information to admit or deny the allegations in paragraph 43.

44. IMMI denies the allegations in paragraph 44.

45. IMMI denies the allegations in paragraph 45.

46. IMMI denies the allegations in paragraph 46.

47. IMMI denies the allegations in paragraph 47.

48. IMMI denies the allegations in paragraph 48.

## COUNT VI: BREACH OF IMPLIED WARRANTY OF PARTICULAR PURPOSE

49. IMMI incorporates by reference its answers to paragraphs 1-48 of its Answer as if fully set forth herein.

50. IMMI denies the allegations in paragraph 50.

51. IMMI denies the allegations in paragraph 51.

52. IMMI denies the allegations in paragraph 52.

53. IMMI denies the allegations in paragraph 53.

54. IMMI denies the allegations in paragraph 54.

55. IMMI denies the allegations in paragraph 55.

56. IMMI denies the allegations in paragraph 56.

57. IMMI denies the allegations in paragraph 57.

## COUNT VII: MAGNUSON MOSS ACT

58. IMMI incorporates by reference its answers to paragraphs 1-57 of its Answer as if fully set forth herein.

59. IMMI denies the allegations in paragraph 59.

60. IMMI denies the allegations in paragraph 60.

61. IMMI denies the allegations in paragraph 61.

62. IMMI denies the allegations in paragraph 62.

WHEREFORE, defendant IMMI prays that this action be set for trial by jury, that Plaintiffs takes nothing by way of their Complaint, for costs, and for all other appropriate relief.

## AFFIRMATIVE DEFENSES

Defendant IMMI, by counsel and subject to further investigation and discovery, asserts the following affirmative defenses:

1. A proximate cause of the incident alleged in the Second Amended Complaint, and any injuries allegedly the result thereof, is the negligence of Plaintiffs Franco Ribeiro and/or Deanna Ribeiro in a degree sufficient to bar the recovery of damages by Plaintiffs or diminish proportionately any damages awarded to the Plaintiffs.

2. Plaintiffs' claims are barred by virtue of their assumption of risk.

3. Plaintiffs' claims are barred by virtue of their misuse of the product.

4. IMMI's product was in conformity with the generally recognized state-of-the-art in the industry at the time it was first sold.

5. IMMI's product was fit for its intended purposes, did not contain any non-conformities or defects and complied with any limited written express warranties.

6. Plaintiffs failed to provide timely and adequate notice of their claims to IMMI.

7. Plaintiffs failed to properly and timely notify IMMI of any alleged defect, condition, non-conformity, or breach of warranty as required by law.

8. Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

9. Plaintiffs' claims are barred and/or limited by applicable disclaimers of warranty and/or limitation of damages provisions.

10. IMMI denies that its product contains any alleged non-conformities; however, any alleged non-conformity does not substantially impair the product's use, market value, or safety.

11. IMMI denies that its subject product contains any alleged non-conformities; however, any alleged non-conformity does not render the product non-conforming to the terms of any limited written express warranties.

12. Any alleged non-conformity is the result of abuse, neglect, or unauthorized modification or alteration of the subject product by the buyer and/or by persons or parties other than IMMI.

13. Plaintiffs' Complaint fails to state a claim for which any attorneys' fees may be awarded.

14. Plaintiffs' claims are barred and/or limited as a result of their failure to fulfill the conditions precedent of, and their failure to comply with, the terms and conditions of any limited written express warranty under which Plaintiffs assert their causes of action.

15. No act or conduct by IMMI caused any injury, damage or loss to Plaintiffs.

16. Plaintiffs accepted the subject product; failed to revoke or improperly revoked their acceptance; and/or improperly rejected or failed to reject the subject product.

17. Plaintiffs failed to reasonably mitigate any damages or losses they allegedly sustained.

18. Plaintiffs' claims are barred by the doctrines of laches, waiver and estoppel, unclean hands, and accord and satisfaction.

19. Plaintiffs' damages, if any, were caused by intervening and/or superseding acts and/or omissions of persons and/or entities for whose conduct IMMI cannot be held liable.

20. IMMI reserves the right to file any defenses that may become apparent during discovery and/or trial.

WHEREFORE, defendant IMMI prays that this action be set for trial by jury, that Plaintiffs takes nothing by way of their Complaint, for costs, and for all other appropriate relief.

    Respectfully Submitted,

    INDIANA MILLS AND MANUFACTURING, INC., DEFENDANT

    By: s/ Ronald F. Krause
        Ronald F. Krause – 15980
        Michael F. Kinney – 12231
        David A. Blagg – 17473
        Cassem, Tierney, Adams,
          Gotch & Douglas
        9290 West Dodge Road, Suite 302
        Omaha, Nebraska 68114-3320
        (402) 390-0300 Telephone
        (402) 390-9676 Facsimile
        rkrause@ctagd.com
        mkinney@ctagd.com
        dblagg@ctagd.com
        *Attorneys for Defendant Indiana Mills and Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael F. Coyle #18299
Ryan M. Sewell #22476
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
402-341-6000

*Attorneys for Plaintiffs*

Michael Gregory Vranicar
John William Patton, Jr.
Patton & Ryan, LLC
330 North Wabash, Suite 3800
Chicago, IL 60611

*Attorneys for Defendant Baby Trend, Inc.*

Greg Garland #16248
GARLAND LAW PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154
(402) 330-7000

*Attorneys for Plaintiffs*

s/ Ronald F. Krause
CASSEM, TIERNEY, ADAMS, GOTCH & DOUGLAS
9290 West Dodge Road, Suite 302
Omaha, NE 68114
402-390-0300
Fax: 402-390-9676

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A

s/ Ronald F. Krause