IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FRANCO RIBEIRO and DEANNA )     CASE NO. 8:12cv204
RIBERIRO, as individuals and as next friends )
and biological parents of LUCAS RIBEIRO, an )
infant, )
      )
        Plaintiffs, )
      )
      )
      vs. )
      )
BABY TREND, INC., HOLMBERGS )
CHILDSAFETY CO., LTD., f/k/a KENDRION )
SAFETY FUNCTIONS, CO., LTD., MARK )
SEDLACK, MILLENIUM DEVELOPMENT )
CORP., INDIANA MILLS & )
MANUFACTURING INC., and LERADO )
GROUP CO., LTD., )
      )
        Defendants. )
      )

**HOLMBERGS CHILDSAFETY CO., LTD., f/k/a KENDRION SAFETY
FUNCTIONS, CO., LTD.'S BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION
PURSUANT TO FED. R. CIV. P. 12(b)(2).**

**Prepared and submitted by:**
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
Stephen G. Olson, II, #18949
Elizabeth B. Smith, #23799

## INTRODUCTION

Holmbergs Safety System Co. Ltd., improperly sued herein as Holmbergs Childsafety Co., Ltd. f/k/a Kendrion Safety Functions, Co., Ltd., a Hong Kong company (hereinafter "Holmbergs Hong Kong") submits the following Brief in Support of its Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), as well as the accompanying Index of Evidence.

## ISSUE PRESENTED

Whether this Court has personal jurisdiction over Holmbergs Hong Kong, that has had no involvement in the design, manufacture, sale, distribution, marketing or advertising of the subject 5-point harness system, car seat or any of its components, and that has had no contacts with the State of Nebraska pursuant to Nebraska's long-arm statute and consistent with the Due Process Clause of the Fourteenth Amendment.

## STATEMENT OF FACTS

### I.  PLAINTIFFS' COMPLAINT

On or about October 31, 2013, Plaintiffs filed a Complaint in the United States District Court for the District of Nebraska against Holmbergs Hong Kong, as well as other defendants.  (*See generally*, Ex. A: Summons and Complaint, attached and incorporated into the Declaration of Matz Larsson (hereinafter "Summons and Complaint")) According to the Complaint, Plaintiffs purchased a Baby Trend car seat in Kearney, Nebraska and, on or about May 27, 2011, used said car seat to hold and carry one of their twin infant sons.  (Summons and Complaint, ¶¶ 11, 13)  Allegedly, the car seat's restraint system strangled and asphyxiated their son, resulting in permanent brain and related

neurological injuries. (Summons and Complaint, ¶ 13) Plaintiffs allege that Holmbergs Hong Kong "acted jointly and in concert with Baby Trend regarding the design and manufacture of the 5-point harness system" in the car seat. (Summons and Complaint, ¶ 4) Plaintiffs further allege that Holmbergs Hong Kong acted jointly and in concert with the other defendants to "design, manufacture and incorporate into the car seat a 5-point harness system that utilized a 'puzzle buckle,' that in the normal use caused a deceptive false latch click." (Summons and Complaint, ¶ 15) Plaintiffs raised causes of action sounding in: negligence; strict product liability claims for design defect and failure to warn; breach of express and implied warranties; and violation of the Magnuson Moss Act.

Holmbergs Hong Kong was served with process pursuant to The Hague Convention on or about March 31, 2014. (Declaration of Matz Larsson, Chief Executive Officer of Holmbergs Hong Kong, (hereinafter "Larsson Declaration"), ¶ 6)

## II. JURISDICTIONAL ALLEGATIONS AND BACKGROUND

### A. Jurisdictional Allegations in Plaintiffs' Complaint

In an attempt to establish this Court's personal jurisdiction over Holmbergs Hong Kong, Plaintiffs allege in their Complaint that Holmbergs Hong Kong is "a Hong Kong corporation that conducts business throughout the United States," and that Holmbergs Hong Kong, like all other defendants, "systematically and purposefully directed [its] products to the state of Nebraska." (Summons and Complaint, ¶¶ 4, 9) Plaintiffs further allege that the car seat, including its component parts, was sold and distributed by defendant Baby Trend (not Holmbergs Hong Kong) to retail stores and distributors in the State of Nebraska. (Summons and Complaint, ¶ 3)

**B. Jurisdictional Facts Regarding Holmbergs Hong Kong**

Contrary to Plaintiffs' allegations, Holmbergs Hong Kong has no presence in, or contact with, the State of Nebraska. Holmbergs Hong Kong is a foreign corporation that is incorporated under the laws of Hong Kong, with its principal place of business in Hong Kong. (Larsson Declaration, ¶ 13) Holmbergs Hong Kong is not presently, and has never been, licensed to do business in the State of Nebraska, and has never sought any qualification to conduct business within this State. (Larsson Declaration, ¶ 16) Holmbergs Hong Kong does not have, and has never had, any direct affiliated corporate entity that maintains an office or conducts business in the State of Nebraska. (Larsson Declaration, ¶ 20) Holmbergs Hong Kong does not have, and has never had, a designated agent for service of process in the State of Nebraska. (Larsson Declaration, ¶ 15)

Holmbergs Hong Kong does not maintain, and has never maintained, any offices, bank accounts, telephone listings, assets, or personal or real property in the State of Nebraska. (Larsson Declaration, ¶¶ 21-25) In addition, Holmbergs Hong Kong does not own, and has never owned, any stock, security, negotiable or non-negotiable instruments or commercial papers in the United States. (Larsson Declaration, ¶ 26)

Holmbergs Hong Kong does not have, and has never had, any directors, officers, employees, agents or residents who are assigned to duty within the State of Nebraska, or who conduct, transact or participate in the purchase, sale, distribution, resale, financing or service of any goods or services in the State of Nebraska. (Larsson Declaration, ¶¶ 17-18) Holmbergs Hong Kong does not send, and has never sent, representatives to the State of

Nebraska for service or repair of any products, or to assist in the assembly or installation of any products, or to attend business meetings. (Larsson Declaration, ¶¶ 30-32)

Holmbergs Hong Kong does not sell products over the Internet to customers in the United States or to customers in the State of Nebraska, and does not solicit, and has never solicited, business or advertised in this State. (Larsson Declaration, ¶¶ 27-28) In fact, Holmbergs Hong Kong does not have, and has never had, any directors, officers, employees, business agents or representatives, that are or were involved in the sale or marketing of products which are sold in the State of Nebraska. (Larsson Declaration, ¶ 19)

Holmbergs Hong Kong does not have any financial ties to the State of Nebraska. (Larsson Declaration, ¶ 34) Holmbergs Hong Kong has never entered into any contracts, service agreements, purchase orders or any other agreements for the purpose of selling, promoting, advertising or supplying any product, or for the purpose of performing any service within the State of Nebraska. (Larsson Declaration, ¶¶ 35-36) Therefore, Holmbergs Hong Kong has no presence in the State of Nebraska and has no contacts whatsoever with this State.

### C. Holmbergs Hong Kong's Lack of Involvement with the Subject Car Seat or with Any of its Components

Notwithstanding Plaintiffs' allegations in the Complaint, Holmbergs Hong Kong had no involvement in the design, manufacture, formulation, development of standards, preparation, processing, assembly, inspection, testing, warranting, instructing, marketing, distribution, sale, advertising and/or labeling of the subject car seat, the 5-point harness system or any other component. (Larsson Declaration, ¶ 9) In addition, Holmbergs Hong Kong had no involvement in the design, development and/or approval of the warnings

related to the subject car seat, to the 5-point harness system or to any other component described in Plaintiffs' Complaint. (Larsson Declaration, ¶ 11)

Accordingly, the lack of involvement or activities on the part of Holmbergs Hong Kong, prevent it from: 1) being subject to liability for Plaintiffs' alleged injuries; and 2) being subject to this Court's jurisdiction.

**ARGUMENT**

It is respectfully submitted that Plaintiffs' Complaint must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over Holmbergs Hong Kong. In addition, Fed. R. Civ. P. 12(b)(6) warrants further dismissal of Plaintiffs' Complaint because Plaintiffs have failed to state a claim as to Holmbergs Hong Kong, upon which relief can be granted, in that Holmbergs Hong Kong had no involvement with the subject car seat, the 5-point harness system or any other component.

## I. PLAINTIFFS BEAR THE BURDEN OF ESTABLISHING THAT THIS COURT HAS PERSONAL JURISDICTION OVER HOLMBERGS HONG KONG

A motion brought pursuant to Fed. R. Civ. P. 12(b)(2), challenges the plaintiff's assertion that the defendant is subject to the jurisdiction of the chosen forum. Fed. R. Civ. P. 12(b)(2) further allows a Federal Court to dismiss an action in the absence of personal jurisdiction over a defendant. Once the defendant challenges jurisdiction, the plaintiff bears the burden of proving facts supporting the finding of personal jurisdiction. *See Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1080 (8th Cir. 2008) *citing Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). The plaintiff's *prima facie*

showing "'must be tested, not by the pleading alone, but by the affidavits and exhibits presented with the motions and opposition thereto'." *Coen v. Coen*, 509 F.3d 900, 904-905 (8th Cir. 2007) *quoting Dever*, *supra*, 380 F.3d at 1072.

In cases in which the parties are before a federal court pursuant to their diversity of citizenship, the federal court examining personal jurisdiction must apply the law of the forum state and may exercise jurisdiction over the nonresident defendant to the extent that: 1) jurisdiction is authorized by the long-arm statute of the forum state; and 2) the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment. *See Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448, 452-453 (8th Cir. 1984)

Plaintiffs have failed to allege any facts to support a finding that this Court may constitutionally exercise personal jurisdiction over Holmbergs Hong Kong. The blanket allegations that each of the defendants in this case, including Holmbergs Hong Kong, has "systematically and purposefully directed their products to the state of Nebraska," are insufficient to meet Plaintiffs' burden. (Summons and Complaint, ¶ 9) Interestingly, in their Complaint, Plaintiffs do not expressly allege that Holmbergs Hong Kong had contacts with the State of Nebraska. In fact, Plaintiffs merely state that Holmbergs Hong Kong is a foreign corporation that "conducts business throughout the United States" and that it acted jointly and in concert with Baby Trend regarding the design and manufacture of the product at issue. For the reasons stated below, Plaintiffs must take steps to establish facts that comport with both Nebraska's long-arm status and with the Due Process Clause. However, Plaintiffs cannot satisfy their burden.

## II. THE REQUIREMENTS OF THE LONG-ARM STATUTE HAVE NOT BEEN SATISFIED

In order to determine whether this Court may exercise personal jurisdiction over Holmbergs Hong Kong, a nonresident defendant, two issues must be examined: 1) whether the requirements of the Nebraska long-arm statute, Neb. Rev. Stat. § 25-536, are met; and 2) whether exercising jurisdiction over Holmbergs Hong Kong would violate the Due Process Clause. *See Woerman v. SSC West Point Operating Co., LLC*, 2013 U.S. Dist. LEXIS 110530, *5 (D. Neb. Aug. 5, 2013) *citing Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007). The courts of this State have interpreted the Nebraska long-arm statute to extend personal jurisdiction over nonresident defendants as far as the Due Process Clause of the U.S. Constitution allows; therefore, courts only need to determine whether asserting personal jurisdiction would offend constitutional limits. *See Wagner v. Unicord Corp.*, 247 Neb. 217, 221 (Neb. 1995); *see also DominaLaw Group, PC, LLO v. Bernstein*, 2012 U.S. Dist. LEXIS 54862, *6 (D. Neb. Apr. 19, 2012).

In *Quality Pork Int'l v. Rupari Food Services, Inc.*, 267 Neb. 474 (2004), the Supreme Court of Nebraska reiterated the procedure followed by the courts of this State to determine whether a Court may exercise personal jurisdiction over a nonresident defendant. A Court must first determine whether any of the standards set forth in the long-arm statute is satisfied and, if so, determine whether "minimum contacts" exist between the defendant and the forum state so as not to offend Due Process. *See Quality Pork*, *supra*, 267 Neb. at 480 (*citations omitted*).

Under Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536, a court may exercise personal jurisdiction over a nonresident defendant:

(1)  Who acts directly or by an agent, as to a cause of action arising from the person:
    (a) Transacting any business in this state;
    (b) Contracting to supply services or things in this state;
    (c) Causing tortious injury by an act or omission in this state;
    (d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
    (e) Having an interest in, using, or possessing real property in this state; or
    (f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or
(2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

As set forth above, Holmbergs Hong Kong does not, either directly or through an agent, transact business in Nebraska, contract to supply services or goods in Nebraska, or have an interest in real property in Nebraska.  (Larsson Declaration, ¶¶ 25, 35-36).  Holmbergs Hong Kong does not contract to insure any person, property or risk within this State as it has no property and no agents, employees or representative within this State.  (Larsson Declaration, ¶¶ 17-19, 25)  Given that Holmbergs Hong Kong is utterly absent from this State and did not undertake any activities within this State, it did not cause a tortious injury by an act or omission within Nebraska.  In addition, Holmbergs Hong Kong does not solicit, and has never solicited, business within this State.  (Larsson Declaration, ¶¶ 27-28)  Therefore, the requirements of Neb. Rev. Stat. § 25-536(1) have not been satisfied and personal jurisdiction over Holmbergs Hong Kong cannot be exercised on that basis.

Because Neb. Rev. Stat. § 25-536(2) allows for the exercise of personal jurisdiction over a nonresident defendant "to the fullest extent" permitted by the

Constitution, courts have focused their analysis on whether the exercise of personal jurisdiction would comport with the Due Process Clause. *See Applied Underwriters, Inc. v. Empo Corp.*, 2007 U.S. Dist. LEXIS 75452, *8 (D. Neb. Oct. 10, 2007) *citing Stanton v. St. Jude Medical, Inc.*, 340 F.3d 690, 693 (8th Cir. 2003). Therefore, a constitutional analysis will follow.

### III. EXERCISING JURISDICTION OVER HOLMBERGS HONG KONG WOULD CONSTITUTE A VIOLATION OF THE DUE PROCESS CLAUSE

#### A. Holmbergs Hong Kong Does Not Have Sufficient "Minimum Contacts" with the State of Nebraska to Allow this Court to Exercise Personal Jurisdiction Over It

In order to exercise personal jurisdiction over a nonresident defendant, so as to comport with the constitutional limits, the nonresident defendant must have "minimum contacts" with the forum state. While, as evidenced above, Holmbergs Hong Kong does not transact any business, and has no presence whatsoever in the State of Nebraska, a constitutional analysis is nonetheless provided below to further show that Holmbergs Hong Kong has no "minimum contacts" with this State, rendering unconstitutional any exercise of jurisdiction over it.

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) established the "minimum contacts doctrine" for purposes of jurisdiction. In *International Shoe*, the United States Supreme Court held that in order to establish personal jurisdiction, a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." *Id. quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940). The public policy

10

behind the minimum contacts doctrine is to ensure fairness to nonresident defendants, making the exercise of personal jurisdiction appropriate only where the defendant sought to obtain the benefits and protections of the forum State's laws, and has "fair warning" that its contacts may subject it to jurisdiction in that forum State so as to be hailed into the courts of that State. The doctrine further ensures that states do not reach out beyond the territorial limits of their sovereignty. *See also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (a Court's exercise of jurisdiction must also be fair and reasonable under the circumstances such that jurisdiction comports with the concept of "fair play and substantial justice"); *see also Asahi Metal Industry Co., Ltd. v. Superior Court,* 480 U.S. 102 (1987). Therefore, personal jurisdiction cannot be exercised over Holmbergs Hong Kong where such exercise would consist in a violation of Due Process.

The extent to which the State of Nebraska can assert personal jurisdiction over Holmbergs Hong Kong depends upon Holmbergs Hong Kong's "contacts" with this State. Such contacts may be the basis for "general" or "specific" jurisdiction. *See Pangaea, Inc. v. Flying Burrito LLC,* 647 F.3d 741, 745 (8th Cir. 2011) *quoting Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).

Under either theory, "the defendant must have committed 'some act by which the defendant purposely avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Applied Underwriters, Inc., v. Empo Corp.*, 2007 U.S. Dist. LEXIS 75452, *10 (D. Neb. 2007) (*citations omitted*); *see also Burger King, supra*, 471 U.S. at 474-476. A court's exercise

of jurisdiction must also be fair and reasonable under the circumstances so that its exercise comports with the concept of "fair play and substantial justice." *Burger King*, *supra*, 471 U.S. at 478. Once it has been determined that a nonresident defendant purposefully established minimum contacts with the forum, the contacts "must be analyzed in light of other factors to determine whether the exercise of personal jurisdiction over the nonresident defendant comports with 'fair play and substantial justice'." *J.N.F.S. Engineering Co. v. Gibson Technical Services, Inc.*, 2007 U.S. Dist. LEXIS 681, *8-9, *citing Burger King*, *supra*, 471 U.S. at 476.

The Eighth Circuit has articulated the following five-part test for measuring "minimum contacts": "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996) *citing Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983); *see also Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008). The third factor "gives rise to the distinction between specific and general jurisdiction." *Neal v. Buffaloe and Associates*, 2011 U.S. Dist. LEXIS 148222, *10 (D. Neb. 2011). The fourth and fifth factors have been considered to be secondary and not determinative. *See Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983).

## A.  This Court Lacks General Jurisdiction over Holmbergs Hong Kong

In *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984), the United States Supreme Court addressed the concept of "general jurisdiction" and found that this doctrine grants the Court authority over a nonresident defendant where the suit does not arise out of the defendant's contacts with the forum.  The invocation of general jurisdiction does not offend the Due Process Clause as long as the nonresident defendant has "continuous and systematic" contacts with the forum.  *See Helicopteros, supra*, 466 U.S. at 416 (a trip by an executive to Texas to negotiate a contract, accepting checks drawn on a bank in Texas, sending employees to Texas for training, and purchasing equipment from a company in Texas, were insufficient contacts to find general jurisdiction); *see also Ottis v. Fischer Price*, 627 F. Supp. 2d 1040, 1045 (D. Neb. 2008) (two of the defendants had no "continuous and systematic" presence in Nebraska sufficient to establish general jurisdiction over them where they did not travel regularly to Nebraska, did not maintain offices there, and did not conduct any business there); *see also Romeo Entertainment Group, Inc. v. Showing Animals Respect and Kindness, Inc.*, 643 F. Supp. 2d 1109, 1113 (D. Neb. 2009); *see also J.N.F.S. Engineering Co.*, *supra*, 2007 U.S. Dist. LEXIS 681 at *11 (defendant had attenuated contacts with Nebraska when it entered into a contract with plaintiff-Nebraska company, which had submitted the bid to defendant in Georgia, the contract was negotiated by phone and email, the contract was formed in Georgia, defendant knew that plaintiff monitored performance from Nebraska, there were phone calls between defendant's employees in Georgia and plaintiff's

employees in Nebraska, and defendant mailed five checks to plaintiff in Nebraska as payment for work performed in the State of Washington).

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011) confirms that this Court may not exercise general jurisdiction over Holmbergs Hong Kong. In *Goodyear*, Goodyear USA's foreign subsidiaries (petitioner): were not registered to do business in the forum state; had no place of business, employees or bank accounts in the forum state; did not design, manufacture or advertise their products in the forum states; and did not solicit business in the forum state, or sell/ship tires to customers in the forum state. *See id.* at 2852. Nevertheless, a small number (tens of thousands out of millions) of tires manufactured in France by petitioner were distributed into the forum by the petitioner's United States affiliates. *See id.* The Supreme Court held that the petitioner's contacts with the forum were insufficient to find general jurisdiction.

In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court was recently presented with the issue of whether it violated the Due Process Clause to exercise general jurisdiction over a German corporation based on the fact that an indirect U.S. subsidiary (incorporated in Delaware, with its principal place of business in New Jersey) imported and distributed the corporation's products into the forum state (California). The action was commenced in California by Argentinean residents for human rights violations that occurred in Argentina in the late 1970s-early 1980s. *See id.* at 750. When briefing this case before the Supreme Court, the parties concentrated on the interaction of general jurisdiction and agency principles. The Supreme Court held that even if it was assumed that the subsidiary was "at home" in California, and it was

assumed that the subsidiary's contacts were imputable to Daimler "there was still no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there." *Id.* at 760. In the instant case, Holmbergs Hong Kong does not have any subsidiaries that maintain an office or conduct business in the State of Nebraska. (Larsson Declaration, ¶ 20)

As stated above, and as set forth in the Declaration of Matz Larsson, Holmbergs Hong Kong does not carry on "continuous and systematic" activities in the State of Nebraska so as to be present or "at home" there, and so as to warrant this Court's exercise of general jurisdiction over it. In addition, Plaintiffs cannot make a *prima facie* showing of any "continuous and systematic" contacts. As evidenced by the facts outlined above, Holmbergs Hong Kong has no tangible or intangible property in the State of Nebraska. (Larsson Declaration, ¶¶ 22, 24-26); does not have representatives, agents, servants or employees assigned to duty in Nebraska (Larsson Declaration, ¶ 17); does not send representatives, agents, servants or employees to Nebraska for any purpose (Larsson Declaration, ¶¶ 30-32); has no agent in Nebraska upon whom service of process may be made (Larsson Declaration, ¶ 15); does not market its products in Nebraska and does not solicit business from Nebraska (Larsson Declaration, ¶ 28); is not registered to do business in Nebraska (Larsson Declaration, ¶ 16); has not entered into any contracts to provide good or services in Nebraska (Larsson Declaration, ¶¶ 35-36); and has not designed, manufactured, distributed or sold the product at issue in this case (Larsson Declaration, ¶¶ 9-11). Therefore, this Court does not have general jurisdiction over Holmbergs Hong Kong.

### B. This Court Lacks Specific Jurisdiction over Holmbergs Hong Kong

Specific jurisdiction may be exercised over a nonresident defendant only if the claim sued upon "arises out of" or "relates to" the nonresident defendant's contacts with the forum state, and if the nonresident defendant purposefully availed itself of the privileges of conducting activities in the forum state. *See Pangaea, Inc. v. The Flying Burrito LLC*, 647 F.3d 741, 746 (8th Cir. 2011); *see also Burger King*, 471 U.S. at 478; *see also DominaLaw Group, PC, LLO v. Bernstein*, 2012 U.S. Dist. LEXIS 54862, *10 (D. Neb. Apr. 19, 2012) ("[w]hen specific jurisdiction exists, '[a]ll that is required is that a commercial actor purposefully direct its efforts towards residents of the forum state'") (*citation omitted*).

In order to determine whether specific jurisdiction exists, the cause of action alleged by Plaintiffs herein must arise out of an act done, or transaction consummated, in Nebraska, or Holmbergs Hong Kong must have performed some act by which it purposefully availed itself of the privilege of conducting activities in Nebraska, thereby invoking the benefits and protections of Nebraska's laws. *See e.g Burger King*, *supra*, 471 U.S. at 472-473; *Helicopteros, supra*, 466 U.S. at 141. As stated at length above, Holmbergs Hong Kong has not engaged in any activities *in* the State of Nebraska or *directed to* the State of Nebraska. In fact, Holmbergs Hong Kong had no involvement whatsoever with, among other things, the design, manufacture, sale or distribution of the subject product. Therefore, "purposeful availment" cannot possibly be established.

It is well-settled law that even defendants who design, manufacture or introduce in the market an allegedly defective product (which, in the instant case, Holmbergs Hong

Kong did not do), are not subject to a court's jurisdiction simply by virtue of their product reaching the forum state. In fact, as set forth by the United States Supreme Court in *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 111-113 (1987), the mere knowledge that a product might reach the forum state, or the mere placement of the product into the stream of commerce, without more, is insufficient to exercise jurisdiction over a nonresident defendant. There must be "additional conduct" that is "purposefully directed" to the forum State, by which the nonresident defendant manifests an intent to serve that market. *Asahi, supra*, 480 U.S. at 112. In *Asahi,* Justice O'Connor noted that Asahi "did not create, control or employ the distribution system that brought its valves to California." *Asahi, supra*, 480 U.S. 111-113.

The nonresident defendant must have purposefully directed *its own* activities toward the forum. The "unilateral activity of another party or third person," which has contacts with the forum state will not have jurisdictional consequences for the nonresident defendant. *Burger King*, *supra*, 471 U.S. at 470-472; *Helicopteros*, *supra,* 466 U.S. at 417 ("Such unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

More recently, in a plurality opinion, the United States Supreme Court in *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), clarified and followed Justice O'Connor's lead plurality decision in *Asahi*. In *J. McIntyre*, the Supreme Court held that Nicastro failed to establish that J. McIntyre engaged in conduct purposefully directed at the forum state where Nicastro showed only that: 1) a distributor agreed to sell

J. McIntyre's machines in the United States; 2) J. McIntyre attended trade shows in several states through the United States, but never in New Jersey (where the action was commenced); and 3) up to four products reached New Jersey. *See id*. at 2790. Notably, J. McIntyre, a British manufacturer, did not have any office in the forum state, never paid taxes or owned property in the forum states, and did not advertise in the forum state or send any employees to the forum state. *See id*.

Far from the conduct of the defendant in *J. McIntyre,* over which the Court did not have jurisdiction, in the instant matter, Holmbergs Hong Kong did not even design, manufacture, formulate, develop standards, prepare, process, assemble, inspect, test, warrant, market, distribute, sell, advertise and/or label the subject product. (Larsson Declaration, ¶ 9) In addition, Holmbergs Hong Kong did not have any offices in Nebraska, never owned property or paid taxes in Nebraska, and never advertised in or sent employees to Nebraska. (Larsson Declaration, ¶¶ 21-26, 28, 30-32, 38)

Therefore, Holmbergs Hong Kong did not purposefully avail itself of the benefits and privileges of conducting business in Nebraska. In addition, Plaintiffs cannot establish that their claims arise from, or are connected with any activities of Holmbergs Hong Kong in Nebraska, in that Holmbergs Hong Kong has had no contacts with the State of Nebraska and has not engaged in any activities in that State.

**C. The Exercise of Personal Jurisdiction over Holmbergs Hong Kong Would Be Unreasonable**

As articulated above, in order for the Court to exercise personal jurisdiction over a nonresident defendant, the Due Process Clause requires that the exercise of jurisdiction be "fair and reasonable" so as to comport with notions of "fair play and substantial justice."

*Burger King*, *supra*, 471 U.S. at 477-478. The United States Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, *supra*, 480 U.S. at 115 (citation omitted). As stated above, the Eighth Circuit has adopted a 5-part test to measure "minimum contacts." *See Burlington Indus. v. Maples Indus.*, *supra*, 97 F.3d at 1102. Two of those factors, which have been deemed not to be determinative, would speak to the reasonableness of exercising jurisdiction over a foreign defendant as they deal with the interest of the forum state and the convenience of the parties.

In the instant matter, an analysis into the reasonableness of exercising jurisdiction over Holmbergs Hong Kong is unnecessary in that Holmbergs Hong Kong has had no "minimum contacts" with the State of Nebraska. Nonetheless, exercising personal jurisdiction over Holmbergs Hong Kong (the exercise of which is unwarranted) would cause undue burden on Holmbergs Hong Kong, a company located in Hong Kong, to defend in a far, foreign and unexpected forum (where it had no expectation of being hailed into). The exercise of personal jurisdiction over Holmbergs Hong Kong would, therefore, be unreasonable and in violation of the Due Process Clause of the Fourteenth Amendment.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Holmbergs Safety System Co. Ltd. improperly sued herein as Holmbergs Childsafety Co., Ltd. f/k/a Kendrion Safety Functions, Co., Ltd., respectfully requests that: (i) its motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) be granted; (ii) Plaintiffs'

Complaint be dismissed as to Holmbergs Safety System Co. Ltd. improperly sued herein as Holmbergs Childsafety Co., Ltd. f/k/a Kendrion Safety Functions, Co., Ltd., in its entirety with prejudice; and (iii) the Court grant such further relief as it deems just and proper.

DATED this 30th day of April, 2014.

HOLMBERGS CHILDSAFETY CO., LTD., f/k/a KENDRION SAFETY FUNCTIONS, CO., LTD.

By: /s/ Stephen G. Olson
Stephen G. Olson, II, #18949
Elizabeth B. Smith, #23799
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
Telephone: (402) 348-0900
Fax: (402) 348-0904
E-mail: solson@ekoklaw.com
E-mail: esmith@ekoklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing the following:

Michael F. Coyle
Ryan M. Sewell
Emily J. Wischnowski
Fraser Stryker Law Firm
409 South 17th Street
Suite 500, Energy Plaza
Omaha, NE 68102

and

Greg Garland
Garland Law, PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154

**Attorneys For: Plaintiffs**

Michael Gregory Vranicar
John William Patton, Jr.
Natalie J. Eschbach
Patton & Ryan, LLC
330 North Wabash, Suite 3800
Chicago, IL 60611

and

Joseph F. Gross, Jr.
Timmermier Gross Law Firm
8712 W. Dodge Rd., #401
Omaha, NE 68114

**Attorneys For: Defendant Baby Trend, Inc.**

Michael F. Kinney
David A. Blagg
Ronald F. Krause
Cassem, Tierney, Adams, Gotch & Douglas
9290 W. Dodge Rd., Suite 302
Omaha, NE  68114

and

Matthew R. King
Randall R. Riggs
Frost Brown Todd, LLC
P.O. Box 44961
Indianapolis, IN  46244

**Attorneys For: Defendant Indiana Mills & Manufacturing, Inc.**

/s/ Stephen G. Olson, II