IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of LUCAS RIBEIRO, an infant,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>BABY TREND, INC.; MARK SEDLACK; MILLENIUM DEVELOPMENT CORP.; INDIANA MILLS & MANUFACTURING INC.; LERADO GROUP CO., LTD.; LERADO GROUP (HOLDING) COMPANY LTD.; LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD.; LERADO CHINA LIMITED; LERADO H.K. LIMITED; and HOLMBERGS SAFETY SYSTEM HOLDING AB f/k/a HOLMBERGS CHILDSAFETY AB,<br><br>　　　　　Defendants. | CASE NO. 8:12cv204<br><br><br><br><br><br><br><br><br>**FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br>**(Place of Trial: Omaha, Nebraska)** |

　　　　COME NOW Franco Ribeiro and Deanna Ribeiro, as individuals and biological parents and next friends of Lucas Ribeiro, an infant minor child, Plaintiffs herein, who state and allege as follows:

### PARTIES, JURISDICTION AND VENUE

　　　　1.　　Plaintiffs Franco Ribeiro and Deanna Ribeiro are husband and wife and the biological parents of Lucas Ribeiro, an infant born on October 1, 2010, (collectively "Ribeiro Family"), and are residents of the state of Nebraska.

　　　　2.　　Defendant Baby Trend, Inc. ("Baby Trend") is a California corporation who conducts business throughout the United States. All acts and omissions of Baby Trend as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of its respective agencies, services, employments and/or ownership.

3. Defendant Baby Trend marketed, sold and distributed its Baby Trend FLEX-LOC Infant Car Seat Model No. 6325, including the component parts referenced below ("Car Seat"), product to retail stores and other distributors in the state of Nebraska for the purpose of said car seats being sold in the State of Nebraska. Having systematically and purposefully directed its product to the State of Nebraska giving rise to Plaintiffs' causes of actions herein, Defendant Baby Trend is subject to the personal jurisdiction of this Court.

4. Defendant Holmbergs Safety System Holding AB, f/k/a Holmbergs Childsafety AB ("Holmbergs"), a Swedish corporation that conducts business throughout the United States, acted jointly and in concert with Baby Trend regarding the design and manufacture of the 5-point harness system in the Car Seat. All acts and omissions of Holmbergs as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of its respective agencies, services, employments and/or ownership.

5. Defendant Indiana Mills & Manufacturing, Inc. ("IMMI"), an Indiana corporation that conducts business throughout the United States, acted jointly and in concert with Baby Trend regarding the design and manufacture of the A-Lok® adjuster harness system in the Car Seat. All acts and omissions of IMMI as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of its respective agencies, services, employments and/or ownership.

6. Defendants Mark Sedlack, an individual, who is a resident of the state of Ohio, and Millenium Development Corp., an Ohio corporation, acted jointly and in concert with each other and Baby Trend as the designers and inventors of the subject Car Seat. All acts and omissions of Mark Sedlack and Millenium Development Corp., as described herein were done by their respective agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

7. Defendant Lerado Group Co., Ltd., Lerado Group (Holding) Company, Ltd., Lerado (Zhong Shan) Industrial Co., Ltd., Lerado China Limited, and Lerado H.K. Limited (collectively, "Lerado"), Chinese corporations working in concert to conduct business throughout the United States, acted jointly and in concert with each other and

Baby Trend regarding the manufacture of the Car Seat. All acts and omissions of Lerado as described herein were done by their agents, servants, employees and/or owners, acting in the course and scope of its respective agencies, services, employments and/or ownership.

8. Franco Ribeiro, Deanna Ribeiro, and Lucas Ribeiro have each suffered damages in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

9. A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the state of Nebraska, and the Defendants, each of them, have systematically and purposefully directed their products to the state of Nebraska.

10. Pursuant to 28 U.S.C. § 1391, venue is proper in the District of Nebraska.

**FACTUAL BACKGROUND**

11. Franco Ribeiro and Deanna Ribeiro purchased the Car Seat in Kearney, Nebraska, to safely hold and transport their twin infant sons, Lucas and Alex, which is the use for which the Car Seat was designed, marketed, and sold.

12. Defendants designed, manufactured, labeled, marketed, sold and distributed the Car Seat, and referenced component parts, giving rise to the Ribeiro Family's causes of action herein, with Defendant Baby Trend as the apparent manufacturer liable for any wrongful acts of the individual Defendant component part manufacturers.

13. On May 27, 2011, Deanna Ribeiro used the Car Seat to hold and carry Lucas Ribeiro. Despite Deanna Ribeiro's use of the Car Seat in the manner intended by the Defendants and reasonably foreseeable by the Defendants, the Car Seat's restraint system strangled and asphyxiated Lucas Ribeiro causing him to suffer catastrophic permanent brain and related neurological injuries. Lucas Ribeiro has experienced and will continue to suffer on an ongoing basis significant mental and physical pain and suffering, catastrophic permanent injury, corrective surgery, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost earning capacity, and other damages. As a result of the Ribeiro Family's use of the Car Seat in the manner intended by the Defendants and reasonably foreseeable by the Defendants, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas

Ribeiro currently estimated at more than $477,213.94, and suffered the loss of parental consortium in the form of the loss of the loving benefits of Lucas Ribeiro's companionship, including comfort, society, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the Ribeiro home and Ribeiro family.

## INITIAL FACTUAL ALLEGATIONS
## REGARDING DEFENDANTS' LIABILITY

14.     Defendants Baby Trend, Mark Sedlack, Millenium Development Corp., and Lerado acted jointly and in concert to defectively design, manufacture, test and incorporate into the subject Car Seat a concave bottom that permitted the Car Seat to rock back and forth excessively when used in its intended manner including, but not limited to, use as an infant carrier and/or in the upright carry position and placed on a flat surface.  This feature causes the car seat to be unreasonably dangerous and allowed Lucas Ribeiro to rock excessively in such a manner and degree that Lucas Ribeiro's windpipe became compromised and caused Lucas Ribeiro to asphyxiate.

15.     Defendants Baby Trend, Mark Sedlack, Millenium Development Corp., Holmbergs, IMMI and Lerado also acted jointly and in concert to defectively design, manufacture and incorporate into the Car Seat a 5-point harness system that utilized a "puzzle buckle," that in normal use caused a deceptive false latch click.  The puzzle buckle also eliminated a redundant safety feature offered by a double tongue, double latch crotch buckle typically used.  This unreasonably dangerous, defective design and manufacture caused Lucas Ribeiro to asphyxiate.

16.     Defendants, and each of them, also failed to appropriately test the Car Seat, including the referenced component parts, to determine if it was safe for reasonably foreseeable uses including, but not limited to, use as an infant carrier and/or in the upright carry position during normal use as an infant carrier system.

## CAUSES OF ACTION
## COUNT I:  NEGLIGENCE

17.     The Ribeiro Family incorporates by reference paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Defendants had a duty to individuals, including the Ribeiro Family, to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and selling the Car Seat, including the referenced component parts.

19. Defendants were negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Car Seat.

20. Defendants were negligent in failing to use reasonable care to see that the Car Seat was safe for its intended use.

21. Defendants failed to warn reasonably foreseeable users that the Car Seat was dangerous when put to the use for which it was made.

22. Defendants knew or had reason to know that the Car Seat was dangerous when put to the use for which it was made.

23. Defendants knew or had reason to know that those for whose use the Car Seat was made would not realize the danger.

24. As a direct and proximate cause of Defendants' negligence, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages. As a direct and proximate result of Defendants' negligence, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

## COUNT II:  STRICT LIABILITY - DESIGN DEFECT

25. The Ribeiro Family incorporates by reference paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At the time the Car Seat, including the referenced component parts, left the Defendants' possession, the Car Seat was defective and unreasonably dangerous for its intended use, for any reasonably foreseeable use, and it created a risk of harm that would not be contemplated by any foreseeable user.

27. As a direct and proximate result of the Car Seat's design defects, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages. As a direct and proximate result of the Car Seat's design defects, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

28. Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective Car Seat.

**COUNT III:  STRICT LIABILITY - FAILURE TO WARN**

29. Plaintiffs incorporate by reference paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. The Car Seat, including the referenced component parts, was not accompanied by sufficient warnings to inform users, such as the Ribeiro Family, of risks of harm not readily recognizable while using the Car Seat in a reasonably foreseeable manner.

31. As a direct and proximate result of the Car Seat's defects, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages. As a direct and proximate result of the Car Seat's defects, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

32. Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective Car Seat.

## COUNT IV:  BREACH OF EXPRESS WARRANTY

33. Plaintiffs incorporate by reference paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendants made assurances to the general public, retailers, and other sellers that the Car Seat, including the referenced component parts, was safe and reasonably fit for its intended purpose to hold and carry infants.

35. Franco Ribeiro and Deanna Ribeiro chose the Car Seat based upon Defendants' warranties and representations regarding the safety and fitness of the Car Seat.

36. Franco Ribeiro and Deanna Ribeiro reasonably relied upon Defendants' express warranties and guarantees that the Car Seat was safe, merchantable, and reasonably fit for its intended purpose.

37. Defendants breached these express warranties because the Car Seat was unreasonably dangerous and defective and not as Defendants warranted it to be.

38. Defendants' breaches of the express warranties resulted in the Ribeiro Family's use of the Car Seat and placing Lucas Ribeiro's health and safety in jeopardy.

39. Within a reasonable time after the Ribeiro Family discovered the breach, they gave the Defendants written notice of said breach of warranties.

40. As a direct and proximate result of Defendants' breaches of the aforementioned express warranties, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages.  As a direct and proximate result of Defendants' breach of the aforementioned express warranties, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance,

cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

### COUNT V: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

41. Plaintiffs incorporate by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At the time of manufacture and sale of the Car Seat, including the referenced component parts, Defendants were merchants with respect to car seats and the referenced component parts.

43. When the Ribeiro Family used the Car Seat to hold and carry Lucas Ribeiro, the Car Seat was being used for the ordinary purpose for which it was intended.

44. The Ribeiro Family relied upon Defendants' implied warranty of merchantability in deciding to use the Car Seat for the ordinary purpose for which it was intended.

45. Defendants breached this implied warranty of merchantability because at the time the Ribeiro Family purchased the Car Seat it was neither merchantable nor suited for its intended use as warranted.

46. Within a reasonable time after the Ribeiro Family discovered the breach, they gave the Defendants written notice of said breach of warranty.

47. Defendants' breach of the implied warranty resulted in the use of an unreasonably dangerous and defective Car Seat that placed Lucas Ribeiro's health and safety in jeopardy.

48. As a direct and proximate result of Defendants' breaches of the aforementioned implied warranty of merchantability, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and other damages. As a direct and proximate result of Defendants' breach of the aforementioned implied warranties, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort,

guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

### COUNT VI: BREACH OF IMPLIED WARRANTY PARTICULAR PURPOSE

49. Plaintiffs incorporate by reference paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. Defendants impliedly warranted that the Car Seat, including the referenced component parts, was fit for a particular purpose, namely to safely hold and carry an infant such as Lucas Ribeiro.

51. When the Car Seat was manufactured and sold by Defendants, Defendants knew or had reason to know the Car Seat would be purchased for holding and carrying infants such as Lucas Ribeiro, and would be used for that particular purpose.

52. When the Ribeiro Family purchased the Car Seat, they were relying on the superior skill and judgment of the Defendants to select and furnish material suitable for that purpose and Defendants had reason to know of this reliance.

53. The Ribeiro Family relied upon Defendants' implied warranty for a particular purpose in deciding to use the Car Seat for the particular purpose for which it was to be used.

54. Defendants breached this implied warranty of merchantability because the Car Seat was not fit for its intended purpose.

55. Within a reasonable time after the Ribeiro Family discovered the breach, they gave the Defendants written notice of its breach of the implied warranty of fitness for a particular purpose.

56. Defendants' breach of the implied warranty resulted in the use of an unreasonably dangerous and defective Car Seat that placed Lucas Ribeiro's health and safety in jeopardy.

57. As a direct and proximate result of Defendants' breaches of the aforementioned implied warranty, Lucas Ribeiro has suffered and in the future will continue to suffer on an ongoing basis severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income and earning capacity, and

other damages. As a direct and proximate result of Defendants' breach of the aforementioned implied warranties, Franco Ribeiro and Deanna Ribeiro have incurred medical expenses on behalf of Lucas Ribeiro and have suffered and will continue to suffer on an ongoing basis the respective loss of parental consortium in the form of the loss of the intangible benefits of Lucas Ribeiro's companionship, comfort, guidance, cooperation, affection and aid, and the tangible benefits of general usefulness, industry and attention within the home and family.

### COUNT VII:  MAGNUSON MOSS ACT

58. Plaintiffs incorporate by reference Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. The breach of expressed warranties and implied warranties by Defendants is in violation of the Magnuson Moss Act as set forth at 15 U.S.C. § 2301, *et seq*.

60. Defendants failed to comply with their obligations under their implied warranties.

61. Within a reasonable time after the Ribeiro Family discovered the breach, they gave the Defendants written notice of its breach of express and implied warranties.

62. The Ribeiro Family suffered damages as a direct and proximate result of Defendants' violation of the Magnuson Moss Act.

WHEREFORE, Plaintiffs Franco Ribeiro and Deanna Ribeiro, as individuals and as the biological parents and next friends of Lucas Ribeiro, each demand a trial by jury, and judgment against the Defendants, jointly and severally, for the following relief:

1. Medical expenses incurred, which will be updated during discovery and time of trial, presently estimated at more than $477,213.94;

2. Medical, nursing, therapy, medication, housing, and other similar life care expenses reasonably certain to be incurred in the future;

3. The reasonable value of the physical pain and mental suffering incurred to the date of trial;

4. The reasonable value of the physical pain and mental suffering to be incurred in the future;

5. The value of the loss of the total ability to ever work in any type of meaningful employment;

6. The monetary value of the loss of enjoyment of an entire life;

7. The monetary value of the inconvenience suffered by Plaintiffs to date of trial and into the future;

8. The monetary value of the humiliation suffered by Plaintiffs to date of trial and into the future; and

9. Taxable court costs, interest, attorney fees, provided by statute, and any other relief, monetary or equitable, this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs respectfully demand a jury trial on all issues presented herein at the United States District Courthouse in Omaha, Nebraska.

FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and biological parents and next friends of LUCAS RIBEIRO, an infant, Plaintiffs,

By: */s/ Ryan M. Sewell*
Michael F. Coyle, #18299
Ryan M. Sewell, #22476
Emily J. Wischnowski, #25101
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
mcoyle@fslf.com
rsewell@fslf.com
ewischnowski@fslf.com
402-341-6000
   and
Greg Garland  #16248
GARLAND LAW PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154
(402) 330-7000

ATTORNEYS FOR PLAINTIFFS

11

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the United States District Court for the District of Nebraska on August 1, 2014, using the CM/ECF system which sent notification of such filing to the following:

Michael Gregory Vranicar
John William Patton, Jr.
Natalie J. Eschbach
Patton & Ryan, LLC
330 North Wabash, Suite 3800
Chicago, IL 60611
    and
Joseph F. Gross, Jr.
Timmermier, Gross Law firm
8712 West Dodge Road, Suite 401
Omaha, NE 68114
ATTORNEYS FOR DEFENDANT BABY TREND, INC.

Michael F. Kinney
David A. Blagg
Ronald F. Krause
Cassem, Tierney, Adams, Gotch & Douglas
9290 West Dodge Road, Suite 302
Omaha, NE 68114-3320
    and
Matthew R. King
Randall R. Riggs
Frost Brown Todd LLC
P. O. Box 44961
Indianapolis, IN 46244-0961
ATTORNEYS FOR DEFENDANT
INDIANA MILLS & MANUFACTURING, INC.

Stephen G. Olson, II
Elizabeth B. Smith
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102
ATTORNEYS FOR DEFENDANT
HOLMBERGS SAFETY SYSTEM CO. LTD.

William G. Dittrick
Kenneth W. Hartman
Baird Holm LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
    and
Frank A. Taylor
Daniel Normand Moak
Thomas John Basting, Jr.
William Knapp Fitzsimmons
Briggs and Morgan, P.A.
220 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
ATTORNEYS FOR DEFENDANTS
LERADO GROUP CO., LTD.,
LERADO GROUP (HOLDING) COMPANY, LTD
LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD.
LERADO CHINA LIMITED and LERADO H.K. LIMITED

                                        */s/ Ryan M. Sewell*

1181160 v2