IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of LUCAS RIBEIRO, an infant, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 8:12cv204 |
| Plaintiffs, | | **PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL SCHEDULING OF JURISDICTIONAL DEPOSITION OF GNOTEC REFTELE AB** |
| vs. | | |
| BABY TREND, INC., et al., | | |
| Defendants. | | |

COME NOW the Plaintiffs, Franco Ribeiro and Deanna Ribeiro, through undersigned counsel, and hereby offer this Brief in Support of Plaintiffs' Motion to Compel Scheduling of Jurisdictional Deposition of Gnotec Reftele AB.

## I.   BACKGROUND

This case involves a defective infant car seat that strangled and asphyxiated Lucas Ribeiro, causing him to suffer catastrophic, permanent brain and related neurological injuries that will prevent him from having the capacity to speak, feed or bathe himself, walk, or have any semblance of a normal life. On February 19, 2015, Plaintiffs added Gnotec Reftele AB ("Gnotec") to this lawsuit. (Filing No. 187). Gnotec, through its attorneys, have informed Plaintiffs that it is the manufacturer of the 5-point harness buckle involved in the subject car seat. (See Filing No. 223-3).

On April 29, 2015, Gnotec filed a 12(b)(2) Motion to Dismiss and supporting declarations, claiming that Gnotec was not subject to this Court's jurisdiction. (Filing Nos. 213–215). Thereafter, Plaintiffs requested that this Court allow Plaintiffs to conduct jurisdictional discovery on Gnotec, as the information necessary to respond to Gnotec's Motion to Dismiss was in the possession of Gnotec. (Filing No. 221). The

Court granted Plaintiffs' request, and ordered that the jurisdictional deposition of Gnotec be completed by June 29, 2015, and Plaintiffs must respond to Gnotec's Motion to Dismiss by July 14, 2015. (Filing No. 224).

Thereafter, counsel for Plaintiffs conferred with counsel for Gnotec to arrange dates on which a corporate deposition of Gnotec could be taken. (Wischnowski Aff. ¶ 3-5). On May 29, 2015, Plaintiffs submitted a 30(b)(6) Deposition Notice to Gnotec's counsel. (Id. at ¶ 4). On June 3, 2015, Gnotec's counsel informed Plaintiffs' counsel that Gnotec could not attend a deposition before the date imposed by the Court and that Gnotec would not be filing for an extension of time to arrange a date. (Id. at ¶ 5).

## II.   LEGAL STANDARD

This court has "broad discretion" to grant a motion to compel the setting of dates for a corporate deposition pursuant to Federal Rules of Civil Procedure 30(b)(6). Pavlik v. Cargill, Inc., 9 F.3d 710, 714 (8th Cir. 1993); see also Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co., 137 F.R.D. 267, 283 (D. Neb. 1989) (Kopf, J.) (granting plaintiff's motion to compel and requiring the deposition to be set at a date and time convenient to plaintiff and at a location chosen by defendant). This broad discretion also applies to the enlargement or extensions of discovery deadlines. Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc., 237 F.R.D. 215, 218 (D. Neb. 2006). Where a party's motion to compel discovery is granted, the Federal Rules further provide that the party whose conduct necessitated the motion should be required, after notice and an opportunity to be heard, to pay the movant's reasonable expenses incurred in bringing the motion, including attorney fees. Fed. R. Civ. P. 37(a)(5).

### III.   ARGUMENT

Pursuant to the Federal Rules of Civil Procedure and this Court's Order granting Plaintiffs leave, Plaintiffs are entitled to take a corporate deposition of Gnotec to ascertain the information necessary to respond to Gnotec's allegations and arguments relating to its claim that it is not subject to this Court's jurisdiction.  This Court has ordered that the parties take Gnotec's deposition by June 29, 2015.  Plaintiffs have attempted to work with Gnotec's counsel to arrange a date to take a deposition via live video streaming.  Plaintiffs' counsel informed Gnotec's counsel that Plaintiffs could do any date in June with the exception of June 25 and 26.  Counsel for Gnotec then informed Plaintiff that Gnotec was unable to do any other date in June, and that Gnotec would not be seeking an extension from the Court.  Gnotec has previously filed a Motion for Extension of Time in this matter.  (Filing No. 207).

Plaintiffs are uncertain why Gnotec has refused to file for an extension of time to comply with the Court's Order.  Regardless of their reasons, Plaintiffs are now without recourse to obtain the information necessary to respond to Gnotec's Motion to Dismiss within the timeframes given by the Court.  Plaintiffs would be substantially prejudiced if they were unable to depose Gnotec in order to respond to its Motion to Dismiss.  As such, Plaintiffs now seek the Court's assistance in resolving this matter.

### IV.   **CONCLUSION**

For the reasons stated herein, Plaintiffs ask the Court to set a date certain on which Gnotec's deposition could be taken.  In the alternative, Plaintiffs ask that this Court allow the parties more time to schedule a deposition date.

DATED this 4th day of June, 2015.

                      FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and biological parents and next friends of LUCAS RIBEIRO, an infant, Plaintiffs

By:   */s/*_____
Michael F. Coyle #18299
Ryan M. Sewell #22476
Emily J. Wischnowski, #25101
Jacqueline M. DeLuca, #25147
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
402-341-6000
      and
Greg Garland #16248
GARLAND LAW PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154
(402) 330-7000

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was filed electronically with the United States District Court for the District of Nebraska on June 4, 2015, using the CM/ECF system which sent notification of such filing to the following:

    Michael Gregory Vranicar
    John William Patton, Jr.
    Natalie J. Eschbach
    Patton & Ryan, LLC
    330 North Wabash, Suite 3800
    Chicago, IL 60611
        and
    Joseph F. Gross, Jr.
    Timmermier, Gross Law firm
    8712 West Dodge Road, Suite 401
    Omaha, NE 68114
    ATTORNEYS FOR DEFENDANT BABY TREND, INC.

Michael F. Kinney
David A. Blagg
Ronald F. Krause
Cassem, Tierney, Adams, Gotch & Douglas
9290 West Dodge Road, Suite 302
Omaha, NE 68114-3320
    and
Matthew R. King
Randall R. Riggs
Frost Brown Todd LLC
P. O. Box 44961
Indianapolis, IN 46244-0961
ATTORNEYS FOR DEFENDANT
INDIANA MILLS & MANUFACTURING, INC.

Stephen G. Olson, II
Kristina J. Kamler
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102
ATTORNEYS FOR DEFENDANT
GNOTEC REFTELE AB, GNOSJÖGRUPPEN AB,
and HOLMBERGS SAFETY SYSTEM HOLDING AB

John C. Gray
Heidman Law Firm, L.L.P.
128 Historic Fourth Street
P. O. Box 3086
Sioux City, IA 51102-3086
ATTORNEYS FOR DEFENDANTS
LERADO GROUP CO., LTD.,
LERADO GROUP (HOLDING) COMPANY, LTD
LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD.
LERADO CHINA LIMITED and LERADO H.K. LIMITED

                                                                                           */s/ Emily J. Wischnowski*

1301754 v1