# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FRANCO RIBEIRO and DEANNA RIBEIRO**, as individuals and as next friends and biological parents of **LUCAS RIBEIRO**, an infant, | ) ) ) ) ) | Case No. 8:12CV204 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **BABY TREND, INC.; MARK SEDLACK; MILLENIUM DEVELOPMENT CORP.; INDIANA MILLS & MANUFACTURING INC.; LERADO GROUP CO., LTD.; LERADO GROUP (HOLDING) COMPANY LTD.; LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD.; LERADO CHINA LIMITED; LERADO H.K. LIMITED; HOLMBERGS SAFETY SYSTEM HOLDING AB f/k/a HOLMBERGS CHILDSAFETY HOLDING AB a/k/a HOLMBERGS; CHILDSAFETY AB d/b/a HOLMBERGS; HOLMBERGS CHILDSAFETY AB f/k/a KENDRION HOLMBERGS AB a/k/a HOLMBERGS SAFETY SYSTEM HOLDING AB d/b/a HOLMBERGS; and GNOSJOGRUPPEN AB f/k/a KENDRION AUTOMOTIVE METALS AB d/b/a HOLMBERGS,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **PROTECTIVE ORDER** |
| Defendants. | ) | |

The parties hereto have agreed to this Protective Order to facilitate document production in the 30(b)(6) deposition of Luke Cheng on behalf of Lerado Group on November 11, 2015, because confidential business information was disclosed or produced voluntarily at the deposition. The parties have agreed and the Court orders as follows:

1. Documents designated at the deposition referenced above include Exhibits 7, 12, 20, 22, and 27.

2. All deposition testimony of Luke Cheng on November 11, 2015, regarding the enumerated exhibits, will be governed by this Protective Order.

3. All documents referenced in paragraphs 1 and 2 are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion is entitled to confidential treatment.

4. Any document referenced in paragraphs 1 and 2 may be used by the parties receiving it for purposes of this action only and for no other purpose. This includes providing copies to experts and witnesses as needed for the purposes of this case. These individuals are also subject to this protective order as indicated in paragraph 8.

5. Persons in the possession of these referenced documents shall not disclose such information to any other person, except in conformity with this Order.

6. This Order shall remain in full force and effect until modified, superseded, or terminated by further order of this Court, and shall survive the termination of this action; provided, however, this Order may be amended by agreement between the parties to this action or upon regularly noticed Motion to the Court.

7. The party or parties receiving these referenced documents shall not under any circumstances sell, offer for sale, advertise, or publicize any documents containing such information.

8. Any person or party who observes or acquires information regarding documents referenced in paragraphs 1 and 2 must read and understand this protective order and comply with its provisions.

9. The protections afforded in this order shall apply with equal force to any and all copies, notes, summaries, or other compilations and oral recitation of the original exhibits and information.

10. If any party or party's representative inadvertently discloses information referenced in paragraphs 1 and 2, the disclosure is not a waiver of the protected nature of the document. The producing party should immediately notify the receiving party of the inadvertent production and request either the return of the information or the confirmed destruction of the protected materials within five business days.

11. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the referenced documents for enforcement of the provisions of this Order following termination of this litigation.

12. Within thirty (30) days of the termination of this action, either by settlement or upon final adjudication, including all appeals, each party shall return upon request to the other party, any referenced documents in that party's possession obtained through discovery in this action.

13. Counsel for any party may retain one complete copy of all records following the final deposition of this case for purposes of defending against any claims for legal

malpractice that may arise. Counsel may require other parties to return or destroy all other copies.

14. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives assigns, subsidiaries, divisions, employees, agents, independent contractors, retained experts, investigators, the Court and its staff, or other persons or organizations over which they have control.

15. This Protective Order may be modified by agreement of the parties subject to the approval of this Court or by further order of the Court.

**IT IS SO ORDERED.**

**DATED January 20, 2016.**

                                **BY THE COURT:**

                                **S/ F.A. Gossett**
                                **United States Magistrate Judge**