IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of LUCAS RIBEIRO, an infant, | ) ) ) ) ) | Case No.  8:12cv204 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| BABY TREND, INC.; MARK SEDLACK; MILLENIUM  DEVELOPMENT CORP.; INDIANA MILLS & MANUFACTURING, INC.; LERADO GROUP CO., LTD.; LERADO GROUP (HOLDING) COMPANY, LTD.; LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD.; LERADO CHINA LIMITED; LERADO HK LIMITED; HOLMBERGS SAFETY SYSTEM HOLDING AB f/k/a HOLMBERGS CHILDSAFETY AB; HOLMBERGS CHILDSAFETY AB f/k /a KENDRION HOLMBERGS AB d/b/a HOLMBERGS; HOLMBERGS SAFETY SYSTEM HOLDING AB f/k/a HOLMBERGS CHILDSAFETY HOLDING AB d/b/a HOLMBERGS; GNOSJÖGRUPPEN AB f/k/a KENDRION AUTOMOTIVE METALS AB d/b/a HOLMBERGS; HOLMBERGS SAFETY SYSTEM HOLDING AB, GNOTEC REFTELE AB, MAXI MILIAAN B.V., and DOREL INDUSTRIES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS, BABY TREND, INC.; MARK SEDLACK, AND MILLENIUM DEVELOPMENT CORP.'S BRIEF IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS** |
| Defendants. | ) ) | |

**INTRODUCTION**

Defendants, BABY TREND, INC.; MARK SEDLACK; and MILLENIUM DEVELOPMENT CORP. (hereinafter referred to collectively as "Defendants"), have filed a motion to compel Plaintiffs to appear for their depositions prior to the Defendants' depositions in this case, and subsequent to the first inspection with nondestructive testing. Pursuant to Federal

Rules of Civil Procedure 26, 30 and 37, Defendants respectfully move this Honorable Court to compel Plaintiffs to appear for their depositions on April 22, 2016 at Plaintiffs' Counsel's office as set forth in their Notice of Depositions. Defendants respectfully request these depositions take place after the first visual inspection with non-destructive testing on April 6, 2016.

Plaintiffs' sole objection to the Defendants' discovery request is that the Plaintiffs want their depositions to go last after all other party depositions have taken place.

Under the Federal Rules of Civil Procedure, a party may not seek discovery, such as depositions, from any source before the parties have conferred at a discovery conference. Once the planning conference has occurred, a party may serve on any other party a notice of deposition. As set forth below, the parties have conferred considerably regarding scheduling depositions in this case, including the Defendants' request that the Plaintiff parents' depositions proceed first. Furthermore, the parties have agreed to set the inspection(s) and depositions in accordance with this Court's December 30, 2015 Order Amending Final Schedule for Progression of Case.

This Honorable Court should grant the Defendants' motion to compel, thereby compelling the Plaintiff parents, Deanna Ribeiro and Franco Ribeiro to appear for their depositions prior to the Defendants' depositions, and subsequent to the first inspection consisting of nondestructive testing. This motion is being filed contemporaneously with Defendants' motion to compel the inspections and testing of the subject car seat.

## BACKGROUND FACTS

1.      Upon information and belief, on or around May 27, 2011, Lucas Ribeiro was catastrophically injured while he was in the subject car seat. (See Plaintiffs' Seventh Amended Complaint, CM/ECF Docket, Filing No. 328, ¶14).

2.      Within the last couple of years, Plaintiffs have sought multiple extensions and been given leave by the Court to conduct jurisdictional discovery and add multiple foreign

entities as additional defendants. Plaintiffs most recently filed their seventh amended complaint on January 7, 2016 adding Maxi Milaan B.V. and Dorel Industries, Inc. as additional defendants. The Defendants have not objected to Plaintiffs' requests for jurisdictional discovery, Plaintiffs' requests for extensions of time to conduct such discovery, or Plaintiffs' requests to add these multiple foreign entities as additional defendants. (See Affidavit of Natalie J. Eschbach "Eschbach Aff.", ¶ 2, 5).

3.      Written and oral discovery has been stayed in this case during the jurisdictional discovery phase of this case pending Plaintiffs' completion of their investigation and addition of these multiple foreign entities as additional defendants. (Eschbach Aff., ¶ 2).

4.      On December 23, 2015, Plaintiffs filed an unopposed motion for extension of time to continue the October 24, 2016 trial date and all current discovery deadlines in the case. In support of their motion, Plaintiffs stated that the jurisdictional discovery conducted on the Lerado entities in this matter took longer than anticipated, and as such, the Lerado jurisdictional motions to dismiss at that time were currently unresolved. Therefore, the parties would need additional time to conduct substantive discovery. Plaintiffs requested a trial date for early 2016. The Court granted Plaintiffs' motion on December 30, 2015. The final pre-trial conference is now set for January 20, 2017. The jury trial is now set for February 27, 2017. (See Eschbach Aff., ¶ 3-4; see also CM/ECF Docket, Filing No. 318, 325).

5.      Per the Court's December 30, 2015 Order Amending Final Schedule for Progression of Case, all depositions are to be completed by July 1, 2016. All discovery motions are also to be filed by July 1, 2016. Written discovery is to be completed by October 28, 2016. (See Eschbach Aff., ¶ 4; see also CM/ECF Docket, Filing No. 325).

6.      On January 27, 2016, Plaintiffs' counsel emailed Defendants' Counsel stating that Indiana Mills & Manufacturing, Inc.'s ("IMMI") Counsel requested to see the subject car seat prior to the Rule 30(b)(6) depositions. Plaintiffs' counsel represented that the inspection would

be a "photographic-only" inspection, in which Plaintiffs' Counsel would do all the handling of the car seat, "if any handling is reasonably necessary." Plaintiffs' Counsel set forth suggested dates to set the inspection and asked all attendees to provide a written proposal stating who would attend, the estimate time required to view the car seat, and what the parties would want to do during the inspections. (See Plaintiffs' Counsel Email to Defendants' Counsel dated January 27, 2016, Eschbach Aff. ¶ 6, Exhibit A.)

7.     On January 26, 2016 and February 1, 2016, Plaintiffs' Counsel and Defendants' Counsel corresponded via email regarding setting deposition dates. (See email chain between Plaintiffs' Counsel and Defendants' Counsel, Eschbach Aff. ¶ 7, Exhibit B, p. 2-3).

8.     On February 1, 2016, Plaintiffs' Counsel emailed Defendants' Counsel regarding setting the inspection date. Defendants' Counsel responded stating she needed to speak with her clients and advised Plaintiffs' Counsel that additional representatives for the Defendants may attend the inspection and that she had to coordinate their schedules. Defendants' Counsel also inquired as to whether this inspection would just be a visual inspection as opposed to experts doing non-destructive testing and if this initial inspection would just be for photographs only. (See Eschbach Aff. ¶ 7, Exhibit B, p. 1).

9.     On February 4, 2016, Plaintiffs' Counsel emailed Defendants' Counsel stating that IMMI's Counsel requested photographs only of the car seat, and as such, there would be no inspection scheduled in February. Plaintiffs' Counsel also requested deposition dates as from Plaintiffs' Counsel's viewpoint, there would be no initial inspection prior to the party depositions. (See Eschbach Aff. ¶ 7, Exhibit B, p. 1).

10.    On February 8, 2016, Defendants' Counsel emailed Plaintiffs' Counsel confirming the voicemail Defendants' Counsel left for Plaintiffs' Counsel earlier that morning. Defendants' Counsel stated that the Defendants were requesting an inspection of the car seat prior to the parties' depositions, and that the Defendants would subsequently request an

inspection with their consultants and/or experts at a later time. Defendants' counsel stated that in addition to herself, the following individuals would attend the inspection on behalf of Baby Trend and MDC: Brad Mattarocci from Baby Trend, Mark Sedlack and Bob Fong (general counsel for Baby Trend). Defendants' Counsel then proposed available dates in February and March 2016 to conduct the inspection. (See Eschbach Aff. ¶ 8, Defendants' Counsel's email to Plaintiffs' Counsel dated February 8, 2016, Exhibit C, p. 2).

11.     In her February 8, 2016 email to Plaintiffs' Counsel, Defendants' Counsel also stated she wanted to agree on an inspection protocol to avoid motion practice on the matter. Defendants' Counsel informed Plaintiffs' Counsel the Defendants would bring a photographer and videographer to the inspection. Defendants' Counsel also proposed the following to take place during the inspection:

a.     Check buckle release force with calibrated gauge.

b.     See the Graco seat for Lucas Ribeiro's twin brother, Alex Ribeiro, along with its warnings, latching action, etc.

c.     Record and possibly measure the decibels of the clip or snap.

d.     Check functionality of ejection spring and possibly force.

e.     Internal Borescope of buckle.

f.     Inspect what materials were given to the Ribeiros with the Baby Trend and Graco car seats, including instruction sheets, testing thereon, manuals, etc. from the facility who gave them the seats.

(See Eschbach Aff. ¶ 8, Exhibit C, p. 2).

12.     In her February 8, 2016 email to Plaintiffs' Counsel, Defendants' Counsel also stated that she would like the Plaintiff parents' depositions to proceed prior to the Defendants' depositions. Defendants' Counsel also stated that Brad Mattarocci from Baby Trend and Mark Sedlack are willing to travel to Nebraska for their depositions to make it convenient for everyone so that "we are not traveling all over the country." Defendants' Counsel stated that she and her

clients would be flexible with the deposition dates to accommodate everyone and to complete them as soon as possible. Defendants' Counsel then requested Plaintiffs' Counsel call her to discuss the February 8, 2016 email. (See Eschbach Aff. ¶ 8, Exhibit C, p. 2).

13.     Plaintiffs' Counsel responded to Defendants' Counsel's February 8, 2016 email that same day stating "while we are fine with the inspection occurring prior to the 30(b)(6) depositions, it is our position that there will only be one inspection. Moreover, we would strongly object to any handling or testing of the car seat. If you would like to inspect the car seat prior to the depositions, we can arrange it." Plaintiffs' Counsel then set forth suggested February and March 2016 dates to set the inspection. Plaintiffs' Counsel then proposed suggested March and April 2016 deposition dates. Plaintiffs' Counsel stated "as for the order of depositions, Mike Coyle won't negotiate on that issue – Plaintiffs' depositions will be conducted last. And based on the court's general practice, I think taking that up with the court will be a waste of your time." Plaintiffs' Counsel asked Defendants' Counsel to call her with any questions. (See Eschbach Aff. ¶ 8, Exhibit C, p. 1). Plaintiffs' Counsel and Defendants' Counsel subsequently had a telephone conversation discussing Plaintiffs' response to Defendants' request for an inspection of the car seat with the nondestructive testing proposed by the Defendants.

14.     On February 16, 2016, Plaintiffs' Counsel requested a status from Defendants' Counsel about setting deposition dates. (See Eschbach Aff. ¶ 8, Exhibit C, p. 1).

15.     On February 19, 2016, Plaintiffs' Counsel sent an email to Defendants' Counsel regarding setting IMMI's Rule 30(b)(6) deposition for the suggested dates of April 19-22, 2016. (See Eschbach Aff. ¶ 10, Plaintiffs' Counsel's email to Defendants' Counsel dated February 19, 2016, Exhibit D).

16.     On February 26, 2016, Defendants' Counsel sent Plaintiffs' Counsel an email confirming receipt of Plaintiffs' Counsel's voicemail message earlier that morning, and that she would call Plaintiffs' Counsel the next business day. Defendants' Counsel stated that she would

like to make one last attempt to work out the parties' deposition and inspection objections. (See Eschbach Aff. ¶ 11, Defendants' Counsel's email to Plaintiffs' Counsel dated February 26, 2016, Exhibit E).

17.    On February 29, 2016, Defendants' Counsel emailed Plaintiffs' Counsel the deposition notices for the Plaintiff parents, Deanna Ribeiro and Franco Ribeiro. Defendants' Counsel stated she would call Plaintiffs' Counsel shortly to discuss the deposition and inspection objections. (See Eschbach Aff. ¶ 12, Defendants' Counsel's email to Plaintiffs' Counsel dated February 29, 2016, Exhibit F). Plaintiffs' Counsel responded to Defendants' Counsel's request stating that she was currently out of the office but she would inform Defendants' Counsel when she returned to the office. (See Eschbach Aff. ¶13-14, Plaintiffs' Counsel's emails to Defendants' Counsel dated February 29, 2016, Exhibits G and H).

18.    On March 2, 2016, Defendants' Counsel emailed Plaintiffs' Counsel the Defendants' proposed inspection protocol for the first inspection of the subject car seat. Defendants' Counsel stated "Please note we still want to reserve the right to conduct two inspections; nondestructive and destructive testing. I will give you a call shortly to discuss the attached as well as the deposition notice objections." (See Eschbach Aff., Exhibit I, p. 2).

19.    Defendants' Counsel and Plaintiffs' Counsel communicated via telephone on March 2, 2016 after exchanging a series of voicemails. Plaintiffs' Counsel sent an email to Defendants' Counsel confirming their conversation, "Just to confirm our conversation this morning, Plaintiffs do object to your proposed inspection, both the proposed protocol and the number of inspections requested. It is my understanding that after we get the inspection date and your clients' deposition dates scheduled today, you will be filing a motion with the court asking for its intervention to set the parameters and quantity of inspections. Accordingly, we will plan to respond thereto with our objections." (See Eschbach Aff. ¶ 15, Exhibit I, p. 1-2). Defendants' Counsel responded that she wanted to add that Defendants' request for the inspection is a

supplemental request for production and inspection pursuant to Rule 34. Also, Defendants' Counsel confirmed that she reiterated the fact that she was requesting to take the Plaintiff parents' depositions first prior to the Defendant depositions "so we have the opportunity to discover and explore the allegations related to the subject car seat." (See Eschbach Aff. ¶ 15, Exhibit I, p. 1).

20.     Defendants' Counsel emailed Plaintiffs' Counsel later that same afternoon on March 2, 2016, attaching the Defendants' formal request for the inspection, for a nondestructive visual examination as well as measurements of the physical dimensions of the car seat; although Counsel had already communicated about the protocol, Plaintiffs' Counsel had already seen the proposed protocol, and Plaintiffs' Counsel raised her objections. Defendants' Counsel also stated she was waiting to hear from IMMI's Counsel for the agreed upon inspection date, and that she had already communicated with her clients that day about the inspection date. (See Eschbach Aff. ¶ 15, Exhibit I).

21.     On March 2, 2016, Baby Trend filed its Notice of Service of its First Supplemental Request for Production to the Plaintiffs. (See Eschbach Aff. ¶ 17, Exhibit J).

22.     The Inspection and Testing Protocol served with Baby Trend's First Supplemental Request for Production the afternoon of March 2, 2016 was the same protocol emailed to Plaintiffs' Counsel the morning of March 2, 2016, which Counsel discussed. This protocol was very similar to the protocol proposed by Defendants' Counsel a few weeks prior. (Eschbach Aff. ¶ 20, Exhibit C, p. 2).

23.     Plaintiffs served their Response to Defendant's Request for Production of Documents on Baby Trend's counsel on July 13, 2013. (Eschbach Aff. ¶ 18, Plaintiffs' Response to Defendant's Request for Production of Documents, Exhibit K.) The following requests and responses are contained within the document:

REQUEST NO. 1: Produce all documents identified in your Rule 26(a) disclosures.

RESPONSE NO. 1: See CD Rom of all documents, photos, and videos.

REQUEST NO. 4: For each infant car seat identified in Answer to Interrogatory 5, 6 or 7, produce a copy of the owner's manual possessed by Plaintiffs on or before the date of the incident alleged in the Amended Complaint.

RESPONSE NO. 1: Plaintiffs are not in possession of this at this time; however, discovery is continuing, and Plaintiffs reserve the right to supplement this response.

24.     Plaintiffs filed their updated Rule 26(a)(1) disclosures with the Court on August 3, 2015. Under the heading "Documents and Tangible Things That Support Plaintiffs' Claims", Plaintiffs identify the "Baby Trend car seat that is the subject of the above-captioned litigation. The referenced item is located at Fraser Stryker PC LLO, 500 Energy Plaza, 409 S. 17th Street, Omaha, NE 68102." Plaintiffs' Counsel also identifies "Five (5) exemplar car seats from various manufacturers, along with the various copies of instruction manuals from Baby Trend, Inc., car seats. The referenced items are located at Fraser Stryker PC LLO, 500 Energy Plaza, 409 S. 17th Street, Omaha, NE 68102." Plaintiffs have not provided the identification of these car seats or produced these Baby Trend instruction manuals to Defendants' counsel to date. (Eschbach Aff., ¶ 19, Plaintiffs' Rule 26(a)(1) Disclosures dated August 3, 2015, Exhibit K, p. 3; also CM/ECF Docket, Filing No. 248., p. 2)

25.     On February 29, 2016, Defendants' Counsel sent to Plaintiffs' Counsel formal deposition notices for the depositions of the Plaintiff parents, Deanna Ribeiro and Franco Ribeiro. (Eschbach Aff., ¶ 21, Deposition Notices of Deanna Ribeiro and Franco Ribeiro, Exhibit M).

26.     Between March 4, 2016 and March 9, 2016, Plaintiffs' Counsel and Defendants' Counsel exchanged a series of emails regarding the parties' deposition objections and inspection objections. Plaintiffs' Counsel sent an email to Defendants' Counsel on March 8, 2016,

confirming that "April 6 will work" for the first inspection. Plaintiffs' Counsel subsequently sent an email that same day stating that they would not confirm April 6, 2016 as the inspection date until the party depositions were set. Defendants' Counsel responded stating that to her understanding, per the agreement of the parties, the deposition dates were dependent on confirming an inspection date. (Eschbach Aff., ¶ 22, Exhibit N.)

27.     Defendants' Counsel and Plaintiffs' Counsel communicated via telephone on March 9, 2016 regarding the Plaintiffs' deposition and inspection objections. Plaintiffs' Counsel informed Defendants' Counsel for the first time that the Plaintiffs now want all party depositions to proceed prior to the inspection, with the Plaintiff depositions still taking place after all remaining party depositions. Defendants' Counsel and Plaintiffs' Counsel then exchanged emails regarding deposition dates. Defendants' Counsel informed Plaintiffs' Counsel of available dates and since it was apparent the parties would not be able to resolve this discovery dispute, she would file the Defendants' motion to compel the inspections and Defendants' motion to compel the Plaintiffs' depositions. (Eschbach Aff., ¶ 22, Exhibit N.)

28.     On March 9, 2016, Defendants filed with the Court their Notices of Deposition for Plaintiffs, Deanna Ribeiro and Franco Ribeiro, as it was clear the parties would not be able to resolve this discovery dispute. (Eschbach Aff., ¶ 24, Notices of Depositions of Plaintiffs filed with Court on March 9, 2016, Exhibit O; also CM/ECF Docket, Filing No. 382-383).

26.     This Motion is brought by the Defendants because the Defendants served written requests and communicated verbally to Plaintiffs' Counsel about their desire to take the Plaintiff parent depositions of Deanna Ribeiro and Franco Ribeiro prior to the remaining party depositions. Plaintiffs have objected to said production by written and verbal responses. The Plaintiff parents' deposition testimony is crucial to the Defendants' investigation and defense of the case, and are necessary for preparation of trial.

**ARGUMENT**

I.     **Defendants are Entitled to Take the Plaintiffs' Depositions Pursuant to Fed. R. Civ. P. 26 and 30.**

Defendants are allowed to take the depositions of the Plaintiffs in this products liability case pursuant to Fed. R. Civ. P. 30, which gives litigants the right to take the depositions of parties in a case. Plaintiffs have not provided any proper legal basis for why the Plaintiffs' depositions should proceed only after all of the other party depositions have been taken. A decision to require the Defendants to testify before the Plaintiffs in this case would cause undue burden on the Defendants in defending this products liability case as the Defendants are entitled to establish the Plaintiff's cause of action and investigate the Plaintiffs' allegations surrounding the subject car seat.

"District courts have broad discretion to limit discovery and decide discovery motions." *Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.,* 237 F.R.D. 215, 218 (D. Neb. 2006). Where a party's motion to compel discovery is granted, the Federal Rules provide that the party whose conduct necessitated the motion should be required, after notice and an opportunity to be heard, to pay the movant's reasonable expenses incurred in bringing the motion, including attorney fees. *Fed. R. Civ. P. 37(a)(5).*

Depositions are governed by Fed. R. Civ. P. 30. Rule 30(a) provides for when a deposition may be taken: (1) *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). (2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) If the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants; (ii) the deponent has already been deposed in the case; or (iii) the party seeks to take the deposition before the time specified in Rule 26(d),

unless the parties certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or (B) If the deponent is confined in prison. Fed. R. Civ. P. 30(a).

Fed. R. Civ. P. 26(b)(1) and (2) provides for discovery scope and limits:

1. *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. *Limitations on Frequency and Extent.*

   A. When Permitted. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of the depositions under Rule 30.

   B. Specific Limitations on Electronically Stored Information.

   C. When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

      i. The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
      ii. The party discovery has had ample opportunity to obtain the information by discovery in the action; or
      iii. The proposed discovery is outside the scope permitted by Rule 26(b)(1).

*Fed. R. Civ. P. 26(b)(1) and (2).*

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *Fed. R. Civ. P. 26(d)(1).* Under Fed. R. Civ. P. 37(a), "a party may move for an order compelling disclosure or discovery." *Fed. R. Civ. P. 37(a)(1).* Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Fed. R. Civ. P. 37(a)(1).* In this case, the parties have exchanged numerous email

communications and have had several personal consultations regarding this discovery dispute. Plaintiffs still maintain their objection and refuse to produce the Plaintiff parents for their depositions first on the sole basis that they want the depositions to take place after all party depositions have occurred in the case.

On March 9, 2016, pursuant to Fed. R. Civ. P. 30, Defendants filed with the Court and served upon Plaintiffs' Counsel Notices of Deposition for the depositions of Deanna Ribeiro and Franco Ribeiro after Counsel had numerous written and verbal conversations regarding the scheduling of these depositions and the proposed deposition notices. The notices state the time and place of the depositions and that the depositions may be videotaped. Pursuant to Fed. R. Civ. P. 30(b)(2), Defendants also submitted "Attachment A" to both deposition notices requesting certain documents and items be produced prior to and at the time of the depositions. (Eschbach Aff. ¶ 21, Exhibit M; ¶ 24, Exhibit O). These notices are the same notices that were produced to Plaintiffs' counsel on February 29, 2016, which Plaintiffs' Counsel and Defendants' Counsel conferred and discussed.

## II.    Plaintiffs Have Not Demonstrated That the Plaintiff Depositions Proceeding First Would Cause Undue Burden.

Plaintiffs have not demonstrated that the Plaintiffs' depositions proceeding first in this case would cause any undue burden to the Plaintiff in this products liability case. Rather, it is the Defendants that would suffer undue burden and prejudice if they were not allowed to establish the Plaintiffs' cause of action and confirm facts of the underlying incident. Plaintiffs' Counsel's only objection is that they want to the Plaintiffs' depositions to proceed after all other party depositions.

Plaintiffs filed their Seventh Amended Complaint with the Court on January 7, 2016 adding two additional defendants. (See CM/ECF Docket, Filing No. 328). The Defendants filed their respective answers and affirmative defenses to Plaintiffs' Seventh Amended Complaint on

January 21, 2016. (See CM/ECF Docket, Filing No. 334-335). Defendants filed the following affirmative defenses: state of the art, misuse, contributory negligence, assumption of risk, preemption, and contribution/joint and several liability. (See CM/ECF Docket, Filing No. 334-335).

Plaintiffs have not provided any reasons why they would suffer any prejudice or burden which would outweigh the benefit of Defendants conducting the Plaintiffs' depositions to confirm the allegations of the underlying incident. As such, the Defendants would be substantially prejudiced if they were unable to depose the Plaintiffs in order to fully investigate the allegations that are the basis of Plaintiffs' Seventh Amended Complaint. As such, the Defendants now seek the Court's assistance in resolving this matter.

## CONCLUSION

This Honorable Court should grant the Defendants' motion to compel the Plaintiff parent depositions of Deanna Ribeiro and Franco Ribeiro. Pursuant to Fed. R. Civ. P. 26 and 30, the Defendants should be allowed to investigate the Plaintiffs' cause of action and to confirm the alleged facts of the underlying incident. The Plaintiffs' alleged instrumentality of the subject car seat which allegedly caused Plaintiffs' injuries is critical in investigating and discovering the facts surrounding the incident. Finally, the undersigned, Plaintiffs' Counsel and IMMI's Counsel have conferred and agreed upon April 22, 2016 as a confirmed available date for the Plaintiffs' to take place. Defendants' Counsel proposes that the first inspection take place on April 6, 2016; Plaintiffs' depositions take place on April 22, 2016, and that Baby Trend, MDC and IMMI's depositions take place on April 26 and 27, 2016. Finally, the parties have agreed to set the inspection and deposition dates as expeditiously as possible pursuant to the December 30, 2015 Court Order Amending Final Schedule for Progression of Case.

## FED. R. CIV. P. 37(a)(1) CERTIFICATION

Pursuant to Fed. R. Civ. P. 37(a)(1), undersigned Counsel for the Defendants certifies that she has conferred with Plaintiffs' Counsel on multiple occasions in an effort to resolve the issues raised in this Motion, but the parties were unable to resolve their differences.

Dated: March 9, 2016

Defendants, BABY TREND, INC., MARK SEDLACK, and MILLENIUM DEVELOPMENT CORP.


By:____/s/ Natalie J. Eschbach_____
John W. Patton, Jr.
Michael G. Vranicar
Natalie J. Eschbach
PATTON & RYAN LLC
330 N. Wabash, Suite 3800
Chicago, IL 60611
Telephone:  (312) 261-5160
Facsimile:   (312) 261-5161
jpatton@pattonryan.com
mvranicar@pattonryan.com
neschbach@pattonryan.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing, Defendants, Baby Trend, Inc.; Mark Sedlack; and Millenimum Development Corp.'s, Brief in Support of Their Motion to Compel Plaintiffs' Depositions was served on the following parties on March 9, 2016, via the Court's ECF system:

**Attorneys for Plaintiffs:**
Michael F. Coyle
Ryan M. Sewell
Emily J. Wischnowski
Jacqueline M. DeLuca
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102

**Attorney for Plaintiffs:**
Greg Garland
Garland Law PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154

**Attorneys for Defendants,**
**Baby Trend, Inc.;**
**Mark Sedlack;**
**Millenium Development Corp.**
John W. Patton, Jr.
Michael G. Vranicar
Natalie J. Eschbach
Patton & Ryan, LLC
330 N. Wabash, Suite 3800
Chicago, IL  60611

**Attorneys for Defendants, Gnotec**
**Reftele AB, Gnosjögruppen AB, and**
**Holmbergs Safety System Holding**
**AB**
Stephen G. Olson, II
Elizabeth B. Smith
Kristina J. Kamler
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102

**Attorneys for Defendant, Indiana**
**Mills & Manufacturing, Inc.**
Michael F. Kinney
David A. Blagg
Ronald F. Krause
Cassem, Tierney, Adams, Gotch &
Douglas
9290 West Dodge Road, Suite 302
Omaha, NE 68114-3320

**Attorneys for Defendant, Indiana**
**Mills & Manufacturing, Inc.**
Matthew R. King
Randall R. Riggs
Frost Brown Todd, LLC
P.O. Box 44961
Indianapolis, IN 46244-0961

**Attorneys for Defendants,**
**Lerado Group Co., Ltd.;**
**Lerado Group (Holding) Company,**
**Ltd.**
**Lerado (Zhong Shan) Industrial Co.,**
**Ltd.**
**Lerado China Limited and**
**Lerado H.K. Limited**
John C. Gray
Heidman Law Firm, LLP
128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA  51102-3086

_____/s/ Natalie J. Eschbach_____
One of the Attorneys for the Defendants,
Baby Trend, Inc.; Mark Sedlack; and
Millenium Development Corp.

John W. Patton, Jr.
Michael G. Vranicar
Natalie J. Eschbach
PATTON & RYAN LLC
330 N. Wabash, Suite 3800
Chicago, IL 60611
Telephone:  (312) 261-5160
Facsimile:   (312) 261-5161