IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of LUCAS RIBEIRO, an infant, | ) ) ) ) ) | CASE NO. 8:12cv204 |
| Plaintiffs, | ) ) | **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO QUASH AND IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITIONS** |
| vs. | ) ) ) | |
| BABY TREND, INC., et al., | ) ) | |
| Defendants. | ) | |

Plaintiffs Franco Ribeiro and Deanna Ribeiro ("Plaintiffs") submit this brief in support of their Motion to Quash Deposition Notices and in opposition to the Motion to Compel Depositions filed by Baby Trend, Inc., Millenium Development Corp., and Mark Sedlack (collectively herein, "Baby Trend").

## I.    BACKGROUND

On January 22, 2016, Plaintiffs' counsel sent Baby Trend's counsel Fed. R. Civ. P. 30(b)(6) deposition notices for Baby Trend, Inc. and Millenium Development Corp., and advised counsel that they wished to depose those defendants and Mark Sedlack. (Declaration of Emily J. Wischnowski ("EJW Dec.") at ¶ 4; Exhibit A).  Plaintiffs' counsel requested dates on which such depositions could be taken. (EJW Dec. at ¶ 4; Exhibit A).   After several follow-up emails, Baby Trend's counsel responded on February 8, 2016, stating that they wished to take Plaintiffs' depositions *prior* to allowing defendants' depositions to occur.  (EJW Dec. at ¶ 5-6; Exhibit B).  Plaintiffs' counsel objected, and, despite numerous requests, Baby Trend's counsel would not provide available dates to Plaintiffs' counsel for defendants' depositions.  (EJW Dec. at ¶ 7; see Exhibits B, D, F, H, I, J, and K).  On February 29, 2016, Baby Trend's counsel emailed Plaintiffs' counsel

1

deposition notices for Plaintiffs with no date inserted. (EJW Dec. at ¶ 9; Exhibit E). However, to date, Baby Trend's counsel has not asked for dates on which Plaintiffs would be available to be deposed.  (EJW Dec. at ¶ 10).

In response to Plaintiffs' request for depositions, Baby Trend also requested that they be allowed an inspection of the car seat prior to the depositions occurring. (EJW Dec. at ¶ 6; Exhibit B).   Despite disagreements regarding the timing, quantity, and scope of the proposed inspections, Plaintiffs' counsel attempted in good faith to arrange a date on which a Rule 34 inspection could occur for all the defendants, all the while continuing to request deposition dates from Baby Trend's counsel.  (EJW Dec. at ¶ 8; see Exhibits C and G).   On March 2, 2016, Plaintiffs' counsel provided dates to Baby Trend's counsel which would work for inspection dates and deposition dates *for the Baby Trend defendants.*  (EJW Dec. at ¶ 11; Exhibit F).   As of that same day, Baby Trend's counsel informed Plaintiffs' counsel that she had dates that worked for her clients but did not provide such dates to Plaintiffs. (See Exhibit H).

On March 9, 2016, Plaintiffs again requested dates and attempted to resolve the outstanding issues. (EJW Dec. at ¶ 12; Exhibit K).  However, Baby Trend declined and filed Deposition Notices for Franco and Deanna Ribeiro and two Motions to Compel. (See Filing Nos. 382-87).  Baby Trend unilaterally set the Plaintiffs' deposition dates for April 22, 2016.  (Filing Nos. 382, 383).  That same day, Baby Trend filed a Motion to Compel asking the Court to compel the depositions. (Filing No. 386).  Counsel have conferred and already set a corporate deposition for Defendant Indiana Mills and Manufacturing Inc. ("IMMI") to occur on April 21, 2016, in Indianapolis.  (EJW Dec. at ¶ 12; see Exhibit F).

## II.    ARGUMENT

Baby Trend has refused to provide dates to Plaintiffs' attorney to schedule depositions because they assert that Plaintiffs should be deposed first.  Baby Trend also unilaterally set dates for Plaintiffs' depositions and is now seeking to compel such depositions without extending the customary courtesy of asking Plaintiffs' attorney for dates on which Plaintiffs could be available.

Baby Trend is not entitled to depose Plaintiffs first.  Under Fed. R. Civ. P. 26(d), the court may control the timing and sequence of discovery.  The general practice is to allow parties to schedule the depositions in the order in which they are requested.  See, e.g., Dargis v. Wyeth, Inc., No. 04-3967 (DSD/LIB), 2012 U.S. Dist. LEXIS 189881, at *14-15 (D. Minn. Nov. 30, 2012) (citing Story v. Quarterback Sports Fed'n, Inc., 46 F.R.D. 432, 433 (D. Minn. 1969)).  Moreover, the Federal Rules do not permit a party to stonewall another party requesting deposition dates.  See Keller v. Edwards, 206 F.R.D. 412, 415 (D. Md. 2002) ("[T]he rules do not permit either to stalemate their opponent.").

As noted, Plaintiffs requested to take the depositions of the Baby Trend defendants in January, over five weeks before Baby Trend provided blank deposition notices for Plaintiffs.  Instead of providing dates, Baby Trend demanded to take the Plaintiffs' depositions first.  Baby Trend's unilateral setting of the Plaintiffs' depositions is unreasonable and against the general rule of this Court's practice.

Finally, to the extent Baby Trend is seeking production of documents or tangible things through the subpoena duces tecum prior to Plaintiffs' allotted time under Fed. R. Civ. P. 34 to produce such materials within 30 days, such subpoenas duces tecum should be quashed.

3

III.      CONCLUSION

Defendants have refused to provide deposition dates on which the defendants were available to be deposed and unilaterally set dates for Plaintiffs' depositions. Plaintiffs requested deposition dates from defendants in January; Defendants have yet to ask for dates which work for Plaintiffs.  Plaintiffs should be entitled to protection from unilateral setting of depositions for Plaintiffs prior to the occurrence of defendants' depositions.  Defendants' Motion to Compel Depositions is premature and should be denied.  For these and the foregoing reasons, Plaintiffs request that the Court grant their Motion to Quash, deny defendants' Motion to Compel, order defendants' depositions be taken first, and allow counsel to schedule the depositions on dates which are convenient for both parties.

Dated this 24th day of March, 2016.

Respectfully submitted,

FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and biological parents and next friends of LUCAS RIBEIRO, an infant, Plaintiffs,

By:     */s/ Emily J. Wischnowski*
Michael F. Coyle #18299
Ryan M. Sewell #22476
Emily J. Wischnowski #25101
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
402-341-6000
    and
Greg Garland  #16248
GARLAND LAW PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154
(402) 330-7000

4

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the United States District Court for the District of Nebraska on March 24, 2016, using the CM/ECF system which sent notification of such filing to the following:

John W. Patton, Jr.
Michael G. Vranicar
Natalie J. Eschbach
Patton & Ryan, LLC
330 N. Wabash, Suite 3800
Chicago, IL 60611
**Counsel for Baby Trend; Mark Sedleck; and Millenium Development**

Michael F. Kinney
David A. Blagg
Ronald F. Krause
Cassem, Tierney, Adams, Gotch
  & Douglas
9290 W. Dodge Road, Suite 302
Omaha, NE 68114
**Counsel for Indiana Mills**

Matthew R. King
Randall R. Riggs
Frost Brown Todd, LLC
P.O. Box 44961
Indianapolis, IN 46244
**Counsel for Indiana Mills**

John C. Gray
Jessica A. Uhlenkamp
Heidman Law Firm, LLP
128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA 51102-3086
**Counsel for Lerado Group Co., Ltd.; Lerado Group (Holding) Company; Lerado (Zhong Shan) Industrial Co., Ltd.; Lerado China Limited; Lerado H.K. Limited; Maxi Miliaan B.V.; and Dorel Industries, Inc.**

Stephen G. Olson, II
Elizabeth B. Smith
Kristina J. Kamler
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102
**Counsel for Gnotec Reftele AB; AB Gnosjogruppen AB and Holmbergs Safety System Holding AB**

/s/ Emily J. Wischnowski

1425189

5