IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of LUCAS RIBEIRO, an infant, | ) ) ) ) | CASE NO. 8:12cv204 |
| | ) | |
| Plaintiffs, | ) ) | **PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL INSPECTION AND TESTING** |
| vs. | ) ) | |
| | ) | |
| BABY TREND, INC., et al., | ) ) | |
| Defendants. | ) | |

Plaintiffs Franco Ribeiro and Deanna Ribeiro ("Plaintiffs") submit this Brief in Opposition to the Motion to Compel Inspection filed by Baby Trend, Inc., Millenium Development Corp., and Mark Sedlack (collectively herein, "Baby Trend").

## I.      BACKGROUND

In May of 2013, Baby Trend inspected the subject car seat.  (Declaration of Michael F. Coyle ("MFC Dec.") at ¶ 3; see also Exhibit A).  As a professional courtesy, Plaintiffs agreed that they would not count that inspection as the Rule 34 inspection. (MFC Dec. at ¶ 5 ; Exhibit A).

On January 22, 2016, Plaintiffs' counsel sent Baby Trend's counsel Fed. R. Civ. P. 30(b)(6) deposition notices for Baby Trend, Inc. and Millenium Development Corp., and advised counsel that they wished to depose those defendants and Mark Sedlack. (Declaration of Emily J. Wischnowski ("EJW Dec.") at ¶ 4; Exhibit B).  Plaintiffs' counsel requested dates on which such depositions could be taken. (EJW Dec. at ¶ 4; Exhibit B).  After several follow-up emails, Baby Trend's counsel responded on February 8, 2016, stating that they wished to obtain an inspection of the subject car seat prior to allowing defendants' depositions to occur.  (EJW Dec. at ¶ 5-6; Exhibit C).  Baby Trend

1

also requested that they be allowed a subsequent destructive inspection. (EJW Dec. at ¶ 6; Exhibit C). After reminding Baby Trend that they have already inspected the car seat once, Plaintiffs' counsel stated that they would object to more than one Rule 34 inspection and would further object to any destructive inspection. (EJW Dec. at ¶ 7).

Despite these disagreements and subject to Plaintiffs' counsel's objections thereto, Plaintiffs' counsel attempted in good faith to arrange a date on which a Rule 34 inspection could occur for all the defendants, all the while continuing to request deposition dates from Baby Trend's counsel. (EJW Dec. at ¶ 8-9; Exhibits D, E, F, and J). On March 2, 2016, Plaintiffs' counsel provided dates to Baby Trend's counsel which would work for inspection dates and deposition dates for the Baby Trend defendants. (EJW Dec. at ¶ 10; Exhibit F). On March 2, 2016, Baby Trend sent to Plaintiffs' counsel their First Supplemental Request for Production of the subject car seat. (See Filing No. 362; Exhibit I). On March 8, 2016, counsel chose a tentative date for the inspection, but Baby Trend's counsel would not provide dates on which the Baby Trend defendants could be deposed. (EJW Dec. at ¶ 11; Exhibit K). On March 9, 2016, Baby Trend filed a Motion to Compel requesting the court to compel Plaintiffs to make the subject car seat available for inspection and testing. (Filing No. 384). Plaintiffs' deadline to respond to Baby Trend's First Supplemental Request for Production is scheduled for on or around April 1, 2016. See Fed. R. Civ. P. 34.

## II.    ARGUMENT

Baby Trend's Motions to Compel are premature and should be denied. Plaintiffs' deadline to respond to Baby Trend's First Supplemental Request for Production to Plaintiffs has not yet passed. Moreover, Baby Trend has no need of an expedited

2

response to its Supplemental Request for Production.  As such, their Motion to Compel should be denied.

Federal Rule of Civil Procedure 34 provides that the party to whom the request for production is directed "must respond in writing within 30 days after being served".  Absent a compelling need for an expedited review, courts generally allow parties the full time allotted under the Federal Rules.  See Sturdevant v. Sears, Roebuck & Co., 32 F.R.D. 426, 429 (W.D. Mo. 1963) ("Under the circumstances the plaintiff should not be rewarded with prompt answers to her written interrogatories.  Under ordinary circumstances the interrogatories should be answered in the time fixed by the Rules.").

In this matter, Baby Trend sent to Plaintiffs' counsel their First Supplemental Request for Production of the subject car seat on March 2, 2016.  (See Filing No. 362).  The request stated that the "inspection and testing may occur at a reasonable time and place to be mutually agreed upon by the parties." (Id.)  Pursuant to Fed. R. Civ. P. 34, Plaintiffs have 30 days after being served to respond to Baby Trend's Request for Production.   As such, Plaintiffs' deadline to respond to the Request for Production has not passed, and Baby Trend's Motion to Compel the inspection is premature.

Plaintiffs have never objected to allowing defendants an inspection of the car seat pursuant to Rule 34.  Rather, the disagreements revolve around the date or timing of the inspection and whether Baby Trend is allowed to get a second inspection.

Moreover, the sequence of the inspection and the Baby Trend depositions will not unfairly prejudice Baby Trend.  As an initial matter, Baby Trend's assertion that they have never seen the car seat is false.  Baby Trend's prior counsel inspected the car seat in May of 2013.  Moreover, the subject matters outlined in the 30(b)(6) Deposition

Notices are not impacted by an inspection of the subject car seat. Baby Trend provides no justification why they require a second inspection in order to answer questions about the design, manufacture, inspection, and distribution of the car seat.

Baby Trend has provided no justification regarding why a destructive inspection is warranted and has provided no guidance or protocol for such an inspection. In order to evaluate Baby Trend's request, the court must balance the interests to be served by the proposed testing against the value of preservation of evidence. Keaschall v. Altec Indus., No. 4:14CV3070, 2015 U.S. Dist. LEXIS 170135, at *4 (D. Neb. Dec. 21, 2015); see also Dabney v. Montgomery Ward & Co., 761 F.2d 494, 498 (8th Cir. 1985) (affirming lower court's denial of destructive testing). As such, Baby Trend's motion to compel a second, destructive inspection should be denied.

III.    CONCLUSION

For the foregoing reasons, Plaintiffs' request that the Court deny defendants' Motion to Compel Inspection.

Dated this 24th day of March, 2016.

Respectfully submitted,

FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and biological parents and next friends of LUCAS RIBEIRO, an infant, Plaintiffs,

By:    /s/ Emily J. Wischnowski
Michael F. Coyle #18299
Ryan M. Sewell #22476
Emily J. Wischnowski #25101
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
402-341-6000
and

4

Greg Garland  #16248
GARLAND LAW PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154
(402) 330-7000

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the United States District Court for the District of Nebraska on March 24, 2016, using the CM/ECF system which sent notification of such filing to the following:

John W. Patton, Jr.
Michael G. Vranicar
Natalie J. Eschbach
Patton & Ryan, LLC
330 N. Wabash, Suite 3800
Chicago, IL  60611
*Counsel for Baby Trend; Mark Sedlack; and Millenium Development*

Michael F. Kinney
David A. Blagg
Ronald F. Krause
Cassem, Tierney, Adams, Gotch
  & Douglas
9290 W. Dodge Road, Suite 302
Omaha, NE  68114
*Counsel for Indiana Mills*

Matthew R. King
Randall R. Riggs
Frost Brown Todd, LLC
P.O. Box 44961
Indianapolis, IN  46244
*Counsel for Indiana Mills*

John C. Gray
Jessica A. Uhlenkamp
Heidman Law Firm, LLP
128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA  51102-3086
*Counsel for Lerado Group Co., Ltd.; Lerado Group (Holding) Company; Lerado (Zhong Shan) Industrial Co., Ltd.; Lerado China Limited; Lerado H.K. Limited; Maxi Miliaan B.V.; and Dorel Industries, Inc.*

Stephen G. Olson, II
Elizabeth B. Smith
Kristina J. Kamler
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, NE  68102
*Counsel for Gnotec Reftele AB; AB Gnosjogruppen AB and Holmbergs Safety System Holding AB*

                          /s/ Emily J. Wischnowski

1428838

5