IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCO RIBEIRO and DEANNA | ) | |
| RIBEIRO, as individuals and as next | ) | Case No.  8:12cv204 |
| friends and biological parents of | ) | |
| LUCAS RIBEIRO, an infant, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BABY TREND, INC.; MARK SEDLACK; | ) | |
| MILLENIUM  DEVELOPMENT CORP.; | ) | |
| INDIANA MILLS & MANUFACTURING, | ) | |
| INC.; LERADO GROUP CO., LTD.; | ) | |
| LERADO GROUP (HOLDING) | ) | |
| COMPANY, LTD.; LERADO (ZHONG | ) | |
| SHAN) INDUSTRIAL CO., LTD.; | ) | |
| LERADO CHINA LIMITED; LERADO | ) | |
| HK LIMITED; HOLMBERGS SAFETY | ) | |
| SYSTEM HOLDING AB f/k/a | ) | |
| HOLMBERGS CHILDSAFETY AB; | ) | |
| HOLMBERGS CHILDSAFETY AB f/k /a | ) | |
| KENDRION HOLMBERGS AB d/b/a | ) | |
| HOLMBERGS; HOLMBERGS SAFETY | ) | |
| SYSTEM HOLDING AB f/k/a | ) | |
| HOLMBERGS CHILDSAFETY | ) | |
| HOLDING AB d/b/a HOLMBERGS; | ) | |
| GNOSJÖGRUPPEN AB f/k/a | ) | |
| KENDRION AUTOMOTIVE METALS | ) | |
| AB d/b/a HOLMBERGS; HOLMBERGS | ) | |
| SAFETY SYSTEM HOLDING AB, | ) | |
| GNOTEC REFTELE AB, | ) | |
| MAXI MILIAAN B.V., and | ) | |
| DOREL INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, BABY TREND, INC., MARK SEDLACK, AND MILLENIUM
DEVELOPMENT CORP.'S MEMORANDUM IN REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS, AND IN RESPONSE TO
PLAINTIFFS' BRIEF IN OPPOSITION TO THEIR MOTION TO COMPEL
PLAINTIFFS' DEPOSITIONS, AND PLAINTIFFS' MOTION TO QUASH
DEPOSITION NOTICES**

## INTRODUCTION

Defendants, BABY TREND, INC.; MARK SEDLACK; and MILLENIUM DEVELOPMENT CORP. (hereinafter referred to collectively as "Defendants"), have filed a motion to compel Plaintiffs to appear for their depositions prior to the Defendants' depositions in this case, and subsequent to the first inspection with nondestructive testing. Pursuant to Federal Rules of Civil Procedure 26, 30, 37 and 45, Defendants respectfully move this Honorable Court to compel Plaintiffs to appear for their depositions on April 22, 2016 at Plaintiffs' Counsel's office as set forth in their Notice of Depositions, which were filed with the Court. Defendants respectfully request these depositions take place after the first visual inspection with non-destructive testing on April 6, 2016. This reply brief is being filed contemporaneously with Defendants' reply brief in support of their motion to compel the inspections and testing of the subject car seat. Defendants also incorporate their index of evidence, affidavit, and exhibits attached to their motion to compel the Plaintiffs parents' depositions.

## ARGUMENT

The Plaintiff parents' depositions in this case are necessary for the Plaintiffs to try to establish the allegations contained in their seventh amended complaint and for the defense of the case. Therefore, the deposition notices of the Plaintiffs in this case should not be quashed.

Defendants' Counsel followed proper procedure in filing this motion to compel. The parties conferred numerous times regarding setting the parties' depositions since January of 2016, as evidenced by the emails attached to movants' motion to compel. Plaintiffs' Counsel and Defendants' counsel exchanged numerous emails and telephone communications raising their objections and concerns. Although Plaintiffs' counsel relies on the fact she sent an email on March 9, 2016, stating she wished to reach a resolution and avoid motion practice, it was apparent during communications between the parties' counsel that the parties would not reach an agreement on the schedule of the inspection and party depositions. Additionally, Plaintiffs'

Counsel only informed Defendants' Counsel for the first time on March 9, 2016, via a telephone call, that they now preferred the parties' depositions take place prior to the Defendants even having an opportunity to inspect the product at issue, which is the subject of this litigation. Movants filed this motion when it became clear that Plaintiffs changed their position and wanted the party depositions to occur prior to any inspection of the product which is the subject of this products liability action.

In December of 2015, Plaintiffs' Counsel and Defendants' Counsel communicated regarding the completion of the jurisdictional discovery phase of the case and whether the parties could adhere to the October 24, 2016 trial date in place as numerous defendants had been added to the case, written discovery needed to be conducted among all the parties, numerous depositions would have to be conducted given the addition of multiple defendants, and expert discovery would have to take place. As a result, on October 30, 2015, the Court entered the Order Amending Final Schedule for Progression of Case setting the final pre-trial conference for January 30, 2017, and a new trial date of February 27, 2017. (See CM/ECF Docket, Filing No. 325).

The parties are now less than a year away from trial and have yet to conduct additional written discovery, depositions of party and non-party witnesses, and expert discovery. Currently, all depositions are to be complete by July 1, 2016. Given that it has been a challenge for the parties to coordinate their schedules to get deposition dates and other case events on the books, as evidenced by the fact it took months to complete the Lerado jurisdictional depositions, the parties only have three months to set and take all party and non-party depositions. Therefore, Defendants' brought this motion in good faith as it is imperative to move along the discovery process in this case.

The parties conferred on numerous occasions regarding setting the parties' depositions. It became clear this matter would not resolve without court intervention. This case has proceeded

for years due to Plaintiffs' requests to add additional defendants and to conduct jurisdictional discovery. Given the schedule of the case as set forth in the December 30, 2015 Court Order, Defendants simply wish this litigation to proceed. The parties in good faith attempted to work out their scheduling differences; however, it was clear from communications with Plaintiffs' counsel that Plaintiffs' Counsel were not willing to budge on the scheduling issues.

The Defendants, in good faith, filed their deposition notices issued to the Plaintiffs in order to file this motion to compel as it was apparent the parties could not come to an agreement on scheduling the inspections or depositions without court intervention. As evidenced by Plaintiffs' Counsel's February 8, 2016 email to Defendants' Counsel, Plaintiffs were unwilling to compromise on setting the Plaintiffs' deposition dates: "As for the order of the depositions, Mike Coyle won't negotiate on that issue – Plaintiffs' depositions will be conducted last. And based on the court's general practice, I think that taking that up with the court will be a waste of your time."  (See Exhibit C attached to movants' motion, p. 1). Defendants' Counsel attempted to work with Plaintiffs' Counsel on the scheduling issues surrounding Plaintiffs' depositions; however, it was apparent since February 8, 2016, that Plaintiffs would not negotiate on the issue.

As set forth in Defendants' motion to compel depositions, Between March 4, 2016 and March 9, 2016, Plaintiffs' Counsel and Defendants' Counsel exchanged a series of emails regarding the parties' deposition objections and inspection objections. Plaintiffs' Counsel sent an email to Defendants' Counsel on March 8, 2016, confirming that "April 6 will work" for the first inspection. Plaintiffs' Counsel subsequently sent an email that same day stating that they would not confirm April 6, 2016 as the inspection date until the party depositions were set. Defendants' Counsel responded stating that to her understanding, per the agreement of the parties, the deposition dates were dependent on confirming an inspection date. (See movant's motion, Eschbach Aff., ¶ 22, Exhibit N.)

Defendants admit that the Plaintiffs served them with draft deposition notices to discuss objections prior to serving their deposition notices upon the Plaintiffs. However, Defendants' Counsel informed Plaintiffs' Counsel she wished to work out the objections to the deposition notices. Furthermore, in her February 8, 2016 email to Plaintiffs' Counsel, Defendants' Counsel informed Plaintiffs of the Defendants' wish to proceed with the Plaintiffs' depositions first to investigate the alleged instrumentality which caused Lucas Ribeiro's incident. (See Exhibit C attached to movants' motion, p. 2).   In her February 8, 2016 email to Plaintiffs' Counsel, Defendants' Counsel also stated that she would like the Plaintiff parents' depositions to proceed prior to the Defendants' depositions. Defendants' Counsel also stated that Brad Mattarocci from Baby Trend and Mark Sedlack are willing to travel to Nebraska for their depositions to make it convenient for everyone so that "we are not traveling all over the country." Defendants' Counsel stated that she and her clients would be flexible with the deposition dates to accommodate everyone and to complete them as soon as possible.

Defendants' Counsel and Plaintiffs' Counsel communicated via telephone on March 9, 2016 regarding the Plaintiffs' deposition and inspection objections. Plaintiffs' Counsel informed Defendants' Counsel for the first time that the Plaintiffs now want all party depositions to proceed prior to the inspection, with the Plaintiff depositions still taking place after all remaining party depositions. Defendants' Counsel and Plaintiffs' Counsel then exchanged emails regarding deposition dates. Defendants' Counsel informed Plaintiffs' Counsel of available dates and since it was apparent the parties would not be able to resolve this discovery dispute, she would file the Defendants' motion to compel the inspections and Defendants' motion to compel the Plaintiffs' depositions. (See movant's motion, Eschbach Aff., ¶ 22, Exhibit N.)

Furthermore, Plaintiffs' Counsel's statement that the Defendants did not consult Plaintiffs' Counsel prior to setting deposition dates is inaccurate. Defendants' Counsel, per Federal and local court rules, conferred with Plaintiffs' Counsel and counsel for IMMI regarding

setting the inspection and deposition dates. Plaintiffs' Counsel provided Defendants' Counsel with confirmed and unconfirmed dates for April and May of 2016. Defendants' Counsel conferred with her clients and IMMI's Counsel, according to the dates provided by Plaintiffs' Counsel, and found that the following dates were agreeable to all parties: April 6, 22, 26, and 27; and May 24, 25, 26, 27, 30 and 31.

Federal Rule of Civil Procedure 45 governs motions to quash a subpoena. Fed. R. Civ. P. 45(d)(3) provides that a subpoena must be quashed when it: 1) fails to allow a reasonable time to comply; 2) requires a person to comply beyond the geographical limits specified in Rule 45(c); 3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or 4) subjects a person to undue burden. *Fed. R. Civ. P. 45(d)(3).* In considering a motion to quash, the burden of persuasion is on the movant. *Dillon Auto Sales, Inc. v. Troutner,* No. 4:14CV104, 2015 U.S. Dist. LEXIS 166380 (D. Neb. Dec. 11, 2015). Mere assertions of prejudice and burden are insufficient to meet Plaintiff's burden. *Id.*

Like *Dillon Auto Sales,* Plaintiffs have not provided any proper legal basis for why the Plaintiffs' depositions should proceed only after all of the other party depositions have been taken or why the Plaintiffs' deposition notices should be quashed. Plaintiffs have not set forth any argument pursuant to Fed. R. Civ. P. 45(d)(3) which would require the deposition notices of parties to be quashed. Rather, a decision to require the Defendants to testify before the Plaintiffs in this case would cause undue burden on the Defendants in defending this products liability case as the Defendants are entitled to establish the Plaintiff's cause of action and investigate the Plaintiffs' allegations surrounding the subject car seat.

Plaintiffs' counsel still has not filed Rule 30(b)(6) deposition notices for the Defendants. Furthermore, Plaintiffs' counsel has not provided any objections to the deposition notices Defendants filed for the Plaintiff parent depositions. Plaintiffs' counsel's only objection to the

Plaintiffs' parent depositions to date is that they merely want the Plaintiffs depositions to proceed after all other fact discovery conducted in this case.

Furthermore, Plaintiffs' Counsel states that the Rule 30(b)(6) deposition for IMMI is set for April 21, 2016. However, Plaintiffs' Counsel did not inform Defendants' Counsel that IMMI's deposition was set for April 21, 2016. If Plaintiff's Counsel had conferred with Defendants' Counsel in setting IMMI's deposition, she would have been informed that the Defendants and Defense Counsel are unavailable for IMMI's deposition on that date. This motion to quash was Defense Counsel's first notice that IMMI's deposition had potentially been set, especially considering that no deposition notice was filed or provided to Defense Counsel.

Finally, Plaintiffs have not demonstrated that the Plaintiffs' depositions proceeding first in this case would cause any undue burden to the Plaintiff in this products liability case. Plaintiffs have not provided any reasons why they would suffer any prejudice or burden which would outweigh the benefit of Defendants conducting the Plaintiffs' depositions to confirm the allegations of the underlying incident, especially given the Defendants' affirmative defenses of misuse and contributory negligence. As such, the Defendants would be substantially prejudiced if they were unable to depose the Plaintiffs in order to fully investigate the allegations that are the basis of Plaintiffs' Seventh Amended Complaint. As such, the Defendants now seek the Court's assistance in resolving this matter.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 26, 30 and 45, this Honorable Court should grant the Defendants' motion to compel the Plaintiff parent depositions of Deanna Ribeiro and Franco Ribeiro, and deny Plaintiffs' motion to quash the Plaintiffs' deposition notices. The Defendants should be allowed to investigate the Plaintiffs' cause of action and to confirm the alleged facts of the underlying incident. The Plaintiffs' alleged instrumentality of the subject car seat which allegedly caused Plaintiffs' injuries is critical in investigating and discovering the facts

surrounding the incident. Defendants' Counsel proposes that the first inspection take place on April 6, 2016; Plaintiffs' depositions take place on April 22, 2016, and that Baby Trend, MDC and IMMI's depositions take place on April 26 and 27, 2016.

Dated: March 30, 2016

Defendants, BABY TREND, INC., MARK SEDLACK, and MILLENIUM DEVELOPMENT CORP.

By:____/s/ Natalie J. Eschbach_____
      John W. Patton, Jr.
      Michael G. Vranicar
      Natalie J. Eschbach
      PATTON & RYAN LLC
      330 N. Wabash, Suite 3800
      Chicago, IL 60611
      Telephone:  (312) 261-5160
      Facsimile:   (312) 261-5161
      jpatton@pattonryan.com
      mvranicar@pattonryan.com
      neschbach@pattonryan.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing, Defendants, Baby Trend, Inc.; Mark Sedlack; and Millenium Development Corp.'s, Memorandum in Reply in Support of Their Motion to Compel Plaintiffs' Depositions, and in Response to Plaintiffs' Brief in Opposition to Their Motion to Compel Plaintiffs' Depositions, and Plaintiffs' Motion to Quash Deposition Notices was served on the following parties on March 30, 2016, via the Court's ECF system:

**Attorneys for Plaintiffs:**
Michael F. Coyle
Ryan M. Sewell
Emily J. Wischnowski
Jacqueline M. DeLuca
Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102

**Attorney for Plaintiffs:**
Greg Garland
Garland Law PC
Linden Place, Suite 100
14301 FNB Parkway
Omaha, NE 68154

**Attorneys for Defendants,**
**Baby Trend, Inc.;**
**Mark Sedlack;**
**Millenium Development Corp.**
John W. Patton, Jr.
Michael G. Vranicar
Natalie J. Eschbach
Patton & Ryan, LLC
330 N. Wabash, Suite 3800
Chicago, IL  60611

**Attorneys for Defendants, Gnotec**
**Reftele AB, Gnosjögruppen AB, and**
**Holmbergs Safety System Holding**
**AB**
Stephen G. Olson, II
Elizabeth B. Smith
Kristina J. Kamler
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102

**Attorneys for Defendant, Indiana**
**Mills & Manufacturing, Inc.**
Michael F. Kinney
David A. Blagg
Ronald F. Krause
Cassem, Tierney, Adams, Gotch & Douglas
9290 West Dodge Road, Suite 302
Omaha, NE 68114-3320

**Attorneys for Defendant, Indiana**
**Mills & Manufacturing, Inc.**
Matthew R. King
Randall R. Riggs
Frost Brown Todd, LLC
P.O. Box 44961
Indianapolis, IN 46244-0961

**Attorneys for Defendants,**
**Lerado Group Co., Ltd.;**
**Lerado Group (Holding) Co., Ltd.**
**Lerado (Zhong Shan) Industrial Co.,**
**Ltd.**
**Lerado China Limited and**
**Lerado H.K. Limited**
John C. Gray
Heidman Law Firm, LLP
128 Historic Fourth Street
P.O. Box 3086
Sioux City, IA  51102-3086

_____/s/ Natalie J. Eschbach_____
One of the Attorneys for the Defendants,
Baby Trend, Inc.; Mark Sedlack; and
Millenium Development Corp.

John W. Patton, Jr.
Michael G. Vranicar
Natalie J. Eschbach
PATTON & RYAN LLC
330 N. Wabash, Suite 3800
Chicago, IL 60611
Telephone:  (312) 261-5160
Facsimile:   (312) 261-5161
jpatton@pattonryan.com
mvranicar@pattonryan.com
neschbach@pattonryan.com