# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant,<br><br>    Plaintiffs,<br><br>    v.<br><br>BABY TREND, INC., a corporation, MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, HOLMBERGS SAFETY SYSTEM HOLDING AB, GNOSJOGRUPPEN AB, HOLMBERGS CHILDSAFETY AB, GNOTEC REFTELE AB, Maxi MILIAAN B.V., and DOREL INDUSTRIES, INC.,<br><br>    Defendants. | 8:12CV204<br><br>ORDER |

    This matter is before the court on the motion to compel inspections and testing ([Filing No. 384](#)) filed by Defendants Baby Tend, Inc., Mark Sedlack, and Millenium Development Corp. (collectively, "Defendants"). For the reasons explained below, the court will grant the motion.

    Plaintiffs filed this suit alleging that the restraint system of a car seat manufactured and/or developed by Defendants strangled and asphyxiated their child,

causing the child to suffer permanent brain and neurological injuries. Defendants filed the present motion to compel the Plaintiffs to make available the car seat at issue to conduct a nondestructive visual inspection prior to the parties' depositions. (Filing No. 385 at p. 5). Plaintiffs object to the timing of the visual inspection because they provided Rule 30(b)(6) notice of depositions to Defendants on January 22, 2016, prior to Defendants' request for inspection, and Defendants have not yet provided their available dates for depositions. (Filing No. 400 at pp. 1-2).

Between January 27, 2016, and March 9, 2016, counsel for Defendants and Plaintiffs exchanged several emails and telephone calls regarding scheduling of depositions and inspection of the car seat. (Filing No. 385-3 to Filing No. 385-16). Defendants' counsel notified Plaintiffs' counsel on February 8, 2016, of Defendants' request to visually inspect the car seat prior to the depositions. (Filing No. 385-5 at p. 2). On March 2, 2016, counsel for Defendants formally served Plaintiffs with a supplemental request for production for inspection and nondestructive testing under Federal Rule of Civil Procedure 34. (Filing No. 385-11 at pp. 8-9). Defendants outlined the nondestructive inspection protocol in their request. (Filing No. 385-11 at pp. 12-13). Plaintiffs objected to the proposed inspection. (Filing No. 401-9 at p. 1).

Under Fed. R. Civ. P. 26(d), discovery may be used in any sequence unless the court orders otherwise "for the parties' and witnesses' convenience and in the interests of justice." A party may serve on any other party a request to produce and permit the requesting party to inspect and test tangible things in the responding party's custody. Fed. R. Civ. P. 34. A Rule 34 request must describe with reasonable particularity each item or category of items to be inspected and must specify a reasonable time, place, and manner for the inspection and for performing the related acts. Fed. R. Civ. P. 34.

The Plaintiffs have sole possession of car seat at issue in this case, which is located at Plaintiffs' counsel's office in Omaha, Nebraska. (Filing No. 385-14 at p. 3). Defendants seek to perform a nondestructive inspection to see how the car seat has been

handled and confirm it is Baby Trend's product. ([Filing No. 403 at p. 7](#)). Defendants assert that inspecting the car seat prior to their depositions will make the discovery process more efficient. ([Filing No. 403 at p. 7](#)). Defendants argue they would be prejudiced if they were not able to examine the car seat before being compelled to testify about it. ([Filing No. 403 at p. 8](#)). Plaintiffs' only objection to the nondestructive inspection is related to its timing. As previously noted by this court, this litigation involves multiple foreign entities and discovery in this case has been slow and difficult. Defendants' request to inspect the car seat prior to their depositions is reasonable and appears aimed at expediting the discovery process. Therefore, in the interest of justice, the court finds that the Defendants should be permitted to perform a nondestructive inspection prior to the parties' depositions. See [Fed. R. Civ. P. 26(d)](#). The parties are available for the nondestructive inspection in Omaha, Nebraska, on April 6, 2016. ([Filing No. 385-16 at p. 5](#)). The nondestructive inspection protocol proposed by Defendants is reasonable. ([Filing No. 385-11 at pp. 12-13](#)). The Defendants' motion to compel should be granted and the nondestructive inspection should take place on April 6, 2016, in accordance with Defendants' proposed inspection protocol.

Defendants also seek to preserve the right to conduct a second inspection under Rule 34, including destructive testing. ([Filing No. 403 at p. 9](#)). Defendants anticipate they will seek destructive testing but have not yet submitted a proposed protocol under Rule 34. ([Filing No. 403 at p. 9](#)). Plaintiffs have indicated in emails and filings in this court that they will object to such a request. ([Filing No. 400 at pp. 3-4](#)). However, Defendants have not yet made their request for destructive testing and the parties therefore have not had the opportunity to confer regarding the issue. Therefore, the court finds it premature to rule on Defendants' potential request for destructive testing. Accordingly,

**IT IS ORDERED:** Defendants' Motion to Compel Inspections and Testing ([Filing No. 384](#)) is granted. Nondestructive visual inspection of the car seat at issue shall

take place on April 6, 2016, in accordance with Defendants' proposed nondestructive inspection protocol.

**DATED: April 4, 2016.**

                                            **BY THE COURT:**

                                            s/ **F.A. Gossett**
                                            **United States Magistrate Judge**