# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant, | 8:12CV204 |
| Plaintiffs, | ORDER |
| v. | |
| BABY TREND, INC., a corporation, MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, HOLMBERGS SAFETY SYSTEM HOLDING AB, GNOSJOGRUPPEN AB, HOLMBERGS CHILDSAFETY AB, GNOTEC REFTELE AB, Maxi MILIAAN B.V., and DOREL INDUSTRIES, INC., | |
| Defendants. | |

This matter is before the court on the motion to compel Plaintiffs' depositions ([Filing No. 386](#)) filed by Defendants Baby Tend, Inc., Mark Sedlack, and Millenium Development Corp. (collectively, "Defendants") and the motion to quash ([Filing No. 395](#)) filed by Franco Ribeiro and Deanna Ribeiro, Plaintiffs. For the reasons explained below, the court will deny Defendants' motion and grant Plaintiffs' motion.

1

On January 22, 2016, Plaintiffs' counsel sent Fed. R. Civ. P. 30(b)(6) deposition notices to counsel for Defendants and requested that Defendants provide dates on which they would be available to be deposed. (Filing No. 387-4 at p. 3). Defendants sent deposition notices for Plaintiffs to their counsel on February 29, 2016. (Filing No. 387-8 at p. 1). Between January 27, 2016, and March 9, 2016, counsel for Defendants and Plaintiffs exchanged numerous emails and telephone calls regarding scheduling of depositions and a nondestructive inspection of the car seat at issue in the instant case. (Filing No. 387-3 to Filing No. 387-16; Filing No. 398-2 to Filing No. 398-12). Counsel could not agree on the order in which the parties' depositions and nondestructive inspection would occur. Defendants sought to be deposed after the nondestructive inspection of the car seat and after Plaintiffs are deposed. (Filing No. 387-5 at p. 2). Counsel for Plaintiffs "won't negotiate" on the issue that Plaintiffs be deposed last and would not schedule the nondestructive inspection until depositions were scheduled. (Filing No. 387-5 at p. 1; Filing No. 399-11 at p. 1). This court granted Defendants' motion to compel the Plaintiffs to make the car seat available for a nondestructive visual inspection on April 6, 2016. (Filing No. 408). The motions presently before the court relate to the scheduling of depositions.

Plaintiffs filed the instant motion to quash because Defendants unilaterally scheduled Plaintiffs' depositions for Friday, April 22, 2016, and have refused to provide dates for Plaintiffs to take Defendants' depositions. (Filing No. 382; Filing No. 383). A subpoena may be quashed or modified if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Plaintiff Deanna Ribeiro submitted an affidavit averring she works Tuesdays through Saturdays and is scheduled to work on April 22, 2016. Deanna has used all her paid time off to care for Lucas and would lose needed income for their household if compelled to appear on the scheduled date. (Filing No. 418-2). The court finds that the deposition scheduled for April 22, 2016, will subject Plaintiffs to an undue burden and therefore finds the motion to quash should be granted. Counsel are ordered

to meet and confer to schedule Plaintiffs' depositions on a date convenient for both parties.

Remaining is the issue of the order in which depositions should occur. Both parties have taken the unwavering position that they be deposed last. Under Fed. R. Civ. P. 26(d), "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d). Rule 26(d) eliminates any fixed priority in the sequence of discovery, including the rule developed by courts conferring priority on the party to first serve notice of taking depositions. See Committee Note to 1970 amendment of Rule 26(d), 48 F.R.D. 487, 507 (1969); *The Former Priority Rule*, 8A Fed. Prac. & Proc. Civ. § 2045 (3d ed.). District courts have broad discretion to limit discovery and decide discovery motions. *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993).

Plaintiffs contend that because they requested to take Defendants' depositions first this court should order that Defendants depositions be taken first. (Filing No. 397 at pp. 3-4). Defendants assert they will be unduly burdened and prejudiced in defending Plaintiffs' products liability claim if Plaintiffs are deposed last because Defendants need to confirm the facts of the underlying incident and investigate Plaintiffs' allegations surrounding the car seat relevant to Defendants' affirmative defenses of misuse and contributory negligence. (Filing No. 405 at pp. 6-7). Neither party presents a particularly compelling reason why this court should order that they be deposed last. Rather, given the age of this case, the numbers of parties with difficult-to-coordinate schedules, and the pending July 1, 2016, deposition deadline, counsel should endeavor to schedule depositions in a manner to best expedite the discovery process and progress the case. Nevertheless, as it is apparent the parties will be unable to resolve the issue, the court finds Plaintiffs are entitled to schedule their depositions of Defendants first.

3

Counsel for both parties are ordered to exchange their available dates for depositions as soon as practicable. Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' motion to quash ([Filing No. 395](Filing No. 395)) is granted.
2. Defendants' motion to compel ([Filing No. 386](Filing No. 386)) is denied.
3. Counsel are to meet and confer to schedule depositions in a manner consistent with this order.

**DATED: April 15, 2016.**

               **BY THE COURT:**

               **s/ F.A. Gossett**
               **United States Magistrate Judge**