# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant,<br><br>    Plaintiffs,<br><br>  v.<br><br>BABY TREND, INC., a corporation, MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, HOLMBERGS SAFETY SYSTEM HOLDING AB, GNOSJOGRUPPEN AB, HOLMBERGS CHILDSAFETY AB, GNOTEC REFTELE AB, Maxi MILIAAN B.V., and DOREL INDUSTRIES, INC.,<br><br>    Defendants. | 8:12CV204<br><br>ORDER |

  This matter is before the court on the motion to quash Plaintiffs' notices of Rule 30(b)(6) depositions or for entry of protective order (Filing No. 433) filed by Defendants Baby Trend, Inc. ("Baby Trend"), Mark Sedlack, and Millenium Development Corp. ("Millenium") (collectively, "Defendants"). Plaintiffs filed deposition notices on May 23, 2016, scheduling Rule 30(b)(6) depositions of Millenium and Baby Trend for June 1 and 2, 2016. (Filing No. 430 and Filing No. 431). Defendants filed the instant motion on May 25, 2016, requesting that the court quash the deposition notices because Plaintiffs: (1)

1

failed to provide reasonable notice required by Fed. R. Civ. P. 30(b)(1); (2) the noticed topics lack the specificity required by Rule 30(b)(6); and (3) the noticed topics seek disclosure of privileged information and information outside the scope of Rule 26(b). In the alternative, Defendants request the court enter a protective order prior to the Defendants' depositions taking place to prevent or limit Plaintiffs' inquiry into matters to which Defendants objected. (Filing No. 433 at pp. 1-2). Defendants did not request a stay of the depositions or expedited briefing on their motion. While the instant motion was pending, the depositions of corporate representatives from Millenium and Baby Trend took place as scheduled on June 1 and June 2, 2016. (Filing No. 441-1 at pp. 3-4).

Because the depositions have already taken place, the issues raised and relief requested in Defendants' motion are now moot. The court recognizes Defendants' efforts to comply with this court's directive to schedule depositions in a manner to best expedite the discovery process. Due to this court's prior order (Filing No. 421) directing Plaintiffs to schedule their depositions of Defendants first, Defendants were in the unenviable position of proceeding with the scheduled depositions, despite their objections, in order to continue progression of the case. However, now that the depositions have taken place, Federal Rule of Civil Procedure 30(c) governs the conduct of examination by deposition. During a deposition, "[i]f counsel for a deponent believes that a question is inappropriate, he or she has two choices: object to the question and allow the witness to answer, thus preserving the objection, or instruct the witness not to answer." *Van Stelton v. Van Stelton*, No. C11-4045-MWB, 2013 WL 5574566, at *15 (N.D. Iowa Oct. 9, 2013). Instructing a witness not to answer is permitted "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). To the extent that Defendants objected on the record during the depositions, Fed. R. Civ. P. 30(c)(2) provides that the testimony is taken subject to any objection. The court has not been provided with the transcripts of the depositions and thus cannot address the propriety of any objections made during the depositions. The court notes Defendants'

2

objections raised in this motion and considers them preserved in the event they become relevant in subsequent discovery motions.  Accordingly,

**IT IS ORDERED** that Defendants' Motion to Quash Plaintiffs' Notices of Deposition under Rule 30(b)(6), or, in the alternative, for Entry of a Protective Order ([Filing No. 433](#)), is denied as moot.

**DATED: July 27, 2016.**

                        **BY THE COURT:**

                        s/ F.A. Gossett
                        **United States Magistrate Judge**