IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant,** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| **BABY TREND, INC., a corporation, MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, HOLMBERGS SAFETY SYSTEM HOLDING AB, GNOSJOGRUPPEN AB, HOLMBERGS CHILDSAFETY AB, GNOTEC REFTELE AB, Maxi MILIAAN B.V., and DOREL INDUSTRIES, INC.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **8:12CV204**<br><br>**ORDER** |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition of Defendant Lerado Entities, to Compel Lerado's Answers to Plaintiffs' Written Discovery, and, if necessary, for Leave to Extend Deadlines (Filing No. 478).

A party bringing a motion to compel discovery must include with the motion a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, this court's local rules provide:

1

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons.

NECivR 7.1(i). "Personal consultation" is defined as "person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party." *Id.* "[A] magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes." *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995).

Plaintiffs' instant motion to compel is yet another discovery motion in a long line of discovery motions previously filed in this case. See, e.g., Filing No. 231, Filing No. 254, Filing No. 276, Filing No. 384, Filing No. 386, Filing No. 395, Filing No. 433, Filing No. 454, Filing No. 469, Filing No. 474 and Filing No. 478. Review of the discovery motions in this case, including the instant motion, demonstrates to the court that there is an ongoing pattern of lack of cooperation between the parties and failure to meaningfully confer in good faith with the sincere attempt to resolve the parties' differences. Considering the record as a whole, the court gives little credence to Plaintiffs' representations that they have tried to resolve this discovery dispute without court intervention. The parties' inability to resolve simple discovery issues, such as scheduling depositions, without resorting to motion practice has wasted this court's time and resources and unnecessarily delayed progression of this case. Under the circumstances, the court directs the parties to (1) meet and confer again; (2) prepare an audio recording of the meet and confer conversation; and (3) if the parties are unable to work out their differences after the meet and confer, Plaintiffs may resubmit the motion together with the transcript of the audio recording for the court's review.

Going forward, before a discovery motion is filed, the parties must exhaust all reasonable attempts to resolve the discovery dispute without court intervention. The court will carefully scrutinize future discovery motions and may impose sanctions upon parties who fail to comply with the good faith and meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and NECivR 7.1(i). Accordingly,

**IT IS ORDERED:** Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition of Defendant Lerado Entities, to Compel Lerado's Answers to Plaintiffs' Written Discovery, and, if necessary, for Leave to Extend Deadlines (Filing No. 478) is denied, subject to reassertion after meeting and conferring in accordance with this order.

**DATED: August 19, 2016.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**

3