IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant; and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant;<br><br>Plaintiffs,<br><br>vs.<br><br>BABY TREND, INC., a corporation; MARK SEDLACK;  MILLENNIUM DEVELOPMENT CORP.;  INDIANA MILLS & MANUFACTURING INC.;  LERADO GROUP CO., LTD.;  LERADO GROUP (HOLDING) COMPANY, LTD.;  LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD.;  LERADO CHINA LIMITED;  LERADO H.K. LIMITED;  HOLMBERGS SAFETY SYSTEM HOLDING AB;  GNOSJOGRUPPEN AB;  HOLMBERGS CHILDSAFETY AB; MAXI MILIAAN B.V., AND  DOREL INDUSTRIES, INC.,<br><br>Defendants. | 8:12CV204<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the plaintiffs' motion to reconsider and amend, or in the alternative, stay, this court's order dismissing defendant Gnotec Reftele AB f/k/a Kendrion Holmbergs ("Gnotec") for lack of personal jurisdiction, Filing No. 447.[1] *See* Filing No. 435, Memorandum and Order.  Gnotec resists the motion and further requests that the court grant it thirty days from the date of this order to move for costs associated with the dismissal of Gnotec and its related entities.  See Filing No. 459, Gnotec's Memorandum in Response at 18.

---

[1] The plaintiffs seek a stay until plaintiffs can depose the principals of Global Products Incorporated regarding its direct involvement on behalf of Gnotec Reftele AB in the United States on this specific car seat at issue in this litigation.

In their motion for reconsideration, the plaintiffs assert they were misled by Gnotec during jurisdictional discovery and have now discovered new evidence. The purported new evidence was obtained in the documents produced by defendant Mark Sedlack and his company, Millennium Development Corporation ("Millennium Development"), on May 10, 2016 and in the Rule 30(b)(6) deposition of Sedlack on June 1, 2016. The newly discovered evidence purportedly shows that Global Products Incorporated ("Global") was actually Gnotec's sales arm in the United States and Global directly solicited Millennium Development, as a customer of Gnotec, to supply buckles and tongues for Baby Trend car seats. The plaintiffs argue that the new evidence contradicts Gnotec's sworn testimony and shows, for the first time, that Global was directly involved with soliciting Millennium Development as a client so that Gnotec's buckle and tongues would be specifically used in Baby Trend car seats.

A "motion to reconsider" is not authorized by the Federal Rules of Civil Procedure. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Thus, "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60 (b) (relief from judgment for mistake or other reason)." *Id.* Courts have generally viewed any motion which seeks a substantive change in a judgment as a Rule 59(e) motion if it is made within twenty-eight days of the entry of the judgment, as required by the Rule. *See Omaha Indian Tribe v. Tract I--Blackbird Bend Area*, 933 F.2d 1462, 1467 n.3 (8th Cir. 1991) (applying former ten-day time limit). Conversely, if a motion is untimely filed under Rule 59(e), it is treated as a Rule 60(b) motion. *See Baxter Int'l. Inc. v. Morris*, 11 F.3d 90, 92 n.2 (8th Cir. 1993) (holding that motion denominated as "Motion to Reconsider" would be

treated as Rule 60(b) motion where it was filed more than 10 days after entry of the judgment).  A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(b).

Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'"  *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care*, 141 F.3d at 1286.  To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result.  *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 933.

Rule 59(e) and Rule 60(b)(2) are analyzed identically. *Id.* at n.3 (8th Cir. 2006). A person moving for relief pursuant to Rule 60(b)(2) must generally establish the following: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result. To prevail under Rule 60(b)(3), "the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation

3

that prevented the movant from fully and fairly presenting its case." *Atkinson v. Prudential Property Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994).

The court has reviewed the evidence submitted in connection with the plaintiffs' motion.  The court finds the plaintiffs have not shown either that the evidence could not reasonably have been discovered earlier, or that the evidence would change the result. The testimony and exhibits submitted by the plaintiffs do not directly contradict the testimony of Gnotec's representative.  Gnotec's representative testified that Gnotec used Global as an independent consultant to distribute its products in the United States. The plaintiffs were aware of that fact at the time Gnotec's Rule 30(b)(6) representative was deposed.

Contrary to the plaintiffs' assertions, the purported new evidence does not establish that Gnotec either worked with Baby Trend to design the new buckle or that it distributed its buckle in the United States through Global.  It does not establish whether the redesign request was remitted to Gnotec through Global or through another entity. The chain of emails produced in connection with the motion do not include communications with Gnotec.  The "new" evidence shows nothing more than some level of communication that involved Gnotec; it does not establish that Gnotec knew the component parts it manufactured would be distributed in Nebraska.  The evidence still establishes nothing more than that Gnotec placed its component parts in the stream of international commerce; there remains no evidence that Gnotec expected its products to be purchased in this state.  The plaintiffs' purportedly "new" evidence does not refer to the State of Nebraska nor does it support a finding that Gnotec purposefully directed

4

its activities to the State of Nebraska.  Accordingly, the court stands by its earlier ruling.  For the same reasons, the court declines to issue a stay.

Gnotec argues that the plaintiffs have refused to voluntarily dismiss Gnotec's related entities—Holmbergs Safety System Holding AB, Gnosjogruppen AB, and Holmbergs Childsafety AB—and requests "that it be allowed to reserve the right to recover the costs associated with this action in the event Plaintiffs refuse to do so." Filing No. 459, Gnotec's Memorandum in Response at 18.  The court finds that request is premature.  The court sees no reason to depart from the requirements of Fed. R. Civ. P. 54(d)(1) or NECivR 54.1.

IT IS ORDERED:

1.      The plaintiffs' motion for reconsideration, construed as a Rule 59(e) motion (Filing No. 447), or alternatively for a stay, is denied.

2.      Defendant Gnotec's request regarding costs is denied as premature.

Dated this 25th day of August, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge