# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BABY TREND, INC., a corporation, MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, HOLMBERGS SAFETY SYSTEM HOLDING AB, GNOSJOGRUPPEN AB, HOLMBERGS CHILDSAFETY AB, MAXI MILIAAN B.V., and DOREL INDUSTRIES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 8:12CV204

ORDER |
| Defendants. | ) | |

This matter is before the court on Defendants' Joint Motion to Modify and Expand the Number of Depositions (Filing No. 485); Plaintiffs' motion to compel depositions of three representatives of Baby Trend, Inc. ("Baby Trend") (Filing No. 469); and the related motion to quash the depositions filed by Defendants Baby Trend, Mark Sedlack, and Millenium Development Corp. (collectively, "Defendants") (Filing No. 474).

1

### I.    Depositions of Denny Tsai, Betty Tsai, and Chip Whalen

The latest discovery dispute concerns Plaintiffs' request to take depositions of Denny Tsai, Baby Trend's President; Betty Tsai, Baby Trend's Chief Financial Officer (CFO), and Chip Whalen, Baby Trend's former General Manager.   (Filing No. 471-11 at p. 1). [1] Defendants have objected to any deposition of the Tsais under the "apex deposition" rule, and objected to all three depositions because such discovery is unreasonably cumulative, duplicative, and obtainable from another more convenient source.   (Filing No. 476 at p. 2). Counsel for Plaintiffs and counsel for Defendants exchanged a series of emails and letters over several weeks, but were unable to reach a resolution regarding these depositions.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"   Fed. R. Civ. P. 26(b)(1).   The court must limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"   Fed. R. Civ. P. 26(b)(2). Additionally, the court may, for good cause, issue a protective order to prevent or limit discovery to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]"   Fed. R. Civ. P. 26(c)(1).   "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."   *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).    However, "A motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts, and it is difficult to persuade a court to do so."   *Raml v. Creighton Univ.*, No. 8:08CV419, 2009 WL 3335929, at *2 (D. Neb. Oct. 15, 2009) (citing *Static Control Components, Inc. v. Darkprint*

---

[1] Plaintiffs argue the motion to quash is not ripe for adjudication because Plaintiffs have not yet filed deposition notices and set firm dates for the depositions. (Filing No. 499 at p. 2). The issue of whether Plaintiffs are entitled to depose the Tsais and Whalen has been discussed at length between the parties and fully briefed in both motions pending before the court; the court therefore finds the issue ripe for consideration.

*Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001). The apex deposition rule cited by Defendants is "aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head--the top official, not because of any special knowledge of, or involvement in, the matter in dispute." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 126 (D. Md. 2009). However, "A witness cannot escape examination by claiming that he has no knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test his lack of knowledge." *Id.* (quoting *Minter*, 258 F.R.D. at 125.

The court finds and concludes the apex deposition rule does not prohibit the depositions of the Tsais. Plaintiffs have deposed Baby Trend's Rule 30(b)(6) representative, Brad Mattarocci. (Filing No. 476 at p. 2). Plaintiffs assert that Mattarocci testified during his deposition that Denny Tsai was involved in the production of the car seat at issue in this case. Plaintiffs state that during Mattarocci's deposition, he indicated Mr. Tsai knew how Baby Trend's relationship with Lerado began, signed the agreement with Lerado and conducted pricing and agreement negotiations with Lerado, and may have been the only contact person for Lerado and where the Lerado assembly facility was located. (Filing No. 470 at p. 5). Mattarocci also testified that Baby Trend has destroyed all of their accounting and warranty records relating to the subject car seat model, that it is the accounting department's responsibility to maintain contract, certificates of insurance, and indemnity agreements for Baby Trend, and that Mrs. Tsai is the only individual from accounting still around to answer questions regarding that process. (Filing No. Filing No. 471-2 at p.p 29-30). Although Defendants' arguments regarding the Tsais' high-level positions and busy schedules are well-taken, the court finds and concludes that the Tsais are likely to possess information relevant to the parties' claims and defenses and discoverable under Rule 26(b)(1).

3

Accordingly, the court shall deny Defendants' motion to quash to the extent that it seeks to completely prohibit Plaintiffs from taking the deposition of the Tsais.   However, there is merit to Defendants' concerns regarding the Tsais' potentially limited personal knowledge, busy schedules, and the availability of less burdensome avenues for Plaintiffs to discover the requested information.   In consideration of the above, the court directs Plaintiffs to first request information from Mrs. Tsai through narrowly tailored interrogatories prior to her deposition.   See Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .   (C) prescribing a discovery method other than the one selected by the party seeking discovery.").   With respect to Mr. Tsai, Plaintiffs assert he may have relevant information regarding Baby Trend's relationship with the Lerado defendants.   Plaintiffs have not yet deposed Lerado's Rule 30(b)(6) witness. The court will order Plaintiffs to depose Lerado's 30(b)(6) witness prior to taking Mr. Tsai's deposition.[2]   See Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .   (B) specifying terms, including time and place . . . for the disclosure or discovery.").   This procedure is employed in order for Plaintiffs to complete discovery from those individuals whom Defendants asserts have more personal knowledge of the underlying facts of this dispute, and in a manner that limits Plaintiffs from engaging in duplicative discovery during the Tsais depositions.

Finally, Defendants object to the deposition of Whalen as being unreasonably cumulative, duplicative, and unduly burdensome. Whalen is Baby Trend's former general

---

2 The court is aware that issues have arisen between Plaintiffs and Lerado regarding the Lerado defendants' deposition. **See** Filing No. 514 - Lerado's Motion for Protective Order.   However, such issue appears to relate only to the location of the deposition.

manager and was involved in testing the car seat model during the design and manufacturing stages and drafted the agreement with Lerado; was responsible for drafting all of Baby Trend's agreements; approved final manual for subject car seat; directed the content of labels; and handled quality and compliance for Baby Trend during the relevant time period. (Filing No. 470 at pp. 5-6).  Plaintiffs have demonstrated Whalen is likely to possess personal knowledge and information relevant to the parties' claims and defenses, and Defendants have not presented any unusual circumstances that would make his deposition any more inconvenient or burdensome than a typical deposition.  Thus, the court finds Whalen's deposition should not be quashed.   The parties are directed to meet and confer to establish a mutually convenient time and location to conduct the deposition.

## II.    Motion to Expand Number of Depositions

The Baby Trend defendants, the Lerado defendants, and defendant Indiana Mills & Manufacturing, Inc., request an order expanding the number of depositions they are permitted to take as a group in this case, from twenty to forty-five, excluding expert witness depositions.   (Filing No. 486 at p. 1).   As of the date they filed their reply brief, Defendants have taken a total of fifteen depositions, including: Plaintiffs (2); police department personnel who drafted reports (3); hospital emergency personnel (3); 911 dispatchers (2); two of Lucas Ribeiro's physicians (2); pre-incident car seat inspection technicians (2); and the director who facilitated the car seat inspections (1).  Defendants additionally seek to depose: six law enforcement officers and evidence technicians involved in the investigation and chain of custody of the car seat; five individuals present immediately before or after the incident; and at least fifteen of Lucas Ribeiro's treating physicians and specialists.   (Filing

No. 511 at pp. 5-8).   Defendants also wish to depose all of Plaintiff's designated experts, whom have not yet been disclosed.

Based on the circumstances of the case and pursuant to the parties' request in the Rule 26(f) Report (Filing No. 14), the court's initial progression order, dated October 4, 2012, imposed a twenty deposition limitation for the plaintiffs as a group and the defendants as a group.  (Filing No. 15 at p. 2).   At the time, Baby Trend was the only named defendant. The circumstances of this case have clearly changed over the last *four years* since the entry of the October 4, 2012, order, and numerous defendants have been added as the case has progressed.   The information sought by the defendants is relevant and discoverable, and given the complexity of the case and the amount of damages at issue, the court finds the defendants' joint request is reasonable.   The court finds the defendants have shown good cause for expanding the number of available depositions from twenty to forty-five.   See Fed. R. Civ. P. 16(b)(4) (providing a scheduling order may be modified for good cause and with the judge's consent).

Finally, the court will again remind the parties of its admonition that future discovery motions will be carefully scrutinized and that the court may impose sanctions upon parties who fail to comply with the good faith and meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and NECivR 7.1(i).   Accordingly,

**IT IS ORDERED:**

1.      Plaintiffs' Motion to Compel Baby Trend Depositions (Filing No. 469) and Defendants' Motion to Quash the Depositions of Betty Tsai, Denny Tsai, and Chip Whalen (Filing No. 474) are granted, in part, and denied in part, as set forth above;

2.      Defendants' Joint Motion to Modify and Expand the Number of Depositions (Filing No. 485) is granted.

**DATED: October 7, 2016.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

7