# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>BABY TREND, INC., a corporation, MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, HOLMBERGS SAFETY SYSTEM HOLDING AB, GNOSJOGRUPPEN AB, HOLMBERGS CHILDSAFETY AB, MAXI MILIAAN B.V., and DOREL INDUSTRIES, INC.,<br><br>　　　　　　Defendants. | 8:12CV204<br><br>ORDER |

　　　This matter is before the court on the motion for protective order (Filing No. 514) filed by defendants Lerado Group Co., Ltd., Lerado Group (Holding) Company Ltd., Lerado (Zhong Shan) Industrial Co., Ltd., Lerado China Limited, and Lerado H.K. Limited (collectively, "Lerado defendants").  The Lerado defendants seek an order permitting their Rule 30(b)(6) representative to be deposed remotely via videoconference.

Plaintiffs and the Lerado defendants have been attempting to schedule the deposition of the Lerado defendants' Rule 30(b)(6) representative for months. On August 19, 2016, the court denied Plaintiffs' motion to compel the Lerado Rule 30(b)(6) deposition, noting its perception of an ongoing pattern of lack of cooperation between the parties and failure to meaningfully confer in good faith. The court required the parties to meet and confer and prepare an audio recording of the meet and confer for the court to review, in the event they were unsuccessful at scheduling the deposition. (Filing No. 482 at p. 2).

The recorded meet and confer took place on August 23, 2016. At the time of the meet and confer, counsel for the Lerado defendants had not selected its Rule 30(b)(6) representative due to language barrier issues, but stated he would follow up with Plaintiffs by the end of the week. (Filing No. 520-3 at pp. 5-7). Counsel for the Lerado defendants stated the location of the deposition "definitely won't be in China," and would "make sure it's in the United States with the hope that it will actually be something we can schedule in Omaha." (Filing No. 520-3 at p. 6). The parties discussed scheduling depositions in the first half of October.

Subsequent to the recorded meet and confer, on September 16, 2016, counsel for the Lerado defendants notified Plaintiffs' counsel by email that the witness best suited to testify as the Rule 30(b)(6) witness lives in Taiwan and that it would be a challenge for him to travel to the United States to testify. (Filing No. 516-1 at p. 1). The Lerado defendants stated the witness was available to testify via videoconference on the parties' previously agreed upon date of October 12, 2016, but in emails dated September 23 and 26, 2016, Plaintiffs' counsel firmly rejected the Lerado defendants' offer of a video deposition. (Filing No. 516-1 at p. 2; Filing No. 520-8 at p. 1). The Lerado defendants filed the instant motion for a protective order on September 30, 2016.

Generally, a Rule 30(b)(6) deposition is taken at the corporation's principal place of business. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2112 (3d ed. 2010). "This customary treatment is subject to modification, however, when justice requires." *Id.* "It is well settled that the district court has great discretion in designating the location of taking a deposition . . . ." *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975). The court may order "that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, the court may, for good cause, issue a protective order to prevent or limit discovery to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Such an order may "includ[e] . . . specifying terms, including time and place, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(B). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The Lerado defendants are companies based in China. The Lerado defendants' Rule 30(b)(6) representative lives and works in Taiwan, and is unable to travel to the United States on the dates agreed upon by counsel in compliance with the current discovery timeline. The Lerado defendants represent that it will take a minimum of three days for the representative to travel to and from Taiwan, which requires the representative to "obtain prior approval and meet certain internal protocols," a process which can take several weeks. The Lerado defendants suggest that a videoconference will cut down on cost and inconvenience for both parties, as it will eliminate the need for international travel and expedite scheduling. Plaintiffs have represented to the court that they do not wish to prolong discovery or push back the trial date. The court finds a videoconference deposition of the Lerado defendants'

3

Rule 30(b)(6) witness would best accomplish this goal. Plaintiffs' only objection to a deposition by videoconference is the amount of exhibits they plan on using. ([Filing No. 520-8 at p. 1](#)). The court is confident the parties can devise a solution to this problem, such as emailing, faxing, or mailing the exhibits Plaintiffs wish to use during the deposition. In consideration of the above, the court finds the deposition of the Lerado defendants should be taken via videoconference on a date mutually agreed upon by the parties.

The most recent progression order sets October 31, 2016, as the deadline for completing depositions. ([Filing No. 492](#)). Obviously, depositions will not be complete by this deadline. The court will extend the deadline to complete depositions to November 30, 2016. Accordingly,

**IT IS ORDERED:**

1. The Motion for Protective Order Re: Lerado Defendants' Rule 30(b)(6) Deposition Location ([Filing No. 514](#)) is granted. The parties are to meet and confer within one week of this order to schedule the deposition of the Lerado Rule 30(b)(6) via videoconference on a date mutually agreed upon by the parties.

2. The deadline to complete depositions shall be extended to November 30, 2016.

**DATED: October 31, 2016.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**