IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant,<br><br>             Plaintiffs,<br><br>    v.<br><br>BABY TREND, INC., a corporation, MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, HOLMBERGS SAFETY SYSTEM HOLDING AB, GNOSJOGRUPPEN AB, HOLMBERGS CHILDSAFETY AB, MAXI MILIAAN B.V., and DOREL INDUSTRIES, INC.,<br><br>             Defendants. | 8:12CV204<br><br>ORDER |

      This matter is before the court on Plaintiffs' Motion to Compel Production of Documents (Filing No. 570). Plaintiffs seek an order compelling defendant Baby Trend, Inc. ("Baby Trend") to produce (1) a non-redacted copy of the registration card for the car seat at issue in this case and (2) all call logs and other documents showing complaints, requests, or information from customers about Baby Trend car seats or infant carriers.

      Plaintiffs' Second Supplemental Request for Production, Request No. 16, asks Baby Trend to "produce each and every document or correspondence that involved the investigation of Lucas Ribeiro's accident." (Filing No. 572-2 at p. 2). Baby Trend

1

objected that the request was overbroad, vague, and unlimited in time and scope, seeks communications and information protected by attorney-client privilege and the work product doctrine, and is duplicative of inquires made during depositions and prior written discovery. (Filing No. 572-2 at p. 3). Baby Trend additionally responded that it was in possession of the original product registration card for the subject car seat, but objected to its production because it contains confidential and irrelevant information. Baby Trend produced a redacted version of the registration card, which was post-marked April 22, 2006. (Filing No. 572-2 at p. 7). Baby Trend maintains that federal regulations prohibit the disclosure of the non-redacted registration card for purposes other than safety recalls or alerts. Plaintiffs request the non-redacted registration card because it contains the name(s) of the original purchaser and user of the car seat (which Plaintiffs later purchased at a garage sale sometime in the summer of 2010). (Filing No. 590-6 at p. 24).

Plaintiffs initially requested that Baby Trend "produce each and every call log or document generated by Baby Trend, Inc. that involved any sort of injury occurring in or as a result of the use of a Baby Trend, Inc. car seat or infant carrier." (Filing No. 572-2 at p. 4). Baby Trend objected that the request was overbroad and vague and unlimited in time and scope, it was not limited to the subject car seat, and it seeks information made in anticipation of litigation and attorney-client privileged communications. Plaintiffs later served a Third Supplemental Request for Production of Documents with an amended request asking Baby Trend to "produce all call logs, recordings, correspondence, e-mail, notes of conversations, and other documents maintained or generated by Baby Trend, Inc., . . . from the time period of 2000 until present, concerning or showing any complaints, requests, or information received from customers or other individuals discussing Baby Trend car seats or infant carriers, including but not limited to both Flex-Loc and Latch-Loc car seats and infant carriers." (Filing No. 572-5 at p. 2). Baby Trend objected that the request is overbroad, vague, and duplicative of prior discovery, and seeks irrelevant information, confidential and proprietary information, and information protected by attorney-client privilege and the work product doctrine. Baby Trend did produce a ten page call log pertaining to the model car

2

seat at issue (Model No. 6325), as well as twenty other model numbers that Baby Trend asserts have the same design as the subject car seat.  (Filing No. 572-5 at p. 2).

Plaintiffs have filed the instant motion seeking an order compelling Baby Trend to produce the non-redacted registration card and "all call logs and other documents showing complaints, requests, or information from customers about Baby Trend car seats or infant carriers."  (Filing No. 570).

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  The scope of permissible discovery is extremely broad.  "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action."  *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009).  When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure."  *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006).  If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.  *Id.*

**Product Registration Card**

Baby Trend argues the identity of the original owner of the subject car seat is irrelevant because Plaintiff Deanna Ribeiro's deposition testimony indicated that she and her husband purchased the car seat at a garage sale in 2010 because it looked like it was in "good condition" and was only used for a few months.  The court does not agree with Baby Trend's assessment that the original purchaser's identity is completely irrelevant to any

3

party's claims or defenses. For example, the original owner could potentially provide information regarding the use and condition of the car seat prior to the Plaintiffs' purchase of it. Given the extremely broad scope of discovery, the court finds Plaintiffs' request seeks relevant information.

Baby Trend's primary argument is that federal regulations prohibit the disclosure of the non-redacted registration card for purposes other than safety recalls or alerts. Baby Trend cites 16 C.F.R. § 1130.1 et seq., which "prescribes a consumer product safety rule establishing requirements for consumer registration of durable infant or toddler products . . . intended to improve the effectiveness of recalls of, and safety alerts regarding, such products." 16 C.F.R. § 1130.1(a). The regulations require manufacturers "of a durable infant or toddler product" to provide consumers with a consumer registration form and maintain a record of the contact information of those registered consumers. See 16 C.F.R. § 1130.3(a). In particular, Baby Trend relies on the provision providing that the "[c]onsumer information collected by a manufacturer pursuant to the requirements of this part 1130 shall not be used by the manufacturer, nor disseminated by the manufacturer to any other party, for any purpose other than notification to such consumer in the event of a product recall or safety alert." 16 C.F.R. § 1130.3(b). Additionally, 16 C.F.R. § 1130.5(f) mandates that the registration form include the statement that "information provided by the consumer shall not be used for any purpose other than to facilitate a recall of or safety alert regarding that product." 16 C.F.R. § 1130.5(f). Finally, 16 C.F.R. § 1130.8(b) requires manufacturers of a durable infant or toddler product to "use the information provided by the registrant to notify the registrant in the event of a voluntary or involuntary recall of, or safety alert regarding, such product." 16 C.F.R. § 1130.8(b).

However, in reading part 1130 as a whole, it is clear it does not apply to child restraint systems, including car seats, which are covered by an entirely separate set of regulations. First, 16 C.F.R. § 1130.3(b) explicitly provides, "Part 1130 applies to manufacturers, including importers, of durable infant or toddler products, as defined in § 1130.2(a). It *does not apply to infant or child restraint systems intended for use in automobiles* that are covered

4

by the registration program of the National Highway Traffic and Safety Administration (NHTSA) at 49 CFR 571.213[.]" 16 C.F.R. § 1130.1(b) (emphasis added). "Durable infant or toddler product" as defined in § 1130.2(a) includes products such as cribs, gates, strollers, carriers, bed rails, infant bathtubs and bouncers, and the like. 16 C.F.R. § 1130.2(a). The list *does not* include "child restraint system," which is consistent with the language of § 1130(b) stating that Part 1130 "does not apply to infant or child restraint systems intended for use in automobiles[.]" See 16 C.F.R. § 1130.3.

Instead, child restraint systems recordkeeping requirements are set forth in 49 C.F.R. § 588.1, et seq., which "establishes requirements for manufacturers of child restraint systems to maintain lists of the names and addresses of child restraint owners," 49 C.F.R. § 588.1, and "applies to manufacturers of child restraint systems, except factory-installed built-in restraints." 49 C.F.R. § 588.3. Under this part, "child restraint system" is defined to include "any device . . . designed for use in a motor vehicle or aircraft to restrain, seat, or position children who weigh 36 kilograms (kg) (80 lb) or less," which would include the car seat at issue. See 49 C.F.R. § 588.4(c) and 49 C.F.R. § 571.213. Similar to part 1130, the purpose of this section "is to aid manufacturers in contacting the owners of child restraints during notification campaigns conducted in accordance with 49 CFR part 577, and to aid the [NHTSA] in determining whether a manufacturer has met its recall responsibilities." 49 C.F.R. § 588.2. This part requires manufacturers to "record and maintain records of the owners of child restraint systems who have submitted a registration form," 49 C.F.R. § 588.5, which form must be kept for at least six years from the date of manufacture, 49 C.F.R. § 588.6, and "be [maintained] in a form suitable for inspection . . . and shall include the names, mailing addresses, and if collected, e-mail addresses of the owners, and the model name or number and date of manufacture (month, year) of the owner's child restraint systems." 49 C.F.R. § 588.5. Unlike part 1130, however, the above regulations contain no explicit prohibition regarding the use of the collected contact information of registrants. Therefore, the court finds the applicable regulations do not prohibit Baby Trend from

5

providing Plaintiffs with the non-redacted registration card. Baby Trend shall produce the non-redacted card within twenty-one days of this order.

### Call Logs

Plaintiffs argue they are "entitled to all call logs and complaints provided to Baby Trend for its car seats and infant carriers[.]" ([Filing No. 571 at p. 6](#)). Baby Trend objected that the request is overbroad, vague, and duplicative of prior discovery, and seeks irrelevant information, confidential and proprietary information, and information protected by attorney-client privilege and the work product doctrine.

The requesting party must make a threshold showing that the requested information falls within the scope of discovery under Rule 26(b)(1). The relevance of Plaintiffs' request for "all call logs" regarding any and all of Baby Trend's car seats over a sixteen-year period is not readily apparent, and the breadth of this discovery request is obvious and excessive on its face. Plaintiffs' request would include some relevant documents, such as call logs regarding Baby Trend products with the same design as the car seat at issue, but would also include a number of irrelevant communications regarding dissimilar Baby Trend products. "A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support" to raise and stand on its objections. *[Madden v. Antonov](#)*, 2014 WL 4295288, 3 (D. Neb. 2014). Over its objections, Baby Trend did produce a ten page call log, limiting its response to complaints or communications pertaining to the model car seat at issue in this case (Model No. 6325), as well as twenty other model numbers that Baby Trend asserts have the same design as the subject car seat. ([Filing No. 572-5 at p. 2](#)). Plaintiffs fail to suggest how their broad request is meaningfully relevant to any claim or defense and proportional to the needs of the case, and Baby Trend limited its response appropriately. Therefore, the court will deny Plaintiffs' motion with respect to the requested call logs. Accordingly,

6

**IT IS ORDERED:** Plaintiffs' Motion to Compel Production of Documents (Filing No. 570) is granted in part, and denied in part, as set forth above. Baby Trend shall produce the non-redacted registration card within twenty-one days of this order.

**DATED: February 27, 2017.**

        **BY THE COURT:**

        **s/ F.A. Gossett, III**
        **United States Magistrate Judge**