IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant; and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant;<br><br>                   Plaintiffs,<br><br>    v.<br><br>BABY TREND, INC., a corporation; MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED,  LERADO H.K. LIMITED, MAXI MILIAAN B.V., and DOREL INDUSTRIES, INC.,<br><br>                   Defendants. | 8:12CV204<br><br>ORDER |

    This matter is before the court on Baby Trend Inc.'s, Mark Sedlack's, and Millenium Development Corp.'s (collectively, "Baby Trend") motion to reconsider, Filing No. 578, this court's order, Filing No. 541, on the plaintiff's objection, Filing No. 524, to the magistrate judge's order, Filing No. 517, on the plaintiff's motion to compel depositions, Filing No. 469, and the defendants' motions to quash and modify depositions, Filing Nos. 474 and 485.

    A "motion to reconsider" is not authorized by the Federal Rules of Civil Procedure. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Thus, "[f]ederal courts have construed this type of motion as arising under either Rule 59(e)

(motion to alter or amend the judgment) or Rule 60 (b) (relief from judgment for mistake or other reason)." *Id.* "A district court has broad discretion in determining whether to grant or deny a [motion to reconsider]" regardless of whether the party moves under Rule 60(b) or Rule 59(e). *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). In civil cases, a motion for reconsideration serves the limited function of correcting manifest errors of law or presenting newly discovered evidence. *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016). A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated. *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922 (8th Cir. 2015) (noting that the inquiry is narrow); *Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996) (evidence presented on a motion for reconsideration "must be truly new, in the sense that it was previously unavailable").

Baby Trend contends the circumstances pertaining to this court's order dated November 17, 2016, sustaining the plaintiffs' objections to the magistrate judge's order changed on January 13, 2017, when the plaintiffs disclosed an additional expert, and an additional ten non-retained expert witnesses to testify at trial. In response to Baby Trend's motion, the plaintiffs agreed to allow Baby Trend to depose all of their retained experts. Plaintiffs objected, however, to Baby Trend's request to increase the deposition limit to depose eleven non-retained experts as well.[1]

---

[1] The plaintiffs state that two of the eleven non-retained experts are plaintiff Lucas Ribeiro's elementary school teachers and that their school records have been produced to defendants. Further, they state that the other nine non-retained experts are medical professionals whose identity has been known to defendants since early in the litigation and their medical records on Lucas Ribeiro have been produced. The plaintiffs have stipulated to the foundation of those records. Also, plaintiffs have disclosed that these professionals will only testify to the facts and opinions in their records.

Baby Trend has not shown any manifest errors of law or newly discovered evidence or information. The court has reviewed the parties' submissions and finds no reason to disturb the court's earlier ruling. The court stands by the findings in its earlier order and finds that a limit to thirty depositions is reasonable and sufficient to enable the parties to prepare this action for trial. Accordingly,

IT IS ORDERED that defendant Baby Trend's motion to reconsider, Filing No. 578, is denied.

Dated this 31st day of March, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge