IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant; and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant;<br><br>Plaintiffs,<br><br>v.<br><br>BABY TREND, INC., a corporation; MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, MAXI MILIAAN B.V., and DOREL INDUSTRIES, INC.,<br><br>Defendants. | **8:12CV204**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the parties' motions in limine. Filing Nos. 652, 655, 657, 658, 662, 664, 665, 666, 670, 672, 675, 677, 678, 683, 714, 717, and 727. This is a products liability action set for trial on April 24, 2017.

## I.      LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family*

*Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The court has reviewed the parties' submissions and finds as follows.

## II.    Defendant's Motions

### A.    Defendants' Joint Motion in Limine to Exclude NHTSA Recall Investigation of the Flex-Loc, Filing No. 652.

The defendants argue that the NHTSA investigation of a button spring is irrelevant to the claims in this matter and does not represent a "substantially similar incident." The plaintiffs argue the information presented in the investigation and the response to the NHTSA investigation is relevant and directly relates to this litigation. They contend the recall investigation involved the same model car seat at issue here and state that the evidence goes to the issue of the defendant's knowledge of a danger.

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial as an

objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

B. **Defendants' Joint Motion in Limine to Exclude Testimony from Plaintiffs' Purported Experts Regarding Legal Conclusions and Defendants' Legal Duty to Plaintiffs, Filing No. 655**

Defendants argue that plaintiffs' experts cannot testify as to the obligations or duties the Defendants owed to plaintiffs during the process of designing and manufacturing the car seat and its warnings (or lack thereof), including whether a legal duty exists. They also argue the experts should not be permitted to testify that the design of the car seat or the instructions/warnings (or absence thereof) rendered the car seat "unreasonably dangerous" or "defective." Experts routinely opine as to whether a product is "unreasonably dangerous," such testimony is generally held to be essential to a product liability action. *See Shaffer v. Amada Am., Inc.,* 335 F. Supp. 2d 992, 998 (E.D. Mo. 2003) (holding that expert testimony opining that product was "unreasonably dangerous" was necessary for plaintiff's case). Whether a defendant used reasonable care is a proper topic for qualified experts. Using expert testimony to show this is proper. *See also Bank v. White*, No. 4:06CV01475 JLH, 2009 U.S. Dist. LEXIS 94584, at *37 (E.D. Ark. Sep. 24, 2009) (holding that expert testimony may be inadmissible to show defendant had a statutory duty but that it was proper regarding defendant's duty of ordinary care for plaintiff's negligence claim).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. Defendants' concerns may warrant a cautionary or limiting

instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

### C. Defendants' Joint Motion in Limine to Exclude Evidence of Alleged Pain and Suffering or Other Loss of Lucas Ribeiro's Siblings, Filing No. 657.

The defendants seek to exclude testimony of the alleged pain and suffering of Lucas Ribiero's siblings, arguing. The plaintiffs contend that the motion is an improper attempt to resolve a legal issue and further argue that the evidence is relevant to the determination of the physical pain and mental suffering the plaintiff has experienced and is reasonably certain to experience in the future.

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. Defendants' concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to

commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

The court finds any testimony that discusses the impact of Lucas's injuries with regard to his siblings Alex and Evelyn or the family at large is admissible and relevant to demonstrate the extent of the pain, suffering, and loss experienced by Lucas due to his injuries. Such testimony does not go to Lucas' siblings' pain and suffering but rather to the pain and suffering of Lucas.

### D. Defendants' Joint Motion in Limine to Preclude Evidence Regarding Other Incidents, Filing No. 658.

The defendants seek to preclude evidence of other incidents of infants strangling in an infant car seat. They argue that the prior incidents are not substantially similar to the incident at issue and also contend that the other incidents were not publicly known until after the incident at issue. The plaintiffs argue that the other incidents were substantially similar to the incident at issue and were documented in reports published to the general public from the Consumer Product Safety Commission ("CPSC") and the Center for Disease Control ("CDC") the car seat was manufactured in February 2006. Further, the strangulation reports published by the CPSC and CDC were also available to the public, including defendants, between the time that the Baby Trend car seat was placed on the market (February 28, 2006) and Lucas' strangulation in the car seat (May 27, 2011).

In the area of product liability litigation, evidence of similar injuries or incidents "may be relevant to prove a product's lack of safety or a party's notice of defects." *J.B. Hunt Transport, Inc. v. Gen. Motors Corp.*, 243 F.3d 441, 445 (8th Cir.2001). Similar incident evidence also risks raising "extraneous controversial issues," confusing the issues, and being more prejudicial than probative. *Id.* (citation omitted). As a result, the offering party has the burden of demonstrating that the past incidents are substantially similar to the incident at issue. *Id.* at 445. Cross-examination is the appropriate vehicle for testing the similarities of other accidents to the accident in question. *E.g., Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 613, 626 (8th Cir. 1983) ("[Defendant] had ample opportunity, of which it availed itself, to rebut the force of the other complaints by pointing out dissimilarities between the complainers' symptoms and the symptoms of TSS. It was up to the jury to decide what weight to give the complaints from other consumers.")

The court will admit the evidence at issue only with proper foundation. The plaintiffs must show that the incidents were substantially similar to that at issue. At this stage, the motion is premature. Evidence of substantially similar prior incidents generally appears to be relevant to the issues of notice and knowledge of inadequacy of warnings, the magnitude of the risk, knowledge of defect and the standard of care. The defendants' contentions go more to the weight of the evidence than to admissibility.

The court finds the motion can be adequately resolved at trial via a timely objection with a sidebar. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion at trial.

### E. Defendants' Joint Motion in Limine to Preclude Use of the "Day in the Life" Video, Filing No. 662.

Defendants assert that the video's prejudicial effect outweighs its probative value. They further argue it is unnecessarily duplicative of the parents' testimony and the medical evidence. The plaintiffs argue that the 26-minute video showing Lucas Ribeiro at 19 months interacting with his parents and brother, and depicting his bath time, feeding processes, physical therapy sessions and exercises and showing medical equipment is relevant to the issue of the plaintiffs' damages.

"[Rule 403] does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial." *United States v. McCourt*, 468 F.3d 1088, 1092 (8th Cir. 2006) (quoting *United States v. Johnson,* 463 F.3d 803 (8th Cir. 2006).

### F. Defendants' Joint Motion in Limine to Preclude Evidence Regarding Foreign Standards and Regulations, Filing No. 664.

Defendants seek to exclude evidence relating to ECE R44, the European car seat standard which requires that the entire harness system on a car seat be able to come apart with the push of a single button. The plaintiffs argue the evidence is directly related to the claims relating to the defective design of the infant carrier.

The court finds the motion should be denied at this time. The evidence appears relevant to the plaintiffs' theory that the design of the subject infant carrier was defective, in part, because it used a European-style dual tongue, single entry puzzle buckle with an American-style chest clip in the 5-point harness. The evidence may provide background and context to the plaintiffs' theories. The evidence may warrant a cautionary instruction, but the court cannot determine the ambit of such an instruction in

the context of a pretrial motion.  The court finds the motion can be adequately resolved at trial.  Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

> **G.** **Defendants' Joint Motion in Limine to Exclude New Expert Opinions Not Originally Disclosed in Plaintiffs' Expert Disclosures, Filing No. 665.**

Defendants seek an order admonishing the parties not to refer, prior to jury selection, to new expert opinions not originally disclosed in the plaintiffs' expert disclosures.  They argue that plaintiffs' experts opined on new issues and developed new theories for the first time in their depositions—based on no new evidence, and likely simply in response to legal arguments made in Defendants' dispositive motions— well after Plaintiffs' expert disclosure deadline details.  The plaintiffs argue that the rebuttal opinions should come as no surprise to the defendants.

The court rejects the defendant's argument that the untimely disclosure warrants exclusion of the experts' testimony.  The defendants were aware of the identity and general subject matter of the reports as revealed in their original expert disclosures. The defendants were afforded an opportunity to depose the experts and can show no prejudice in any late disclosure.  Defendants were in possession of all the information they needed before their experts were deposed.  The defendants have also supplemented their expert disclosures.  Accordingly the court finds the motion should be denied.

> **H.** **Defendants' Joint Motion in Limine to Preclude the Use of "Parlor Tricks" at Trial, Filing No. 666**

In this motion, the defendants seek to prevent plaintiffs from utilizing the Baby Trend car seat to demonstrate evidence to the jury, alleging that any such demonstration would be considered a "parlor trick" at trial. Plaintiffs argue that plaintiffs' experts have performed tests on the infant carrier with the objective to determine whether the infant carrier contains, among other things, the physical properties of a defective design, particularly whether the design could allow for a false click. (Filing No. 569-20, Hoffmann Report, pp. 5-10.; Filing No. 569-21, Expert Report of Terry Stentz, Ph.D., and Kelli Herstein, Ph.D., pp. 15-20.) As such, plaintiffs' experts should be allowed to introduce experimental testimony that supports their findings regarding the infant carrier, including, but not limited to, the fact that the crotch buckle of the infant carrier produces a false click.

"The admissibility of evidence of experimental tests rests largely in the discretion of the trial judge," and foundational standards for its admissibility is dependent on the purpose of the experimental evidence. *McKnight by & Through Ludwig v. Johnson Controls*, 36 F.3d 1396, 1401 (8th Cir. 1994) (citing *Champeau v. Fruehauf Corp.,* 814 F.2d 1271, 1278 (8th Cir. 1987)). In order for a party to introduce experimental testimony that recreates the incident, that party need only show that such experiment contains conditions with substantial similarity to the actual conditions of the incident. The "substantial similarity requirement [is] not a perfect identity requirement." *See McKnight,* 36 F.3d at 1404 (8th Cir. 1994). Furthermore, any dissimilarity between the incident and the experimental evidence only "affect[s] the weight of the evidence, not its admissibility." *Id.* at 1405.

Again the court is unable to evaluate the evidence in the context of a pretrial motion. The court finds generally that plaintiffs should be allowed to demonstrate to the jury the false click made by the crotch buckle on the Baby Trend car seat, as well as its allegedly excessive rocking ability and other alleged defective design and warning features. Experimental evidence is allowed if it is used to demonstrate the expert's scientific inquiry. The plaintiffs will be required to lay a proper foundation that any experimental testimony introduced to recreate the incident was performed under conditions with substantial similarity to the actual conditions of the incident. The defendants' arguments go more to weight than admissibility and can be addressed in cross-examination or via objection at trial.

## I. Defendants' Joint Motion in Limine to Preclude Evidence Regarding Sale to Dorel and Financial Status, Filing No. 670.

The Lerado defendants move to preclude evidence regarding the sale of some or all of the Lerado business to Dorel and the financial status of the Lerado defendants. They argue that such information is not relevant, and even if it is, it should be excluded under Rule 403. The plaintiffs assert the evidence is relevant because the defendants' retained experts have worked for or are presently working for or with Dorel. They argue the fact that Lerado's experts have and are currently working for Dorel is highly relevant information to show the experts' bias in forming their opinions. Further, they argue the evidence of the sale and Lerado's financial status is relevant and necessary to show that Lerado had the resources and expertise to conduct the necessary design and testing processes for the subject infant carrier. Plaintiffs represent that they do not

intend to offer financial status or the sale to Dorel to suggest that the defendants are capable of paying a large verdict.

The court finds that the financial status of Lerado or Dorel is irrelevant. Evidence of the business relationship between Lerado and Dorel may be relevant. The court is unable to evaluate the relevance of this challenged evidence in the context of a pretrial motion. The evidence may be admissible only for a limited purpose or as impeachment evidence. Whether the evidence would warrant a cautionary or limiting instruction cannot be determined at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Accordingly, the court overrules the motion, without prejudice to reassertion.

> **J.    Defendants' Joint Motion in Limine to Preclude Evidence Regarding 2013 (or Later) ASTM Standards and CPSC Studies, Filing No. 672**

The defendants seek to preclude evidence of standards and studies that were published after the car seat was manufactured in 2006, specifically, a mandatory warning that became effective in 2013. They argue that the evidence is not relevant to the defendants' duties or obligations in 2006.

The plaintiffs argue that there were no mandatory requirements for hand-held infant carriers in 2006—only a voluntary standard issued under ASTM F2050-03. The Consumer Product Safety Commission undertook a human factors study regarding the injuries and deaths associated with hand-held infant carriers, and subsequently issued a Notice of Proposed Rulemaking for a new mandatory standard in 2008. The study was

11

based on publicly-available data dating back to 1999. The plaintiffs argue that the standards do not establish the defendants' duty of care but may be relevant to show defendants knew or should have known that others in the industry had acknowledged the risk of harm. The plaintiffs also argue that the evidence is relevant to rebut any contention that it was not feasible for them to include this warning or that they did not have the information necessary to analyze whether the warning was appropriate.

Industry standards at the time the manufacturer chose the design at issue is one factor in determining the manufacturer's exercise of reasonable care. *See, e.g., Buchanna v. Diel Mach, Inc.*, 98 F.3d 366, 371 (8th Cir.1996).

Again, the court finds it difficult to assess the relevance in the context of a pretrial motion. To the extent the plaintiffs can show that the information was available at the time of manufacture, the evidence may be relevant. Its relevance as impeachment evidence depends on the evidence to be impeached. The court will defer ruling on the motion until the time of trial.

### K. Defendants' Joint Motion in Limine to Preclude Incorrect Police Testimony Regarding Missing Spring or Visual Concerns about Crotch Buckle, Filing No. 675

In this motion, the defendants seek to preclude Kearney Police Officers, who investigated Lucas Ribeiro's strangulation, from offering any opinions regarding the appearance or functioning of the crotch buckle on the car seat. In particular, they seek to bar testimony that one of the KPD officers said "he was unable to recreate the latch releasing on its own," while another officer said plaintiffs' counsel was "unable to get [the buckle] to pull apart from the latch." The defendants argue that "neither officer is

qualified to offer expert opinions regarding the crotch buckle" or to testify about their perceptions of the crotch buckle.

In response, the plaintiffs concede they will stipulate that Kearney Police Officers David Sesna and Michael Young may not testify regarding whether the crotch buckle functioned appropriately, including any latching or unlatching tests (and the results thereof) that they or anyone else did on the buckle. They also stipulate the KPD may not testify regarding whether the crotch buckle was missing a spring. They argue, however, that the officers should not be precluded from otherwise testifying about the general appearance of the crotch buckle.

The court agrees that the officers may testify as to their observations and the general appearance of the crotch buckle. The motion will be granted with respect to the other issues in light of the plaintiffs' stipulations.

### L.     Defendants' Joint Motion in Limine Nos. 1-30, Filing No. 677

Defendants have filed a motion in limine to prevent "all parties" from offering any evidence or testimony on thirty specific topics. The plaintiffs concede several of the motions. With respect to those still in controversy, the court finds as follows:

**Topic 4:     Barring Comments by Counsel as to Credibility of Witnesses.**

The court agrees with plaintiffs' position that parties are permitted to argue credibility in closing argument. The court will instruct the jury on credibility, in accordance with pattern jury instructions.

**Topic 5:     Barring Lay Medical Testimony and Lay Witness Testimony as to the Nature and Extent of Lucas Ribeiro's Injuries.**

The court finds the motion should be denied. To the extent witnesses provide medical care to plaintiff Lucas Ribiero, they can testify to facts that touch on his treatment, diagnosis, and current condition. They may provide lay opinions if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

**Topic 6:** **Barring Lay Witness Testimony as to Nature and Extent of Deanna and Franco Ribeiro's Injuries**.

The court finds the motion should be denied. Deanna and Franco Ribeiro may testify about their own pain and suffering and how they felt after the incident.

**Topic 8**: **Barring Reference to what a Reasonable Person would Pay to Avoid Accident.**

Defendants request that the court bar plaintiffs from offering any evidence as to what a reasonable person would pay to avoid an accident in this case.

The court finds the motion should be denied. The defendants offer no law in support of their contentions. The parties are offered wide latitude in closing argument.

**Topic 9:** **Barring Reference to Status of Defendants' Finances.**

The plaintiffs do not object to Topic 9 of defendants' motion in limine to the extent it is limited to any evidence of the amount of defendants' finances. The court will defer ruling on the motion with respect to the evidence as relevant to show bias of plaintiffs' experts or in rebuttal. *See above.*

**Topic 10:** **Barring Reference to Defendants' Corporate Status.**

The court finds the motion should be denied. The court generally instructs the jury that a corporation stands the same in the eyes of the law, in conformity with pattern jury instructions.

**Topic 12: Barring Reference that Jury "Should Send a Message"**

The defendants argue that when, as in this case, punitive damages are not available, appeals by a plaintiff to the jury that the jury should use the verdict to "send a message" to the defendants equate to punishment and are improper. The plaintiffs object, contending that "There is no per se rule against invitations to a jury to 'send a message.'" *United States v. Riley*, 621 F.3d 312, 339 (3d Cir. 2010). In response to the defendants' motion in limine regarding barring reference to willful, wanton, or intentional conduct, the plaintiffs represent that they do not intend to use any such evidence to argue that they entitled to punitive damages.

Depending on the context, the phrase "send a message" can be interpreted as intended to suggest the award of punitive damages. *Abler v. State*, No. A-95-814, 1996 WL 654326, at *7 (Neb. Ct. App. Nov. 12, 1996) (stating using the "send a message" theme to distract the jury from the actual damages sustained and to cajole the jury into awarding what amounts to punitive damages "would carry with it the requirement that the jury ignore the instructions, and it would obviously be improper"). The court must hear the context of any such argument in order to resolve the issue. The plaintiffs are cautioned, however. The matter can be addressed with an objection at trial. If the court finds the argument is intended to suggest the award of punitive damages, the objection will be sustained.

**Topic 13:     Barring Reference to Intentional, Reckless, Willful,
                or Wanton Conduct.**

The defendants seek to exclude any evidence that their conduct in this case was intentional, reckless, willful, or wanton.  Plaintiffs represent that they do not intend to use any such evidence to argue that they are entitled to punitive damages.  An appeal to the jury to impose punitive damages appears to be the defendants' primary concern in raising this issue.  In light of the plaintiffs' representation, the court finds the motion is sustained.

**Topic 15:     Barring Lucas Ribeiro from the Courtroom**

The defendants move the court to ban Lucas, a plaintiff in this case, from the courtroom during the trial.  The court finds Lucas Ribiero is a plaintiff in this lawsuit and is entitled to be present during the trial for a short period.  His continued presence likely will create unnecessary distraction during argument or the testimony of witnesses.

**Topic 16:     Sequence of Witnesses**

The defendants request an order directing that all parties disclose their witnesses, the sequence in which they will be called, and the anticipated duration of their testimony.   This motion has been rendered moot by the Order on Pretrial Conference, Filing No. 731 at 16.

**Topic 17:     Barring Reference to Plaintiffs' Good Character**

The court finds such evidence is admissible only if a witness's character has been attacked.   Fed. R. Evid. 608(a).   The court will deny the motion at this time, subject to reassertion at trial if the defendants open the door.

**Topic 18:     Barring Comments as to the Credibility of
                Evidence**

The court finds this motion should be denied.

**Topic 19:** **Barring Reference to this Motion, Excluded Evidence, and Discovery Disputes**

The plaintiffs concede the motion with respect to motions limine, but contend evidence of discovery disputes may be relevant. The court is unable to assess this evidence in the context of a pretrial motion. The court will defer ruling on the topic, subject to development of evidence at trial. However, the court generally does not allow evidence concerning discovery disputes.

**Topic 20:** **Barring Reference to Defense Firm or the Location of its Offices.**

The court generally inquires whether potential jurors know of, or have done business with the attorneys or their law firms in voir dire. The law firms' locations are a necessary part of this inquiry. The motion will be denied.

**Topic 21:** **Barring Reference to Destructions of Documents, Video, or any other Materials**

The defendants seek an order barring any reference to destruction of documents. The plaintiffs state they anticipate offering evidence at trial that one or more of the defendants intentionally destroyed documents concerning the design and manufacture of the Baby Trend car seat and knowledge of Lucas Ribeiro's injuries. This evidence appears to relate to defendant Baby Trend, who has settled with the plaintiffs. Whether that evidence is still relevant to any other issues in the case cannot be determined at this time. The court denied the motion without prejudice to reassertion.

**Topic 22:** **Barring Lay Witness Testimony who did not Witness the Incident from Offering Opinions as to the Circumstances of the Occurrence.**

The defendants seek to preclude any lay witnesses from opining as to the circumstances of Lucas' strangulation. No one witnessed the incident, but witnesses will be permitted to testify as to their observations before and after the incident. Mrs. Ribiero may also provide a lay opinion that Lucas strangled on the chest clip based on her observation that the crotch buckle was undone. That opinion appears to comport with Fed. R. Evid. 701 as "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The court finds the motion should be denied.

### Topic 23: Barring Voir Dire regarding Damages in "Millions of Dollars."

The defendants move for an order in limine that would bar asking prospective jurors if they are willing to award damages in "millions of dollars," and bar statements to the effect of attempting to elicit a pledge or promise from prospective jurors to return a verdict in the "millions of dollars." They argue that any questioning of the prospective jurors on the issue of damages should be limited to asking jurors whether they could fairly and reasonably compensate the Plaintiffs under the evidence even if the compensation was in a substantial amount of money. The plaintiffs contend Lucas Ribeiro has sustained approximately $20 million in special damages.

The court finds the plaintiffs should be allowed to pursue the topic regarding the jurors' thoughts on awarding large amounts of damages in voir dire, as long as the statements are supported by evidence. However, the plaintiffs are precluded from

eliciting promises from potential jurors. The court finds such general questioning is appropriate to obtain a fair and impartial jury. The motion is denied in part.

**Topic 24:** **Barring all Witnesses and Opinions not Previously Disclosed**

The parties have already disclosed their witnesses and have agreed that "except upon a showing of good cause, no witness whose name does not appear on a parties' witness list shall be permitted to testify over objection for any purpose except impeachment." Filing No. 731, Pretrial Order at 12. Also, if a party opens the door to an expert offering a "new" opinions at trial, the opposing party will be permitted to rebut that evidence.

**Topic 26:** **Barring Reference to Defendants Delaying Trial**

The defendants seek to preclude reference to the fact that this case has taken over 5 years to get to trial. The plaintiffs contend they should be allowed to show that Lerado delayed the proceedings with jurisdictional discovery.

The court cannot see the relevance of any such evidence at this point. The motion is sustained.

**Topic 27:** **Reference to Attorney's Fees, including, but not limited to, any Reference to the Fact that Plaintiffs will have to Pay their Attorneys or Litigation Expenses out of any Recovery had in this Case**

The plaintiffs concede this point, but reserve the right to seek fees under the Magnuson Moss Act, with the understanding that the court will hold a separate hearing to determine the amount of attorney fees to which the plaintiffs are entitled. The plaintiffs' position on the point is noted, but further discussion at this point is premature.

**Topic 28:**    Reference to or Admission of Letters, Emails, or any other Communications between Counsel, including, but not limited to, any Reference to Discovery Disputes or Allegations that Defendants Failed to Provide Plaintiffs with Discovery

The plaintiffs concede the motion with respect to letters, emails, or communications among the parties' counsel, but reserve the right to elicit evidence on discovery disputes.

The court is unable to assess this evidence in the context of a pretrial motion. The court will defer ruling on the topic, subject to development of evidence at trial. Plaintiffs will be required to show the relevance to any such evidence.

**Topic 29:**    Reference to Defendants' Ethics, Morality, Social Responsibility, and any Characterization of Defendants as "Unapologetic"

The plaintiffs contend that the defendants' request to exclude any evidence that they have been unapologetic or references to morality and ethics, etc., is overly broad. The court finds it cannot assess the relevance of any such argument in a pretrial motion. The court will deny the motion at this time, without prejudice to reassertion. Inflammatory or inappropriate argument will not be permitted.

**M.      Defendants' Joint Motion in Limine to Bar Use of the Wayback Machine as Inadmissible Evidence, Filing No. 678**

The defendants filed a motion in limine to preclude any evidence obtained from the "Wayback Machine." This motion refers to evidence of archived webpages. The court finds the motion should be denied as premature. The evidence is not hearsay if it is "offered against an opposing party and was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2). The evidence will be admitted if the

plaintiffs lay foundation and properly authenticate the evidence. The court will deny the motion at this time, without prejudice to reassertion.

**N. Defendants' Joint Motion in Limine Barring References to Other Lawsuits and Claims, Including References to Robert Gardner and His Employment-Related Action, Filing No. 683**

The defendants seek preclude evidence of other lawsuits and claims involving the defendants, including patent lawsuits, employment-related lawsuits involving Baby Trend, and personal injury lawsuits for which Mark Sedlack was the designer of the product at issue.

This motion appears to relate to claims against the settling parties. The motion will be denied as moot with respect to evidence that relates to those parties. To the extent that any such evidence goes to the relationship of the parties at the time of the manufacture of the infant carrier seat or to their respective roles in the designing of the car seat, the court will defer ruling on the motion until such time as the evidence is offered. The court will admit the evidence at issue only with proper foundation and a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403.

**O. Defendants' Joint Motion in Limine Barring Unrelated or Alternative Designs, Filing No. 714**

In this motion, defendants seek to preclude evidence "of any kind" regarding comparisons to alternative or unrelated designs. Plaintiffs vehemently object, stating the defendants' argument "carries no weight and is completely absurd."

The court finds the defendants motion should be denied, without prejudice to reassertion with respect to specific evidence offered at trial.  At the pretrial stage, the court is unable to assess the relevance, probative value, prejudicial effect, or danger of confusion or balance those factors with respect to such a broad and vague category of evidence.  Alternative designs are generally relevant to the issue of whether a product is dangerous or defective.  The defendants' arguments as directed at expert testimony are addressed in the court's *Daubert* rulings.  The motion will be denied without prejudice to reassertion.

### P. Defendants' Joint Motion in Limine Barring Use of the Subject Child Restraint System and Its Use in the Courtroom Due to Plaintiffs' Spoliation, Filing No. 717

Defendants move for an order prohibiting the Ribeiros from offering the car seat that injured Lucas Ribiero into evidence and moves for adverse inference jury instruction based on the Ribeiros' supposed spoliation of evidence.  They allege "that the position of the headrest and harness [on the subject car seat] ha[s] been adjusted" and that supposedly other items of "evidence" (the base and owners' manual) have been "thrown away" or "misplaced."

"A district court is required to make two findings before an adverse inference instruction is warranted:  (1) 'there must be a finding of intentional destruction indicating a desire to suppress the truth,' and (2) '[t]here must be a finding of prejudice to the opposing party.'"  *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013); *see also Burris v. Gulf Underwriters Ins. Co.*, 787 F.3d 875, 879 (8th Cir. 2015).  The court cannot make any determination without hearing the evidence on the subject.

The court notes, however, that it appears that several of the defendants' arguments in support of its position are misplaced. First, the defendants' retained experts testified that they were able to do analysis and testing on the subject car seat. Further, they all admitted that the alleged spoliation of the Baby Trend car seat was irrelevant to their opinions in this case. The fact that the plaintiffs are no longer in possession of the Graco car seat used by Lucas Ribiero's twin is of questionable relevance since it was not involved in the incident, as is the fact that the plaintiffs no longer have the base for the Baby Trend car seat since the base is only used when the car seat is in the vehicle and the incident occurred outside the car. The defendants cannot show prejudice from the plaintiffs no longer having the owner's manual for the Baby Trend car seat since they have produced the owner's manual in discovery and the testimony of Baby Trend's owner admitted that the manual was the same one that would have been shipped with the plaintiffs' Baby Trend car seat.

The motion will be denied at this time. If the defendants reassert the motion, they must present some evidence of prejudice, which can be addressed at trial with a review of the evidence outside the presence of the jury.

III.     **Plaintiffs' Motion in Limine (Non-*Daubert*), Filing No. 727.**

The plaintiffs move for an order in limine preventing the defendants from offering evidence or argument at trial on the following topics. The court has reviewed the parties' positions and finds as follows:

> **Topic 1:      That Plaintiffs' future medical expenses will be limited or in any way reduced through the effects of the Patient Protection and Affordable Care Act ("ACA")**

**Topic 2:** That Plaintiffs have received, been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including but not limited to, such collateral source benefits as the following: insurance coverage; services furnished without charge; social security; Medicare; and/or Medicaid.

**Topic 3:** That Plaintiffs are only entitled to recover the discounted amount for any past or future medical expenses, as opposed to the private party rate for those expenses.

Plaintiffs seek to exclude Dr. Baade's opinions relating to the supposed effects the Patient Protection and Affordable Care Act ("ACA") will have on the costs associated with Lucas Ribeiro's future medical treatments and testimony that damages for future medical bills incurred for Lucas's treatments should be limited to the discounted rate insurers pay for such treatment.

The defendants concede the motions and indicate that they have no plans to offer any such evidence. Accordingly, the court finds the motions should be granted with respect to collateral source rule topics.

**Topic 4:** That the subject car seat is rated "safe" in car crashes by the National Highway Traffic Safety Administration (NHTSA).

The plaintiffs raise a relevancy and a Rule 403 objection. Safety in a crash does not appear to be relevant to injuries that were not caused by a crash. However, to the extent that the defendants can show a causal link between federal child restraint systems standards/certification and the incident, some inquiry may be permitted. The issue can be explored out of the presence of the jury and will be denied at this time without prejudice to reassertion.

**Topic 5:** **Any testimony, evidence, or opinions relating to testing or purported compliance in relation to NHTSA standards, including but not limited to FMVSS No. 213.**

The plaintiffs raise a relevancy and a Rule 403 objection. For the reasons set forth above, the motion is denied at this time without prejudice to reassertion.

**Topic 6:** **Any criticism or negative insinuation regarding the Ribeiros purchasing the subject car seat used/second-hand.**

The plaintiffs raise a relevancy and a Rule 403 objection. The defendants point out that the evidence may be relevant with respect to spoliation and chain of custody issues. The court cannot evaluate the relevance of the evidence without knowing the context in which it is offered. It may be relevant to defenses in the case or to the issue of foreseeability. The motion is denied at this time without prejudice to reassertion.

**Topic 7:** **That Baby Trend has not previously issued a product recall for the subject car seat or for other car seats or products it sells or has sold in the past.**

The plaintiffs raise a relevancy and a Rule 403 objection. The defendants argue that the evidence is relevant to the defense that the product was not defective. The fact that a product has not been recalled is not necessarily determinative of whether it has a defect. The evidence appears to lack much probative value. However, to the extent the defendants can show relevance, some inquiry may be permitted. The topic can be addressed outside the presence of the jury at trial. The motion is denied at this time without prejudice to reassertion.

**Topic 8:** **Any use of the words, "lottery," "jackpot," or similar words;**

**Topic 9:** **Any evidence, testimony, statement, or insinuation that we live in a "sue happy society," "a litigious society," or any other statements to that effect;**

**Topic 10:** Any evidence, testimony, statement, or insinuation that there are too many lawsuits or too many frivolous lawsuits filed;

**Topic 11:** Any evidence, testimony, or statements concerning the date the Ribeiros hired their counsel, questions concerning the circumstances surrounding the hiring of their counsel, and/or any instructions, suggestions or recommendations which they received from their counsel

**Topic 12:** Any statement concerning the "trial strategy" or the "real strategy" of the Ribeiros or their attorneys or other similar inquiry;

**Topic 13:** Any references or statement concerning what type of law counsel practices, including what type of clients or specific clients that counsel has represented

**Topic 14:** The fact that the Plaintiff has filed a Motion in Limine to exclude the foregoing matters from evidence at trial

**Topic 15:** That Plaintiff Franco Ribeiro was born outside the United States, is an immigrant, a green card holder, not a U.S. citizen or any other comments designed to alert the jury to this topic;

The defendants concede with respect to Topics 8-15. Those motions in limine are granted.

**Topic 16:** Any statements or references to law enforcement reports authored in connection with the incident

The plaintiffs contend the reports are inadmissible hearsay and are not admissible under Federal Rule of Evidence Rule 803(8). The defendants argue that the reports fall under multiple exceptions to the rule against hearsay under Rule 803. That Rule is the hearsay exception for the factual findings of a legally authorized investigation. Fed. R. Evid. 803(8)(A)(iii). An investigative agency report generally contains double hearsay, the report itself, and what a witness told the investigator.

*United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006). "'[T]he report is inadmissible unless each level of hearsay falls within an exception to the hearsay rule.'" *Id.* (quoting *United States v. Ortiz*, 125 F.3d 630, 632 (8th Cir. 1997); *see* Fed. R. Evid. 805. The public-records hearsay exception "provides that a 'record or statement of a public office' is not hearsay if it sets out, in a civil case, 'factual findings from a legally authorized investigation.'" *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1108 (8th Cir. 2013) (quoting Fed. R. Evid. 803(8)(A)(iii)). "To the extent the investigators reported what witnesses, neighbors, former employees, and investigators of prior fires had told them, the reports may have been hearsay if offered for the truth of the matter asserted." *Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, 563 F.3d 329, 344 (8th Cir. 2009). *See, e.g., United States v. Ortiz*, 125 F.3d 630, 632 (8th Cir.1997); *United States v. Mackey*, 117 F.3d 24, 28–29 (1st Cir. 1997) (referring to "the same 'hearsay within hearsay' problem that is familiar in many contexts", and holding that "hearsay statements by third persons . . . are not admissible under [Rule 803(8)] this exception merely because they appear within public records").

Again, the court is unable to evaluate the evidence in the context of a motion in limine. The admission of such evidence depends on whether it is offered for the truth of the matter asserted or for some other purpose. Generally, the court does not admit such reports due to the double hearsay issue and usual legal opinions found in them. Further, if the officer is called as a witness, the report is further rendered inadmissible hearsay. Of course, the officer can testify as the information within the reports. Accordingly, the court finds that the plaintiffs' motion in limine is in the nature of an

objection that can be asserted at trial.  The motion is denied at this time without prejudice to reassertion.

**Topic 17:** **Any statement regarding the probable testimony of a witness who is absent, unavailable or not called to testify in this cause**

**Topic 18:** **Any statements concerning (a) any attempts made to have the Defendants appear for trial, (b) any attempts made to have the Defendants participate in any matter concerning this lawsuit, (c) any participation the Defendants have or have not had with regard to any matter in this lawsuit, and (d) any alleged reasons why the Defendants have or have not participated in any matter concerning this lawsuit or have failed to appear for trial.**

The plaintiffs characterize the above topics as hearsay issues.  The defendants state they have no objections, provided that the motions in limine are also enforced against plaintiffs and further state they have no current plans to offer such evidence. The motions will be granted.

IT IS ORDERED:

The parties' motions in limine (Filing Nos. 652, 655, 657, 658, 662, 664, 665, 666, 670, 672, 675, 677, 678, 683, 714, 717, and 727) are granted in part and denied in part as set forth in this order.

Dated this 17th day of April, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge