IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANCO RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant; and DEANNA RIBEIRO, as individuals and as next friends and biological parents of Lucas Ribeiro, an infant;<br><br>Plaintiffs,<br><br>v.<br><br>BABY TREND, INC., a corporation, MARK SEDLACK, MILLENIUM DEVELOPMENT CORP., INDIANA MILLS & MANUFACTURING INC., LERADO GROUP CO., LTD., LERADO GROUP (HOLDING) COMPANY, LTD., LERADO (ZHONG SHAN) INDUSTRIAL CO., LTD., LERADO CHINA LIMITED, LERADO H.K. LIMITED, MAXI MILIAAN B.V., and DOREL INDUSTRIES, INC.,<br><br>Defendants. | 8:12CV204<br><br>ORDER |

This matter is before the court on the defendants' joint motion to strike plaintiffs' rebuttal expert reports, Filing Nos. 646 and 723, and to strike plaintiffs' expert Ted Sokol's new opinions, 770, and 775.

In Filing No. 646, defendant IMMI seeks to strike the rebuttal testimony of plaintiffs' expert witnesses Arthur Hoffmann, Terry Stentz, and Kelli Herstein. IMMI contends that the "rebuttal" opinions expressed by the experts concerning IMMI's component part—the A-Lok adjuster—do not constitute proper rebuttal opinions, and as such, are simply untimely disclosed new opinions. At issue is the distinction between Dr. Hoffman's testimony that the A-Lok itself was defective and the earlier expressed

opinion in his disclosure that the "A-Loc [sic] adjuster and five-point harness were defective and unsafe when used in concert with the adjustable seat back innovation." They argue that Dr. Hoffmann offered the altogether new opinion that the A-Lok "shouldn't be able to be tightened if the buckle is not buckled." IMMI argues that the former opinion was stated for the first time during Dr. Hoffman's deposition on February 10, 2017. IMMI also argues that Drs. Terry Stentz, and Kelli Herstein expressed no opinion in disclosures about the A-lok, but later testified to defects.

The motion was filed in the context of a then-pending motion for summary judgment that was based on the contention that there was no expert evidence to support IMMI's liability. IMMI essentially argues that the testimony was crafted to respond to its motion for summary judgment. The court has denied the motion for summary judgment and the issue is essentially moot. It appears the additional opinions stated in the experts' rebuttal reports were timely. In any event, the parties have had the opportunity to respond to each other's expert testimony and can show no prejudice. Accordingly, the motion to strike the experts' rebuttal testimony will be denied.

The defendants jointly raise similar arguments in [Filing No. 723](). The plaintiffs contend the opinions expressed in the plaintiffs' experts' rebuttal expert reports are in response to and to refute the anticipated testimony of the defendants" expert witnesses. This matter is set for trial on April 24, 2017. The parties have had opportunities to depose the experts. The court finds the motion should be denied.

In [Filing No. 770](), IMMI moves to strike Ted Sokol's ("Sokol") new opinions, which it contends were disclosed for the first time during his deposition and allegedly were not referenced in his Rebuttal Report. Defendants Lerado Group Co., Ltd., Lerado Group

2

(Holding) Company, Ltd., Lerado (Zhong Shan) Industrial Co., Ltd., Lerado China Limited, and Lerado H.K. Limited (collectively, "Lerado defendants") join in that motion. IMMI argues that Sokol's opinions concerning the A-Lok were not included in his Rebuttal Report and do not constitute timely rebuttal opinions. Further, IMMI argues that Sokol's opinions are not proper "supplemental" opinions. IMMI had an opportunity to depose Sokol and can show no prejudice. Accordingly, the motion to strike his testimony will be denied.

IT IS ORDERED:

1. The defendants' joint motion to strike plaintiffs' rebuttal expert reports, ([Filing No. 723](#)) is denied.

2. Defendant IMMI's motion to strike the plaintiffs' rebuttal expert disclosures ([Filing No. 646](#)) is denied.

3. Defendants' motions to strike Ted Sokol's new opinions ([Filing Nos. 770](#) and [775](#)) are denied.

Dated this 17th day of April, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge